**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>INTEL CORPORATION,  )<br>)<br>Defendant.  )  | **Lead Case:** 1:19-cv-977-ADA<br><br>(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA) |

**PLAINTIFF VLSI TECHNOLOGY LLC'S BRIEF CONCERNING THE COURT'S
INHERENT AUTHORITY TO HOLD TRIAL IN THE WACO DIVISION**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 3

III. DISCUSSION .................................................................................................................... 6

IV. CONCLUSION .................................................................................................................. 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alabakis v. Iridium Holdings, LLC*,
   No. DKC 2007-2032, 2007 WL 3245060 (D. Maryland 2007) .........................................5

*Bishop v. C & P Trucking Co., Inc.*,
   840 F. Supp. 118 (N.D. Ala.) (1993) ................................................................................5

*Caldwell v. Palmetto State Savings Bank of South Carolina*,
   811 F.2d 916 (5th Cir. 1987) ............................................................................................2

*Cottier v. Schaeffer*,
   Civ. No. 11-5026-JLV, 2011 WL 3502491 (D. S.D. 2011) ..............................................4

*In re Cragar Indus., Inc.*,
   706 F.2d 503 (5th Cir. 1983) ............................................................................................3

*Hanning v. New England Mutual Life Insurance Co.*,
   710 F. Supp. 213 ...............................................................................................................4

*Jarvis Christian College v. Exxon Corp.*,
   845 F.2d 523 (5th Cir. 1988) .........................................................................................2, 4

*Jennings v. Contract Consultants, Inc.*,
   No. 3:07-CV-0539-L, 2008 WL 977355 ..........................................................................4

*Kearney & Trecker Corp. v. Cincinnati Milling Machine Co.*,
   254 F. Supp. 130 (N.D. Ill. 1966) .....................................................................................3

*Madden v. City of Will Point*,
   No. 2:09-CV-250 (TJW), 2009 WL 5061837 ..................................................................4

*Mills v. Beech Aircraft Corp.*,
   886 F.2d 758 (5th Cir. 1989) ............................................................................................2

*Monroe v. Walmart Stores Texas, LLC*,
   No. 2:11-CV-329-JRG, 2012 WL 3887006 (E.D. Tex. 2012) .........................................5

*Nalls v. Coleman Low Fed. Inst., et al.*,
   440 Fed. Appx. 704, 2011 U.S. App. Lexis 19888 (11th Cir. 2011) ................................3

*Posnanski v. Gibney, et al.*,
   421 F.3d 977 (9th Cir. 2005) ............................................................................................3

*In re Radmax Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ....................................................................................3, 6, 8

**Page**

*Rios v. Scott*,
    No. 1:02-CV-136, 2002 WL 32075775 (E.D. Tex. 2002)....................................................5

*Sentry Select Ins. Co. v. Maybank Law Firm, LLC*,
    No. 5:15-cv-04984-JMC, 2020 WL 5441305 (D. S.C. 2020) ............................................5

*Smith v. Dept. of Army*,
    946 F.2d 1566, 1991 U.S. App. LEXIS 33020 (D.C. Cir. 1991) ......................................2

*Smith v. Michels Corp.*,
    No. 2:13-CV-00185-JRG, 2013 WL 4811227 (E.D. Tex. 2013) ......................................3

*Stanley Works v. Globemaster, Inc.*,
    400 F. Supp. 1325 (D. Mass. 1975).....................................................................................3

*Sundell v. Cisco Systems Inc.*,
    1997 WL 156824, 111 F.3d 892 (5th Cir. 1997) ................................................................3

*Tazoe v. Airbus, S.A.S.*,
    631 F.3d 1321 (11th Cir. 2011) ..........................................................................................3

*White v. ABCO Engineering Corp.*,
    199 F.3d 140 (3d Cir. 1999) ...............................................................................................4

**Statutes**

28 U.S.C. § 1404................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 1........................................................................................................................5

Fed. R. Civ. P. 77...............................................................................................................2, 4, 5

## I.   INTRODUCTION

Plaintiff VLSI originally filed these patent infringement actions in the Waco Division of the Western District of Texas. Intel then moved to transfer the cases to the Austin Division, in significant part based upon arguments that:

- "[T]here is no reason to believe these cases would proceed more quickly in Waco than in Austin" (D.I. 56 at 13);
- "[T]he increased convenience of litigating these cases in Austin could expedite the cases" (*id.*); and
- "[T]ransfer will not delay the time to trial." (*id.*)

Intel also argued that several key trial witnesses were based in Austin, including witnesses from third-party Dell. D.I. 56 at 10-12. In October 2019, the Court accepted these arguments and granted Intel's transfer motion, finding at the time that the Austin Division would be more convenient than Waco. D.I. 78 at 9.

Much has changed since the Court's October 2019 ruling. Through no fault of the parties or the Court, it is now clear that the transfer to Austin threatens to substantially delay the November 16, 2020 trial date in the first of these cases because the Austin Division's courthouse is presently not holding any civil trials due to the pandemic, and it is unclear when that will change. By contrast, VLSI understands that if the trial were to be held in the Waco courthouse, the first trial could proceed as originally scheduled or soon thereafter.

In addition, since the Court's October 2019 ruling, it has also become clear that only one or possibly two witnesses based in Austin are actually expected to testify at the trial scheduled for November 16. In particular, no Intel witnesses based in Austin are expected to testify, and no Dell witness is expected to testify. While the Court was previously led to believe that Austin was likely

to be a more convenient site for several important witnesses, we now know that this factor no longer weighs in favor of keeping the trial in Austin (or to the extent it does so, not materially).

Because it is now clear that the case can be tried materially faster in Waco than in Austin, and also clear that no Intel or Dell witnesses based in Austin are expected to testify at the upcoming trial, at least three of the eight *Volkswagen II* factors that the Court considered in its October 2019 ruling now support holding the trial in Waco, and only one factor (factor six, localized interest) still supports keeping the case in Austin.

The Court requested briefing from the parties on the Court's discretion to hold the trial in Waco so that the case can be tried in a timely fashion. As explained below, the Court certainly has inherent discretion to move the trial back to Waco *sua sponte* pursuant to 28 U.S.C. § 1404, Fed. R. Civ. P. 77(b), and established Fifth Circuit precedent. VLSI hereby respectfully requests that the Court exercise that discretion to hold the trial scheduled for November 16 in the Waco courthouse.

VLSI notes that if the Court is inclined to move the trial to January 2021, a January trial must end by January 29 due to VLSI's lead trial counsel Mr. Chu's trial one week later in another case. If the trial starts January 20 and ends January 29, there are 8 trial days. The first and last day will be used principally for jury selection, opening, closing and jury instructions. That will leave six days for witness testimony. Intel is arguing that it needs 22 hours per side for witness testimony. It would be impossible or very difficult to have 44 hours of examinations by both sides in six days. VLSI previously stated that trial can be conducted with each side having 15 hours of testimony. Today VLSI believes that the trial can be conducted with each side having 13-14 hours.

Please note that VLSI is not certain about the availability of everyone involved (including witnesses) for a January trial. One fact is certain. The parties—including lawyers, experts, and fact witnesses—have long been aware of and committed to trial on November 16, 2020.

## II.     LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "For the convenience of parties and witnesses, *in the interest of justice, a district court may transfer any civil action to any other district **or division** where it might have been brought*. . . ." (emphasis added). Further, 28 U.S.C. § 1404(b) provides that "[*u]pon motion*, consent or stipulation of all parties, *any action*, suit or proceeding of a civil nature or any motion *or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending **to any other division in the same district***." (emphasis added).

It is well established that district courts have inherent authority to transfer a case *sua sponte* under § 1404. *E.g., Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (affirming *sua sponte* transfer from Houston to Tyler, Texas under § 1404 even though district court had failed to provide notice or hold a hearing prior to the transfer); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (citing *Jarvis* and noting that "[s]uch transfers may be made *sua sponte*."); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon motion or sua sponte."); *Smith v. Dept. of Army*, 946 F.2d 1566, 1991 U.S. App. LEXIS 33020, at *1 (D.C. Cir. 1991) (noting that on remand, "The district court may wish to consider transferring this case *sua sponte* to the Western District of Texas. . . . *See* 28 U.S.C. § 1404(a).).[1]

---

[1] *See also Posnanski v. Gibney, et al.*, 421 F.3d 977, 980 (9th Cir. 2005) (holding that court of appeals lacked jurisdiction to consider appeal of *sua sponte* transfer order from a district court in another circuit); *Tazoe v. Airbus, S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (holding that district court had inherent authority to transfer a case *sua sponte* under § 1404(a), but that trial court had abused its discretion by failing to give parties notice prior to entering transfer order); *Nalls v. Coleman Low Fed. Inst., et al.,* 440 Fed. Appx. 704, 2011 U.S. App. Lexis

The law is equally clear that the Court retains discretion to transfer the case even if it has already been transferred previously. *E.g., In re Cragar Indus., Inc.*, 706 F.2d 503, 505-06 (5th Cir. 1983) ("When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case then is better tried in the original forum for reasons which became known after the original transfer order.").

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). In the case of intra-district transfers, however, it is well-settled that trial courts have even greater discretion in granting transfers than they do in the case of inter-district transfers. *E.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district."); *Smith v. Michels Corp.*, No. 2:13-CV-00185-JRG, 2013 WL 4811227, *2 (E.D. Tex. 2013) ("the Federal Rules of Civil Procedure allow significant discretion to district courts in deciding where court is to be held within a district, even without the consent of the parties . . . the Court finds that it is allowed greater deference when considering § 1404(a) motions for intra-district change of venue as opposed to inter-district transfer."); *Madden v. City of Will Point*, No. 2:09-CV-250 (TJW), 2009 WL 5061837, at *3 (E.D.

---

19888, at *2 (11th Cir. 2011) ("A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice."); *Stanley Works v. Globemaster, Inc.*, 400 F. Supp. 1325, 1338 (D. Mass. 1975) ("the language of the statute [§ 1404(a)] leaves little doubt that it allows transfer on the court's own motion any time the court determines it is convenient or just for it to do so."); *Kearney & Trecker Corp. v. Cincinnati Milling Machine Co.*, 254 F. Supp. 130, 133-34 (N.D. Ill. 1966) (transferring action *sua sponte* under § 1404(a)).

Tex. 2009) (noting that there is "greater deference available to the Court when considering intra-district transfers."); *Cottier v. Schaeffer,* Civ. No. 11-5026-JLV, 2011 WL 3502491, at *1 (D. S.D. 2011) (holding that intra-district transfers "are discretionary transfers subject to the same analysis as under 28 U.S.C. § 1404(a), but are judged by a less rigorous standard.") (citations omitted); *White v. ABCO Engineering Corp.*, 199 F.3d 140, 143-44 (3d Cir. 1999) (noting that unlike transfers under § 1404(a), intra-district transfers under § 1404(b) are subject to less scrutiny because such a transfer is "much less cumbersome than its inter-district counterpart."); *Hanning v. New England Mutual Life Insurance Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989) ("Intradivisional transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under § 1404(a) but apparently judged by a less rigorous standard."); *see also Jennings v. Contract Consultants, Inc.*, No. 3:07-CV-0539-L, 2008 WL 977355, at *11 (N.D. Tex. 2008) (citing *Jarvis* and holding "If a distance of 203 miles is considered to be a 'minor inconvenience,' this court cannot fathom that requiring the parties and witnesses to travel to Dallas for trial, rather than Fort Worth, would in any way be an abuse of discretion on its part.").

Separate from and in addition to 28 U.S.C. § 1404, the Court has broad discretion under Federal Rule of Civil Procedure 77(b) to set the place of trial ***anywhere within the district***. In particular, Fed. R. Civ. P. 77(b) provides that "Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom. . . . *But no hearing*—other than one ex parte—*may be conducted **outside the district** unless all the affected parties consent*." (emphasis added). In light of Rule 77(b), "[i]t is now clear that trial of an action properly laying venue within a district *may occur **within any division within that district** and irrespective of the parties' consent*." *Rios v. Scott*, No. 1:02-CV-136, 2002 WL 32075775, at *4 (E.D. Tex. 2002) (emphasis added); *see also Monroe v. Walmart Stores Texas, LLC,* No. 2:11-CV-329-JRG, 2012 WL

3887006, at *2 (E.D. Tex. 2012) ("The Federal Rules of Civil Procedure allow significant discretion to district courts in deciding the place of trial, so long as it is within the same district, even without the consent of the parties."); *Bishop v. C & P Trucking Co., Inc.,* 840 F. Supp. 118, 119 (N.D. Ala.) (1993) ("The clear implication of this language [Rule 77(b)] is that the trial of a case may be held at any courthouse within the district even without the consent of the parties."); *Alabakis v. Iridium Holdings, LLC,* No. DKC 2007-2032, 2007 WL 3245060, at *1 (D. Md. 2007) ("It is now clear that trial of an action properly laying venue within a district may occur within any division within that district irrespective of the parties' consent."); *Sentry Select Ins. Co. v. Maybank Law Firm, LLC*, No. 5:15-cv-04984-JMC, 2020 WL 5441305, at *1 (D. S.C. 2020) (finding that Rule 77(b) authorized district court to permit expert witness to testify at trial via videoconference due to concerns about testifying in person due to the COVID-19 pandemic); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts. . . . *They should be construed, administered, and employed by the court and the parties* ***to secure the just, speedy, and inexpensive determination of every action and proceeding***.").

### III. DISCUSSION

As detailed above, the law is clear that this Court has discretion – both *sua sponte* and on VLSI's request – to transfer either the entire action or just the trial to the Waco Division under 28 U.S.C. § 1404, or to hold the trial at the Waco Courthouse pursuant to Fed. R. Civ. P. 77(b) without transferring the action. If the Court transfers the matter under § 1404, it should consider the eight *Volkswagen II* factors in doing so. *In re Radmax Ltd.*, 720 F.3d at 288. In October 2019, this Court found that three of the factors favored transfer to Austin. As explained below, now that fact discovery is completed and a global pandemic has taken hold, two of those three factors are now

neutral and only one supports keeping the case in Austin, while at least three factors now support transfer back to Waco.

**1. "Relative ease of access to sources of proof."**  The Court found that this factor weighed in Intel's favor based on Intel's showing that Intel has a facility in Austin; third party documents would likely be more accessible in Austin; and that Intel customer Dell, based in Austin, was expected to be a key source of proof.  D.I. 78 at 2, 5-6.  However, a year later into the case, we now know that no Intel employee from Austin is expected to be a witness in the upcoming trial.  Further, all document discovery is completed and is readily available in electronic form to counsel for all parties.  In addition, no Dell witness is expected to be called at trial.  Accordingly, none of the reasons supporting the Court's findings on the "relative ease of access to sources of proof" factor in the Court's October 2019 transfer order are still applicable.  D.I. 78 at 5-6.  This factor no longer weighs in favor of keeping the trial in Austin.

**2. "Cost of attendance."**  The Court found that this factor weighed in Intel's favor based on Intel's showing that most of the inventors of the asserted patents live in Austin, and that witnesses from non-party NXP were expected to be key witnesses at trial.  D.I. 78 at 7-9.  However, we now know that VLSI only expects to present at most two inventors at the upcoming trial, and these inventors are anticipated to be on the witness stand for less than a full day.  Setting aside the inventors, VLSI expects to call at most a single NXP witness based in Austin, and given that NXP retains an interest in proceeds generated from licensing of the asserted patents, VLSI anticipates that NXP will have no objection to having its corporate designee appear in Waco rather than Austin if doing so will avoid several months of unnecessary delay of the trial date.  Further, to the extent that traveling to Waco rather than to Austin creates additional expenses for the inventor witnesses or NXP's witness, VLSI is willing to fully reimburse their reasonable costs of attendance.

**3. "Localized Interest."**  The facts relating to this factor have not changed materially since the Court's October 2019 ruling.  This is the only factor that supports keeping the trial in Austin.

\* \* \* \* \*

In its October 2019 ruling, the Court found that the "compulsory process" factor favors Waco over Austin.  D.I. 78 at 6.  That continues to be true.  The Court also found that most of the factors were neutral as between Waco and Austin.  D.I. 78 at 10.  However, in finding the other factors to be neutral, the Court's ruling clearly accepted as true Intel's representations that transferring the case to Austin from Waco would cause no delay and, if anything, result in a *faster* trial date.  Intel argued that "the increased convenience of litigating these cases in Austin could expedite the cases" and "there is no reason to believe the case would proceed more quickly in Waco."  D.I. 56 at 13.  Intel also argued that "transfer will not delay the time to trial."  D.I. 56 at 13.  Intel likewise argued that "Intel is aware of no administrative difficulties … but to the extent any administrative difficulties could exist, they easily can be alleviated by this Court's retaining control of the actions following transfer to the Austin Division."  D.I. 56 at 14.

Obviously, Intel's arguments regarding Austin being a faster-to-trial venue than Waco proved to be wrong.  Now, to the contrary, keeping the trial in Austin threatens to delay the November trial by several months or longer.  As a result, the fourth and fifth factors, namely "all other practical problems that make trial of a case easy, expeditious and inexpensive" and "administrative difficulties flowing from court congestion," now clearly favor Waco rather than Austin.  *In re Radmax Ltd.*, 720 F.3d at 288.

As noted above, there is now only one factor that favors Austin – factor six ("localized interest").  However, there are at least three factors that favor Waco, including factor two (compulsory process), factor four ("all other practical problems that make trial of a case easy,

expeditious and inexpensive"), and factor five ("administrative difficulties flowing from court congestion"). Transfer back to Waco is therefore appropriate under both 28 U.S.C. § 1404(a) & (b). Furthermore, and in any event, as discussed above, the Court has inherent power under Fed. Rul. Civ. P. 77(b) to hold the trial anywhere in the district without needing to transfer the action.

## IV.  CONCLUSION

There can be no real dispute that VLSI would be substantially prejudiced by a lengthy delay of the trial scheduled for November 16. Here, such a delay could easily be avoided by simply holding the trial in Waco, where these cases were originally filed. Accordingly, VLSI respectfully submits that the trial scheduled for November 16 should be held in the Waco Division, with Your Honor of course continuing to preside over the action and the trial.

Respectfully submitted,

Dated: October 15, 2020

By:   */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen (*pro hac vice*)
Brian Weissenberg (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

| | |
|---|---|
| ijablon@irell.com<br>aheinrich@irell.com<br>iwashburn@irell.com<br>aproctor@irell.com<br>dslusarczyk@irell.com<br>etuan@irell.com<br>cwen@irell.com<br>bweissenberg@irell.com<br>bmonnin@irell.com<br>jnafekh@irell.com | Craig D. Cherry (Texas Bar No. 24012419)<br>ccherry@haleyolson.com<br>**HALEY & OLSON, P.C.**<br>100 N. Ritchie Road, Suite 200<br>Waco, Texas 76701<br>Telephone: (254) 776-3336<br>Facsimile:  (254) 776-6823 |

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on October 15, 2020.

>	*/s/ Charlotte J. Wen*
>	Charlotte J. Wen