**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | ) | **Lead Case:** 1:19-cv-977-ADA<br><br>(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)<br><br>**FILED UNDER SEAL** |

**PLAINTIFF VLSI TECHNOLOGY LLC'S OPPOSITION TO INTEL CORPORATION'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS AND TO SEVER AND STAY DEFENSE OF LICENSE**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................ 1

II. LEGAL STANDARD FOR UNTIMELY MOTION TO AMEND ........................................ 2

III. ALL FACTORS WEIGH AGAINST INTEL'S UNTIMELY MOTION TO AMEND ........................................ 3

A. Intel's Excuses For Filing This Motion At the Eleventh Hour Do Not Establish Good Cause ........................................ 3

B. The Proposed Amendment Is Not Important, Including Because It Would Be Futile ........................................ 4

C. VLSI Would Be Substantially Prejudiced By The Proposed Amendment ........................................ 8

D. A Continuance Would Not Avoid Prejudice, But Rather Would Exacerbate It ........................................ 9

IV. CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance Data Sys.Corp. v. Blackstone Cap. Partners V L.P.*,
963 A.2d 746 (Del. Ch. 2009) ....................6

*Cantor Fitzgerald, L.P. v. Prebon Secs. (USA) Inc.*,
731 A.2d 823 (Del. Ch. 1999) ....................7

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Company*,
No. 2:15-cv-1202-WCB, 2017 WL 275465 (E.D. Tex. Jan. 20, 2017)....................8

*Foman v. Davis*,
371 U.S. 178 (1962)....................3

*Kuroda v. SPJS Holdings, LLC*,
C.A. No. 4030-CC, 2010 WL 4880659 (Del. Ch. Nov. 30, 2010) ....................7

*Mars, Inc. v. TruRx LLC*,
No. 6:13-cv-526-RWS-KNM, 2016 WL 4055676 (E.D. Tex. Apr. 29, 2016) ....................6

*Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*,
247 F.3d 44 (3d Cir. 2001) ....................5

*Medtronic AVE v. Cordis*,
100 F. App'x 865 (3d Cir. 2004) ....................4, 5

*Neodron Ltd. v. Dell Techs. Inc.*,
No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) (Albright, J.)....................8

*Neurvana Med., LLC v. Balt USA, LLC*,
2019 Del. Ch. LEXIS 995 (Del. Ch. Sep. 18, 2019) ....................7

*Oyster Optics, LLC v. Infinera Corp.*,
No. 2:18-cv-00206-JRG, 2019 WL 2603173 (E.D. Tex. June 25, 2019)....................5, 6

*S&W Enterprises v. SouthTrust Bank*,
315 F.3d 533 (5th Cir. 2003) ....................2, 3, 9

*Sheehan v. Assured Partners, Inc.*,
C.A. No. 2019-0333-AML, 2020 WL 2838575 (Del. Ch. May 29, 2020)....................6

*Smith v. EMC Corp.*,
393 F.3d 590 (5th Cir. 2004) ....................3

**Page(s)**

*Southwestern Bell Telephone Co. v. City of El Paso*,
346 F.3d 541 (5th Cir. 2003) ....................................................................................8

*Stock Bldg. Supply of Texas, L.P. v. Richardson*,
No. SA-06-CA-192-FB, 2007 WL 9702864 (W.D. Tex. May 23, 2007) ......................3, 4

*Wenske v. Blue Bell Creameries, Inc.*,
2018 WL 5994971 (Del. Ch. Nov. 13, 2018) ...........................................................7

**Rules**

Rule 15(a) ..............................................................................................................2

Rule 16(b) ..............................................................................................................2

## I. INTRODUCTION

Six months after the March 6, 2020 deadline set by this Court for the parties to amend their pleadings (*E.g.*, D.I. 280 at 2), with discovery already completed and trial less than two months away, Intel's motion improperly seeks to add an affirmative defense based on a 2012 settlement agreement between Intel and Finjan (the "Finjan Settlement"). This is yet another delay tactic. Intel's motion should be denied for multiple reasons, including that the proposed amendment is untimely, futile, and would be extremely prejudicial to VLSI.

As explained in VLSI's opposition to Intel's pending motion to stay (D.I. 195-01), the Finjan Settlement has nothing to do with VLSI.[1] VLSI is not a party to the Finjan Settlement, has never agreed to be bound by that agreement, and has no relationship with Finjan. D.I. 195-02 at ¶ 6. Indeed, VLSI had never even seen the Finjan Settlement before Intel gave notice of its recent motion to stay. *Id.*

VLSI was created in 2016 and is wholly owned by a parent company ("CF VLSI Holdings LLC"), which in turn is owned by ten entities, each of which is ultimately owned by pension funds and other third-party investors. D.I. 195-02 at ¶ 7. The documents filed by Intel in support of its motion to stay show that Finjan was acquired in July 2020 – not by VLSI, but rather by entities associated with Fortress Investment Group LLC ("Fortress"). None of the entities that participated in the 2020 acquisition of Finjan are among the entities that own VLSI's parent. D.I. 195-02 at ¶ 8. Moreover, as VLSI has shown, Fortress does not own VLSI, and has at most a *de minimis* ownership interest in the entities that own

[1] VLSI notes that on September 11, 2020 – soon after filing its September 2, 2020 motion to stay in this action – Intel filed a parallel motion to stay VLSI's patent infringement action against Intel in the United Stated District Court for the District of Delaware based on the same arguments about the Finjan Settlement that Intel is making here. D.I. 643, Case 1:18-cv-00966-CFC-CJB (D. Del.). Intel's motion to stay in Delaware has already been denied. D.I., 668, Case 1:18-cv-00966-CFC-CJB.

VLSI. *E.g.*, D.I. 195-02 at ¶ 10; D.I. 195-08 at pp 10-14. Accordingly, whatever promises Finjan made (or didn't make) to Intel in the 2012 Finjan Agreement, those promises are in no way binding upon VLSI and are simply irrelevant here.

Further underscoring the futility and tactical nature of Intel's proposed amendment, *Intel contends that this Court cannot even consider the merits of Intel's proposed new affirmative defense* because, Intel argues, any disputes concerning that agreement (to which, again, VLSI is not a party) must be litigated in [REDACTED]. [REDACTED]

Thus, the real object of Intel's motion is clear: not to have its purported license defense adjudicated in this action, but rather to *delay* entry of judgment here until the resolution of Intel's [REDACTED], an outcome that could be years off and which – based on the undisputed facts before this Court – could not reasonably be expected to result in Intel having a license to VLSI's patents. In short, Intel has not met its burden of showing good cause, and its untimely motion to amend should be denied.

## II. LEGAL STANDARD FOR UNTIMELY MOTION TO AMEND

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises v. SouthTrust Bank*, 315 F.3d 533, 535 (5th Cir.

2003). In determining whether the movant has demonstrated good cause, the Court should consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (alterations in original, citations omitted). As a matter of law, the party opposing an untimely motion to amend is prejudiced if a late-filed amendment would require additional discovery. *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004). In addition, the Court "may consider factors as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party, and futility of the amendment." *Stock Bldg. Supply of Texas, L.P. v. Richardson*, No. SA-06-CA-192-FB, 2007 WL 9702864, at *4 (W.D. Tex. May 23, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. ALL FACTORS WEIGH AGAINST INTEL'S UNTIMELY MOTION TO AMEND

### A. Intel's Excuses For Filing This Motion At the Eleventh Hour Do Not Establish Good Cause

Intel contends that its motion to amend is not untimely because Intel's license defense did not arise until July 24, 2020, when entities associated with Fortress acquired Finjan. D.I. 349-03 at 1. However, Intel did not file its motion to amend until three and a half months later, on November 11, 2020. Between July 24 and November 10, the parties completed fact and expert discovery, motions for summary judgment and Daubert motions were filed, the hearing on those motions was set for December 15, 2020, and trial was set for January 11, 2021.

Although Intel asserts that it provided VLSI with notice of its license defense on August 17, 2020, that contention does not withstand scrutiny. Intel did not notify VLSI that it intended to add a license defense *in this action*. Rather, Intel asked VLSI to agree to a

stay of this action so that Intel could pursue a [REDACTED]. D.I. 188-03, Ex. C to Intel's Motion to Stay.

Intel contends that its delay is excused because on September 2, 2020, [REDACTED] D.I. 349-03 at 7. However, Intel is improperly conflating two very different issues. [REDACTED] Intel admits that it could have sought to amend its answer before discovery was concluded and before summary judgment motions were filed. Intel has not shown good cause for its delay.

**B. The Proposed Amendment Is Not Important, Including Because It Would Be Futile**

"In the context of affirmative defenses, an amended pleading is "futile" if the asserted defenses fail to provide a basis for relief." *Stock Bldg. Supply of Texas*, 2007 WL 9702864, at *4 & n.64 (collecting cases). Here, Intel has not plausibly explained how its 2012 settlement agreement with Finjan could provide Intel with a license to VLSI's patents. VLSI is a complete stranger to the Finjan Settlement and has no relationship with Finjan. *E.g.*, D.I. 195-02 (Declaration of VLSI CEO Michael Stolarski at ¶¶ 6-11). In addition, Intel cites no case involving even remotely similar facts in which a license was imposed on a non-party to the contract. To the contrary, all of the cases that Intel cites for the proposition that it obtained a license to VLSI's patents from Finjan are inapposite and easily distinguishable.

For example, Intel cites *Medtronic AVE v. Cordis*, 100 F. App'x 865, 867 (3d Cir. 2004), but that case does not support Intel's position. In *Medtronic AVE*, the defendant moved to compel arbitration of patent infringement claims based on a license agreement that included an arbitration provision that defendant had entered into with plaintiff's parent

company. *Id.* at 866 & n.2. The *Medtronic AVE* court found that the question of whether the patents were covered by the license sufficiently arose out of or related to the license agreement itself such that the broad arbitration provision contained in the license agreement was triggered, requiring that issue to be arbitrated. *Id.* at 868-869.

Importantly, however, *there was no dispute in Medtronic AVE that plaintiff was bound by the license agreement signed by its parent company* – rather, the plaintiff simply argued that the patents it was suing on were not covered by the scope of the parties' license, and thus were not subject to arbitration. *Id.* at 867-868. By stark contrast, here VLSI is not a party to and has never agreed to be bound by the 2012 Finjan Settlement, and VLSI has no relationship with Finjan. D.I. 195-02 (Stolarski Decl. at ¶¶ 6-11). Accordingly, the *Medtronic AVE* decision is inapposite.

Notably, Intel also fails to cite the Court to a related *Medtronic* decision that squarely rejected an argument similar to the one Intel is making here, but on facts that were much closer to supporting a license defense (including because here VLSI did not acquire Finjan). *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 55-61 (3d Cir. 2001) (denying motion to stay pending arbitration where plaintiff, although it had acquired an entity that was a party to a broad license agreement with defendant, was only asserting patents the settling entity had no rights to at the time of the agreement).

Intel also cites *Oyster Optics, LLC v. Infinera Corp.*, No. 2:18-cv-00206-JRG, 2019 WL 2603173 (E.D. Tex. June 25, 2019), a case which again involved very different facts from those presented here. In *Oyster Optics*, the plaintiff (Oyster) sued multiple defendants for patent infringement, and the cases were consolidated. While the action was pending, Oyster settled with one of the defendants (Coriant). The settlement agreement contained a broad license and releases in favor of Coriant and all its current and future "Affiliates" to all

of the asserted patents. *Id.* at *1. Subsequently, a different defendant in the same action (Infinera) acquired Coriant, and then asserted that it had a license under the Coriant settlement agreement as an Affiliate of Coriant. *Id.* The district court found that under the plain terms of the Coriant settlement, Oyster had licensed the asserted patents to Coriant's Affiliates, and Infinera met the definition of an Affiliate under the contract. *Id.* at *4.

Importantly – and unlike here – in *Oyster Optics, the party that granted the license (Oyster) was also the party against whom the license defense was asserted*. Accordingly, there was no dispute that the license agreement was binding on Oyster – the only question was whether Infinera met the parties' agreed definition of "Affiliate." By contrast, here Intel has not shown the Finjan Settlement to be binding on VLSI in the first place, since VLSI is not a party to it, never agreed to be bound by it, is not asserting Finjan's patents, and is not owned by Finjan. *E.g.*, D.I. 195-02 (Stolarski Decl. at ¶¶ 6-11).

[redacted] Delaware law is clear that, with narrow exceptions that do not apply here, *a non-party to a contract is not bound by that contract*. *E.g., Sheehan v. Assured Partners, Inc.*, C.A. No. 2019-0333-AML, 2020 WL 2838575 (Del. Ch. May 29, 2020); *Alliance Data Sys. Corp. v. Blackstone Cap. Partners V L.P.*, 963 A.2d 746 (Del. Ch. 2009). Simply put, Finjan has never had the ability to bind VLSI to any patent license because one cannot sell that which they do not own. *E.g., Mars, Inc. v. TruRx LLC*, No. 6:13-cv-526-RWS-KNM, 2016 WL 4055676, at *2 (E.D. Tex. Apr. 29, 2016) ("resolution of this issue 'requires nothing more than the application of a rather straightforward principle'—a party cannot release claims it does not own.").

In this regard, numerous cases applying Delaware law have squarely held that a non-party entity is not bound to contracts signed by a close corporate [redacted] – even when

(unlike VLSI and Finjan) those entities are 100% commonly-owned and controlled. *E.g.*, *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 5994971, at *3-8 (Del. Ch. Nov. 13, 2018) (parent company not liable for contract entered into by wholly-owned subsidiary); *Kuroda v. SPJS Holdings, LLC*, C.A. No. 4030-CC, 2010 WL 4880659, at *3-8 (Del. Ch. Nov. 30, 2010) (arbitration clause not binding on non-signatory affiliate); *Neurvana Med., LLC v. Balt USA, LLC*, 2019 Del. Ch. LEXIS 995, at *6-19 (Del. Ch. Sep. 18, 2019) (forum selection provision not binding on affiliated entity); *Cantor Fitzgerald, L.P. v. Prebon Secs. (USA) Inc.*, 731 A.2d 823, 830 (Del. Ch. 1999) (arbitration provision not binding on parent company).

Further underscoring the lack of importance of this proposed amendment, and the meritless and tactical nature of Intel's motion, Intel contends that even if Intel is allowed to amend, *this Court cannot consider the merits of Intel's new defense* [REDACTED] D.I. 349-03 at 5; 7 & n.2; 13. Thus, Intel admits that it does not even seek to adjudicate its purported new license defense in this action. Accordingly, the only conceivable purpose for Intel's motion to amend is to try to delay entry of judgment here until the resolution of [REDACTED] an outcome that could be years off, based on a purported license theory that is not supported by Intel's authorities.

Moreover, while seeking to delay entry of judgment here, Intel intends to vigorously pursue antitrust litigation against VLSI in the Northern District of California, *a case which is based on Intel's theory that VLSI is supposedly pursuing meritless claims against Intel in this action* – i.e., the same action that Intel does not want a judgment entered in. D.I. 192, Case No. 3:19-cv-07651-EMC (N.D. Cal.) (Amended Complaint filed by Plaintiffs Intel

Corp. & Apple Inc. on August 4, 2020). In short, Intel's motion to amend is purely tactical, and Intel has not demonstrated that the proposed amendment is sufficiently important to carry its burden of establishing good cause. *E.g., Erfindergemeinschaft UroPep GbR v. Eli Lilly and Company,* No. 2:15-cv-1202-WCB, 2017 WL 275465, at *15 (E.D. Tex. Jan. 20, 2017) (denying untimely proposed amendment to add unclean hands defense on the basis that it was "quite weak" and "thus is not important to the case.").

**C. VLSI Would Be Substantially Prejudiced By The Proposed Amendment**

It is clear that Intel does not seek an adjudication on the merits of its proposed new defense in this action. Rather, the only reason for Intel's motion to amend is so that Intel can seek to delay entry of judgment for an indefinite period. Intel cites no authority permitting an untimely amendment for such a purpose, and for many of the same reasons that VLSI would be substantially prejudiced by a lengthy stay of the trial, VLSI would be substantially prejudiced by a lengthy stay in entry of judgment. *E.g., Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *2 (W.D. Tex. Dec. 16, 2019) (Albright, J.). (denying stay pending litigation in ITC where potential 2-year delay "would likely prejudice Neodron's interests in protecting its patents and an expeditious resolution to the litigation"). *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003) (affirming district court's denial of untimely motion to amend based on prejudice to non-moving party).

As discussed in VLSI's opposition to Intel's pending motion to stay, VLSI has invested tens of millions in vetting, acquiring, defending, and enforcing its patents. D.I. 195-02 (Stolarski Decl., ¶ 5). In particular, this case has involved extensive and costly discovery, and is now in final preparation for trial on January 11. *Id.* Further, prompt resolution of VLSI's claims against Intel is the *sine qua non* to VLSI's ability to license its

patents to others. *Id*. By effectively seeking an indefinite delay in the entry of any judgment here, Intel is asking this Court to put VLSI's ability to do business on hold for several years. *Id.* In addition, delay of entry of judgment would also prejudice VLSI because, as discussed above, Intel is concurrently pursuing antitrust claims against VLSI in separate litigation that depend on Intel showing that VLSI's claims here are supposedly without merit.

By contrast, Intel has a complete remedy that does not require any stay of this litigation or any stay in entering judgment: [REDACTED]

VLSI also notes that on September 11, 2020, Intel filed a motion seeking to stay VLSI's patent infringement action against Intel in the United States District Court in Delaware based on the same arguments about the Finjan Settlement. D.I. 643, Case 1:18-cv-00966-CFC-CJB (D. Del.). Intel's motion to stay in Delaware has already been denied. D.I., 668, Case 1:18-cv-00966-CFC-CJB. The Delaware Court's ruling further underscores that Intel's efforts to use the Finjan Settlement as a delay tactic are without merit.

**D. A Continuance Would Not Avoid Prejudice, But Rather Would Exacerbate It**

In determining whether Intel has demonstrated good cause for its untimely motion to amend, the final factor the Court is supposed to consider is whether any prejudice identified by VLSI could be cured by continuing the trial date. *S&W Enterprises v. SouthTrust Bank*, 315 F.3d at 536. This is not a case where a continuance would mitigate any prejudice to VLSI. Intel's proposed amendment is futile and, in any event, Intel argues that this Court cannot consider the merits of its proposed new defense, so a continuance of the trial date would serve no purpose (and Intel is not seeking a continuance via this motion). In addition,

for reasons already raised with the Court many times, any further continuance of the trial date would be highly prejudicial to VLSI. Thus, this factor does not support a finding of good cause.

## IV. CONCLUSION

Intel has not shown good cause for the Court to allow Intel to add a new affirmative defense at the eleventh hour, after discovery has concluded and summary judgment motions filed, which defense Intel contends this Court lacks authority to hear, and which Intel plainly seeks to use as a means to unfairly delay entry of judgment for multiple years. Intel's motion should be denied.

Respectfully submitted,

Dated: November 25, 2020

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach (*pro hac vice*)
Keith Orso (*pro hac vice*)
Christopher Abernethy (*pro hac vice*)
Amy E. Proctor (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Charlotte J. Wen (*pro hac vice*)
Brian Weissenberg (*pro hac vice*)
Jordan Nafekh (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
korso@irell.com
cabernethy@irell.com
aproctor@irell.com
dslusarczyk@irell.com
cwen@irell.com
bweissenberg@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**

jnafekh@irell.com

Michael H. Strub, Jr. (*pro hac vice*)
Babak Redjaian (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

***Attorneys for VLSI Technology LLC***

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record on this 25th day of November, 2020.

Andy Tindel