# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | **Lead Case**: 1:19-cv-977-ADA<br><br>(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

## PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE DAMAGES-RELATED TESTIMONY

10892834

Plaintiff VLSI Technology LLC respectfully moves the Court *in limine* for an order excluding: (I) the cumulative opinions of Intel's rebuttal damages expert Julie L. Davis; (II) irrelevant and prejudicial character evidence regarding Intel's alleged reputation in the industry; (III) any evidence or argument that damages in this case could be enhanced; and (IV) any references to VLSI's request for damages increasing the price of Intel's products.

**I.      Opinions of Julie Davis**

The opinions of Intel's rebuttal damages expert Julie L. Davis should be excluded because they are cumulative of, and an improper attempt to bolster, the opinions of Intel's other damages experts. Ms. Davis admits in her report that her role was limited to ███████████ ███████████ ███████████ Ex. 16,[1] Davis Rpt. (-254 Case) at 2. But Intel has *four other damages experts*. Ms. Davis also "███████████ ███████████ ██████████ The Court should exclude her cumulative and improper testimony in its entirety.

Courts routinely exclude cumulative expert opinion testimony, because it serves no purpose other than to improperly bolster the testimony of other experts. Such testimony is irrelevant under Rules 401 and 402 and more prejudicial than probative under Rule 403. *See, e.g.*, *Simmons Food, Inc. v. Indus. Risk Insurers*, No. 5:13-CV-05204, 2015 WL 12914256, at *2 (W.D. Ark. Oct. 6, 2015) ("Generally, Holcomb may not offer opinion testimony which would be cumulative to the expert testimony of Simmons' other retained expert (Dan Ryan). Further, Holcomb may not offer opinions which serve no purpose other than to 'bolster' Ryan's opinions."); *Sanyo Energy v. BYD Co.*, No. 2002CV01900-B(AJB), 2004 WL 5571408, at *1 (S.D. Cal. Nov.

---

[1] Exhibits are attached to the Declaration of Charlotte J. Wen.

24, 2004) (granting "an order to preclude duplicative and cumulative expert witness testimony"); *Cliffe v. Am. Suzuki Motor Corp.*, No. CIV.A. 01-2949, 2003 WL 26114073, at *1 (E.D. La. Mar. 13, 2003) ("Defendant's Motion in Limine to exclude the expert testimony of Robert Self is GRANTED.  Any expert testimony would be cumulative in view of the testimony of Eric Campo"); *Robinson v. Ford Motor Co.*, 967 F.Supp. 482, 487 n. 2 (M.D. Ala. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998) ("An opinion ... which simply parrots the opinion of another does not assist the trier of fact, and thus, is inadmissible ...").

*First*, Ms. Davis proffers no affirmative opinions of her own.  Ms. Davis did ▮▮▮ ▮▮▮ did not formulate her ▮▮▮ ▮▮▮ and did not ▮▮▮ ▮▮▮ Although Ms. Davis opined ▮▮▮ ▮▮▮ her opinion relies only on Intel's main damages expert, Hance Huston. ▮▮▮  She also did not ▮▮▮ ▮▮▮

*Second*, Ms. Davis has admitted many times over that her testimony is duplicative of Intel's other experts. ▮▮▮ ▮▮▮ ▮▮▮ When Intel's counsel tried to rehabilitate this testimony, Ms. Davis could only offer a generic statement that she did ▮▮▮ the other experts had ▮▮▮ Intel's only purpose in presenting Ms. Davis's duplicative testimony is to bolster the opinions of its other

experts, whose views Ms. Davis repeats and endorses. As the authorities cited above confirm, this is an improper purpose under Rules 401, 402 and 403.

Moreover, Ms. Davis not only admitted that her opinions are identical to those of Intel's other damages experts; Ms. Davis actually relied on those other experts' opinions to reach her own, duplicative opinions. For example, Intel offers the opinion of Dr. Lorin Hitt to criticize the regression analysis performed by VLSI's damages expert, Dr. Ryan Sullivan. ██████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████ This is incorrect, but for purposes of this motion, the relevant point is that Ms. Davis offers the same opinion[2] by ██████████████████████ for that opinion.

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████ ██████ ██████████████████████████████████████ ██████

████████████████████ ██████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████ Ms. Davis thus seeks to bolster Intel's other damages experts by simply bootstrapping to their very own opinions. This circularity heightens

---

[2] *See e.g.*, Ex. 16, Davis Rpt. at 20 ("██████████████████████████████████████████████████████████████████████").

the prejudice to VLSI.

The following table identifies representative examples of Ms. Davis's remaining opinions and her admissions that her opinion either relies entirely on another Intel expert or is cumulative:



| Opinion | Admission of Cumulativeness |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |



This direct testimony confirms that Ms. Davis's duplicative testimony has no place at trial.

## II.  Intel's Reputation In The Industry, Innovation, Or Philanthropy

Intel admits that, if allowed, it would seek to rely on Intel's supposed reputation in the industry for innovation in a manner that would distract the jury from the issues in dispute: whether Intel infringed VLSI's patents-in-suit and whether VLSI's patents are valid.





Consistent with these tactics, during discovery, Intel has produced documents, and adduced testimony from its witnesses, relating to Intel's reputation in the industry, reputation for innovation, and philanthropic contributions. *E.g.*, Ex. 18 (89605DOC00000138); Ex. 19 (89605DOC00000245); Ex. 20 (89605DOC00000917); Ex. 21 (89605DOC00000471); Ex. 22 (89605DOC00001583); Ex. 23 (89605DOC00004343); Ex. 24 (89605DOC00005126); Ex. 25 (89605DOC00005152); Ex. 26 (89605DOC00006422); Ex. 27 (89613DOC00011828); Ex. 28 (93000DOC03240688); Ex. 29 (93704MDOC00000013);

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Such evidence or argument does not make any proposition in dispute more or less likely and therefore should be excluded under Federal Rules of Evidence 401 and 402. *See SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 2:09-CV-289, 2012 WL 13207358, at *2 (E.D. Tex. Apr. 3, 2012) ("Defendants are precluded from presenting irrelevant evidence or argument regarding their company character and achievements, including evidence about their companies' awards, achievements, innovations, or the history of their founding. This motion is GRANTED."); *Toshiba Corp. v. Imation Corp.*, No. 09-CV-305-SLC, 2013 WL 1248633, at *26 (W.D. Wis. Mar. 26, 2013) ("Toshiba will be allowed to present limited background evidence about DVD6C, its licensing activities, and Toshiba's role in formulating the DVD standard and contributing to the DVD6C pool, because these activities relate to the patents-in-suit. This is not a blank check for Toshiba to tout its achievements or to attempt to establish itself as a leader innovator in consumer electronics; if Toshiba tries to do so, then the court will grant any objection made."), *supplemented*, No. 09-CV-305-SLC, 2013 WL 7157854 (W.D. Wis. Apr. 5, 2013).

Moreover, even if it had "nominal probative value," that value "is outweighed by the potential for the jury to decide the case based on an improper reason" and should be excluded under Rules 403 and 404. *See* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"); *Ty Inc. v. Softbelly's Inc.*, No. 00 C 5230, 2006 WL 5111124, at *14 (N.D. Ill. Apr. 7, 2006) (excluding evidence of plaintiff's charitable contributions), *clarified on denial of reconsideration*, No. 00 C 5230, 2006 WL 8448101 (N.D. Ill. Apr. 18, 2006); *In re: Tylenol (Acetaminophen) Mktg.*, No. 2436, 2016 WL 3125428, at *11 (E.D. Pa. June 3, 2016) ("the evidence the plaintiff is seeking to exclude—that of how the defendants are 'good

corporate citizens' by providing scholarships or making charitable contributions—would not be relevant to this case unless the plaintiff offers evidence to the contrary"); *Brown v. Johnson & Johnson*, No. CV 12-4929, 2015 WL 12834346, at *1 (E.D. Pa. Aug. 28, 2015) (granting motion in limine to exclude evidence or argument "as to acts of corporate charity and good acts"); *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 13216995, at *10 (S.D. Fla. Dec. 5, 2011) (excluding evidence or argument as to plaintiff's "good acts").

### III.    Evidence Or Argument That Damages Could Potentially Be Enhanced

The patent laws authorize the Court to increase the damages awarded by the jury in this case of up to three times the amount found or assessed. 35 U.S.C. § 284. VLSI moves to exclude during the trial any evidence or argument that the Court may later increase the amount of damages awarded. This is irrelevant to the issues to be tried and should be excluded under Rules 401 and 402. Further, any such references would be "more prejudicial than probative and would only serve to confuse and prejudice the jury, while potentially causing the jury inappropriately to adjust its determinations downward." *United States ex rel. Scutellaro v. Capitol Supply, Inc.*, No. CV 10-1094 (BAH), 2017 WL 9889370, at *1 (D.D.C. Sept. 20, 2017) (excluding evidence of treble damages under False Claims Act because "there is a risk that a jury could use knowledge of the trebling of damages and statutory penalties 'as an intimation to keep the damages at a low level, in view of the fact that the amount allowed by the jury would be multiplied by three'").

For these reasons, courts routinely have granted motions in limine to exclude evidence that damage awards might later be increased. *See Heatransfer Corp. v. Volkswagenwerk*, A. G., 553 F.2d 964, 989 n.21 (5th Cir. 1977) (rejecting argument that "trial court erred in refusing to inform the jury that any damages awarded would be trebled, pursuant to Section 4 of the Clayton Act"); *Paice LLC v. Hyundai Motor Co.*, No. CIV.A. MJG-12-499, 2015 WL 5158727, at *1 (D. Md. Sept. 1, 2015) ("Exclude any argument, evidence, or testimony concerning Plaintiffs' requests for

enhanced damages and attorneys' fees.  GRANTED.  There shall be none of this."); *Mass Engineered Design, Inc. v. Planar Sys., Inc.*, No. 3:16-CV-1510-SI, 2018 WL 3323762, at *6 (D. Or. July 6, 2018) ("No party may discuss the potential that the Court may enhance the damages awarded by the previous jury if the jury in the second trial makes a finding of willfulness."); *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987) ("Defendants also object to the trial court's refusal to allow defendants to explain the treble damage provision of RICO to the jury. Such information is irrelevant to a jury's deliberations and may confuse or prejudice the jury.  It is properly excluded.").  The Court also should exclude such evidence here.

### IV.     References To VLSI's Request For Damages As Increasing The Price Of Intel's Products, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Court should preclude any evidence or argument suggesting that if the jury were to award VLSI the damages it is seeking, it would increase the price of Intel's products, ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Such evidence or argument has no relevance at all to the issues of infringement and validity and would be unfairly prejudicial.  *See* FED. R. EVID. 401, 402, 403.  For this reason, this Court and other courts in this Circuit routinely preclude the admission of such evidence.  *E.g., MV3 Partners LLC v. Roku, Inc.,* No. 6:18-cv-00308-ADA, ECF No. 332, slip op. at 2 (W.D. Tex. Sep. 29, 2020) (Albright, J.) (precluding Roku from suggesting "that a Damages Award may Increase the Price of Roku's Products, put Roku's Manufacturers Out of Business, or Lead to the Loss of Jobs"); *Mars, Inc. v. TruRX LLC*, No. 6:13-CV-526-RWS-KNM, 2016 WL 4055675, at *2 (E.D. Tex. Apr. 29, 2016) (prohibiting defendants from "suggest[ing] that any company will experience adverse consequences as a result of the jury's verdict"); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (prohibiting defendant from arguing "that a verdict for Core would result in higher costs to the consumer").

Dated: November 20, 2020

By:  /s/ Andy Tindel

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

*Attorneys for VLSI Technology LLC*

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on November 20, 2020.

                                              /s/ *Benjamin Monnin*
                                                  Benjamin Monnin

10892834