IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>   Defendant. | **Lead Case**: 1:19-cv-977-ADA<br><br>(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

**PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE IMPROPER ARGUMENTS REGARDING THE PATENTS IN SUIT AND ACCUSED PRODUCTS**

Plaintiff VLSI Technology LLC respectfully moves the Court *in limine* for an order excluding any reference, evidence, testimony (both lay and expert), or arguments concerning (I) Intel's alleged unclean hands defense; (II) the absence of inventors at trial; (III) disparaging the PTO and its examiners; (IV) the prosecution histories of the patents-in-suit; (V) withdrawn or narrowed claims; (VI) narrowed or non-elected prior art; (VII) allegations that individual claim elements were in the prior art; and (VIII) comparisons between the accused products and the prior art.

## I.     Intel's Alleged Unclean Hands Defense

Intel has asserted the equitable defense of unclean hands. *See* D.I. 171 ¶¶ 138-152 (Sixth Defense); D.I. 172 ¶¶ 102-116 (Sixth Defense); D.I. 173 ¶¶ 164-178 (Sixth Defense). The parties agree that Intel's unclean hands defense, should it be tried at all,[1] would be tried to the Court, not the jury, *see* D.I. 275 at 3 n.2, and courts routinely preclude litigants from presenting evidence or argument in support of equitable defenses such as unclean hands. Intel should thus be precluded from offering any evidence or argument concerning these allegations in front of the jury. *E.g.*, *Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1337 (Fed. Cir. 2012) ("Unclean hands is an equitable defense within the sound discretion of the district court"); *Allergan Sales, LLC v. UCB, Inc.,* No. 2:15-cv-01001-JRG-RSP, 2016 WL 8201783, at *4 (E.D. Tex. Nov. 2, 2016) ("equitable defenses [are] decided by the Court, not the jury.").

---

[1] Intel's "unclean hands" defense is meritless for the reasons set out in VLSI's motion for summary judgment. D.I. 275, at 2-14. ███████████████████████████████████ uch allegations are both without merit and highly prejudicial, and have no place in a jury trial.

▌         *See, e.g.*, *eTool Development, Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-19-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) (bifurcating unclean hands trial and holding that "allowing the presentation of evidence bearing on non-jury issues during the jury trial would result in the jury's consideration of evidence not relevant to the jury's task.  That, in turn, could result in confusion of the jury or, at minimum, some risk of prejudicing the jury's consideration of issues properly before it by exposing it to evidence bearing on other, unrelated issues"); *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO (AJWx), 2017 WL 2929379, at *3 (C.D. Cal. May 12, 2017) (granting motion to preclude defendant from arguing unclean hands defense to the jury); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, ECF No. 332, slip op. at 3 (precluding party from using evidence related to the duty of candor or inequitable conduct) (Albright, J.); *E.I. Dupont de Nemours & Co. v. Kolon Indus.*, Inc., No. 3:09CV58, 2011 WL 13079493, at *1 (E.D. Va. May 16, 2011) (granting a motion in limine "on the defense of unclean hands").

For the foregoing reasons, even if the Court were to deny VLSI's motion for summary judgment, the Court should preclude Intel from offering any evidence or argument to the jury in support of any of the allegations in its unclean hands defense.

## II.     Absence Of Inventors At Trial

The Court should preclude Intel from making any references to the absence from trial of any of the inventors on the patents-in-suit.  Whether an inventor is testifying at trial is irrelevant to infringement, damages, or any other issue to be decided in this action, and evidence on this point would serve only to confuse the jury and unfairly prejudice VLSI.  *See* FED. R. EVID. 401-403. Courts routinely grant motions in limine excluding references to inventors' absence at trial as irrelevant under Rules of Evidence 401-403.  *See Intellectual Ventures II LLC v. FedEx Corp.*, No.

2:16-CV-00980-JRG, 2018 WL 10638138, at *4 (E.D. Tex. Apr. 26, 2018) ("Preclude FedEx from commenting on the absence of any of the Asserted Patents' non-party inventors throughout the litigation, including at trial. This motion *in limine* is GRANTED."); *In re Biogen '755 Patent Litig.*, No. 10-2734 (CCC) (JBC), 2018 WL 3613162, at *2 (D.N.J. July 26, 2018) (excluding evidence or arguments that any inference can be drawn against plaintiff because of the absence at trial of the sole named inventor of the patent); *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, No. CIV. CCB-13-1798, 2015 WL 2168840, at *2 (D. Md. May 7, 2015) ("motion to exclude any comment on the absence of the patent's inventor … from the trial … is GRANTED").

**III.     Disparaging The PTO And Its Examiners**

Intel should be precluded from making disparaging remarks regarding the quality of the PTO and its examiners, including that examiners are overworked or that the PTO is prone to error. The PTO's examination process and resources are not relevant to the infringement allegations at issue in this matter, and permitting disparaging comments regarding the Patent Office and its examiners risks unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 401, 402, 403. Such allegations invite the jury to speculate inappropriately about the prosecution of the patents-in-suit instead of recognizing the legal presumptions that the PTO did its job properly and the patents were validly issued. 35 U.S.C. § 282; *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1284 (Fed. Cir. 2011).

For these reasons, motions in limine on this issue are regularly granted. *See e.g., MV3 Partners*, slip op. at 4 (granting motion precluding "Disparaging Comments Regarding the Patent Office and its Examiners") (Albright, J.); *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, Dkt. 166 at 3 (E.D. Tex. Nov. 14, 2018); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, at *1 (E.D. Tex. Mar. 1, 2016) ("[n]o party will offer criticism of the performance, reliability or credibility of the USPTO or the

examiners that work at the USPTO, refer to the existence of any 'backlog' at the USPTO, refer to the issuance of 'bad patents,' or offer other similar evidence or remarks"); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) (granting motion to preclude defendants from "offering any argument, evidence, testimony, insinuation, or reference regarding the workload of the PTO (or its examiners), any attempt to disparage the PTO (or its examiners)"); *Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*, No. 2:13-CV-213-JRG-RSP, ECF No. 248, at *2 (E.D. Tex. Jan. 30. 2015)(precluding testimony "suggesting that the PTO – or its examiners – are overburdened, incompetent, or overlook references, as well as any reference to 'bad' patents or any similar pejorative term"); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (precluding "[d]enigration of the Patent Office or its employees or denigrating the patent system"); *SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 2:09-cv-289, 2012 WL 13207358, at *2 (E.D. Tex. April 3, 2012) ("Defendants are precluded from introducing evidence relating to the reexamination proceedings or making arguments that disparage the Patent Office or its performance of its duties during the original prosecution."); *Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) ("LG may not disparage the PTO and its examiners, such as by arguing that examiners are overworked or that the PTO is prone to error").

**IV.     Prosecution Histories**

Intel should not be permitted to present argument or evidence regarding the prosecution histories of the patents-in-suit at trial. The only potential relevance of the details of the prosecution history to Intel's arguments is (1) to claim construction and (2) prosecution history estoppel. Both are questions exclusively reserved to the Court, and this Court has already construed the claims. *Markman v. Westview Instruments., Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc)

("[C]onstruction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court."); *AquaTex Indus. v. Techniche Sol.*, 419 F.3d 1374, 1379 (Fed. Cir. 2005) ("Application of prosecution history estoppel to limit the doctrine of equivalents presents a question of law").

Thus, any argument by Intel concerning the specifics of the prosecution histories – for example, the amendments and prosecution arguments that were made or any narrowing of the claims during prosecution – is irrelevant, prejudicial and likely to cause juror confusion. *See* Fed. R. Evid. 401-403; *Mobile Telecommunications Techs., LLC v. Zte (USA) Inc.*, No. 2:13-CV-946-JRG, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016) ("The parties SHALL NOT introduce any references, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony suggesting that the prosecution history of U.S. Patent No. 5,754,946 limits or restricts the meaning or scope of any claim of U.S. Patent No. 5,754,946."); *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) (affirming the exclusion of evidence regarding prosecution history; confirming "that it is improper to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction'") (internal citations omitted).

### V.  Withdrawn Or Narrowed Claims

As the parties narrowed the case for trial, pursuant to this Court's orders, patent claims and prior art references were withdrawn or deferred, and the parties may withdraw or defer additional claims and references. Courts in the Fifth Circuit and elsewhere have precluded reference to withdrawn claims, finding that "permitting 'sideshow' litigation about dropped claims and instrumentalities would cause undue prejudice, jury confusion, and waste of time." *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) (instructing defendants against arguing that "ATI's act of dropping a claim or

instrumentality is evidence of non-infringement as to that claim or instrumentality"); *Broadcom Corp. v. Emulex Corp.*, No. SACV 09-01058-JVS (ANx), 2011 WL 13130705, at *1 (C.D. Cal. Aug. 10, 2011) (evidence of withdrawn infringement claim "is irrelevant (Federal Rule of Evidence 402), and to the extent there is any probative value, presentation of such evidence would get into the reasons for withdrawing certain counts which would prove confusing and consume an undue amount of time (Federal Rule of Evidence 403)"); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *1 (E.D. Tex. Sept. 30, 2015) ("No party will refer to the fact that patents or claims have been dropped or dismissed prior to trial"); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. CIVASA-03-CA-0832RF, 2006 WL 6505348, at *2 (W.D. Tex. May 31, 2006) (precluding "[a]ny statement, reference to, or evidence concerning KCI's claims and causes of action that were ultimately dropped by KCI, including but not limited to claims concerning infringement of the Zamierowski patent").

Similarly, the Court should exclude any evidence or argument regarding claims narrowed prior to trial. Which claims VLSI chooses to pursue at trial and which VLSI chooses to narrow from the action are not relevant to the infringement allegations at issue. *See* Fed. R. Evid. 401, 402, 403. To suggest that this narrowing means that VLSI's patents are weak or that invalidating the asserted claims will not deny VLSI all of its patent rights is also irrelevant and would risk undue prejudice, confusing the issues, and misleading the jury. *See MV3 Partners*, slip op. at 4 (granting motion precluding reference to "Narrowed Claims (Infringement Claims that were Asserted by Later Dropped")) (Albright, J.); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2012 WL 13170064, at *1 (N.D. Cal. July 13, 2012) ("Brocade's motion in limine no. 4 is GRANTED. Evidence of Brocade's narrowing of its claims is not sufficiently probative to substantially outweigh the danger of undue prejudice to Brocade."); *Radware, Ltd. v.*

*F5 Networks, Inc.*, No. 13-CV-02024-RMW, 2016 WL 590121, at *16 (N.D. Cal. Feb. 13, 2016) ("RADWARE'S MOTION IN LIMINE NO. 16: TO EXCLUDE REFERENCE, EVIDENCE OR TESTIMONY REGARDING RADWARE'S NARROWING OF CLAIMS FOR TRIAL. GRANTED"), *order clarified*, 2016 WL 9001260 (N.D. Cal. Feb. 22, 2016).

## VI.  Non-Elected Prior Art

The Court ordered Intel to narrow its elected prior art to a maximum of two combinations per asserted patent claim. Ex. 13[2], Aug. 7, 2020 Hr'g Tr. 29:2-3. The Court should exclude any evidence or argument based on non-elected prior art.

In an attempt to circumvent the Court's Order, Intel experts Drs. Grunwald, Sorin, and Sylvester each propose to argue, based on material outside the prior art references that Intel elected, that certain "concepts" were known in the prior art. *See* ▌ ▌ In making these arguments, these Intel experts repeatedly rely on non-elected prior art. *Compare id*. *with* Ex. 48, Intel's Second Identification of Prior Art Combinations (October 14, 2020). Moreover, when combined with the remainder of the experts' invalidity arguments against the same claims, these arguments rely on combinations of prior art that Intel did not elect.

Allowing this would thwart the entire purpose of the case-narrowing Order—an Order that Intel itself requested to force VLSI to defer the majority of its asserted claims against Intel. VLSI has complied with that order, and Intel should not be permitted to take the benefits of the Order while failing to comply with the reciprocal restrictions on its use of prior art. In addition to violating the Court's Order, Intel's effort to make arguments about non-elected prior art would be fundamentally unfair and prejudicial to VLSI, and would confuse the jury as to what prior art is

---

[2] Exhibits are attached to the Declaration of Charlotte J. Wen.

being asserted and what arguments they are properly allowed to consider. *See* Fed. R. Evid. 401-403. Surely Intel would not want VLSI to show up at trial and assert patent claims that VLSI had not elected under the corresponding portions of the same Court Order.

Courts regularly exclude such matter. *See Core Wireless Licensing S.A.R.L.*, 2016 WL 4718963, at *2 (precluding LG from introducing "evidence or argument that non-elected prior art invalidates any claim" or introducing "any non-elected prior art as an exhibit"); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *2 (E.D. Tex. Apr. 26, 2018) (excluding non-asserted prior art and requiring Defendants to obtain leave before using "prior art that is outside of the previously elected prior art invalidity case in order to show relevant background information at trial"); *Metaswitch Networks Ltd. v. Genband US LLC,* No. 2:14-cv-744, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) (granting motion to "[e]xclude any argument, testimony, evidence, or reference to prior art or prior art combinations that were not included in invalidity contentions or elected"); *Nobelbiz, Inc. v. Global Connect, L.L.C.*, No. 6:12-CV-244, 2015 WL 11072170, at *3 (E.D. Tex. Sept. 2, 2015) ("Dr. Perry can talk about the state of the art, but must avoid citing references that were not elected as prior art in his invalidity analysis.").

## VII. Allegations That Individual Claim Elements Were In The Prior Art

Intel should be precluded from introducing evidence or argument that individual claim elements were known in the prior art separate from an opinion that it would be obvious to combine these references together to yield the full invention of at least one challenged patent claim. Such an analysis is improper because as a matter of patent law, a combination of previously known elements can be patentable. *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole."); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) (piecemeal analysis is

precisely the type of obviousness inquiry that must not be conducted). The question is not whether individual elements in isolation were known, but whether the combination in the claimed invention as a whole was obvious. *Kahn*, 441 F.3d at 986.

## VIII. Comparing Accused Products To Prior Art

Intel's expert reports and deposition testimony confirm that they intend to confuse and mislead the jury with legally irrelevant arguments that Intel does not infringe or should not be held liable for infringement because its accused products somehow practice the prior art. But the attempted comparison of the accused products to the prior art is legally improper, and the Court should preclude such evidence and argument.

The law is well-established that an accused infringer may not argue it does not infringe or should not be liable because it purportedly practices the prior art. The Federal Circuit has held repeatedly: "It is well established, however, that 'practicing the prior art' is not a defense to infringement." *In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008) (rejecting defendant's argument that it did not infringe because "its manufacturing process merely practices the prior art"); *see also Tate Access Floors, Inc. v. Interface Architectural Res., Inc.,* 279 F.3d 1357, 1365-69 (Fed. Cir. 2002) (improper for Defendant to claim it practiced prior art or obvious variations of the prior art); *Baxter Healthcare Corp. v. Spectramed, Inc.,* 49 F.3d 1575, 1583 (Fed. Cir. 1995) (improper for Defendants to argue the accused devices use only combined teachings of prior art). Indeed, "the fact that the patentee happens to be practicing the prior art is irrelevant" to an infringement analysis. *Tate Access,* 279 F.3d at 1367.

In determining infringement, the jury compares the accused device and the claims of the asserted patent, not the prior art. As stated in *Tate Access*, "[t]hus, our decision in *Baxter* directly forecloses [Defendant]'s 'practicing the prior art' argument. . . . The discussion in *Baxter* cited above makes clear that literal infringement is determined by construing the claims and comparing

them to the accused device, not by comparing the accused device to the prior art." *Tate Access,* 279 F.3d at 1366; *see also Baxter*, 49 F.3d at 1583 ("There is no requirement that the accused device be nonobvious in light of the prior art, or otherwise be itself patentable. Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device."). Accordingly, courts routinely grant motions in *limine* precluding such improper comparisons. *See, e.g.*, *Packet Intelligence LLC v. Netscout Sys., Inc.*, No. 2:16-cv-230-JRG, ECF No. 228, at 3 (E.D. Tex. Sept. 29, 2017); *see also Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, ECF No. 290, slip op. at 3 (E.D. Tex. Dec. 15, 2017); *Parthenon Unified Memory Architecture LLC v. Apple, Inc*., No. 2:15-cv-621-JRG-RSP, ECF No. 246, at 3 (E.D. Tex. Sept. 21, 2016); *Rembrandt Wireless Techs.,* No. 2:13-CV-213-JRG-RSP, ECF No. 248, at *8.

Intel also may not argue this testimony is relevant to validity. The cases make clear that such an argument is impermissible and conflates non-infringement and invalidity, causing substantial jury confusion on these important, and distinct, issues. "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Tate Access,* 279 F.3d at 1367. Moreover, the Federal Circuit foreclosed "practicing the prior art" as an invalidity argument. *Zenith Electronics Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[A]nticipation cannot be proved by merely establishing that one 'practices the prior art.'").

Evidence or argument from Intel or its experts comparing the accused devices to the prior art is highly likely to confuse and mislead the jury and should be excluded under Rule 402, 403 and the applicable law.

Dated: November 20, 2020

By:     */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach (*pro hac vice*)
Iian D. Jablon (*pro hac vice*)
Alan J. Heinrich (*pro hac vice*)
Ian Robert Washburn (*pro hac vice*)
Amy E. Proctor (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Elizabeth C. Tuan (*pro hac vice*)
Charlotte J. Wen (*pro hac vice*)
Brian Weissenberg (*pro hac vice*)
Benjamin Monnin (*pro hac vice*)
Jordan Nafekh (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr. (*pro hac vice*)
Babak Redjaian (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

*Attorneys for VLSI Technology LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on November 20, 2020.

/s/ *Benjamin Monnin*
Benjamin Monnin

10892883