**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC, | ) | |
| | ) | **Lead Case:** 1:19-cv-977-ADA |
| Plaintiff, | ) | |
| v. | ) | (*Consolidated for pretrial purposes only* |
| | ) | *with* Nos. 6:19-cv-254-ADA, 6:19-cv-255- |
| INTEL CORPORATION, | ) | ADA, 6:19-cv-256-ADA) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**<u>PLAINTIFF VLSI TECHNOLOGY LLC'S OPPOSITION TO INTEL CORPORATION'S
"EMERGENCY" MOTION TO CONTINUE TRIAL DATE</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ...................................................................................................1

II.     DISCUSSION ........................................................................................................3

      A.      Trial Can Be Conducted Safely In January, As This Court Has Already
               Demonstrated Three Times...........................................................................3

      B.      The Court's Decision To Hold The Trial In January Is Fully Consistent
               With How Other Courts Are Managing Their Dockets .................................7

      C.      The Court Has Already Found VLSI Will Be Prejudiced By A
               Continuance ................................................................................................8

      D.      Intel Has Neither Demonstrated Prejudice Sufficient To Warrant
               Another Continuance, Nor That The Requested Continuance Is Likely
               To Prevent The Alleged Prejudice In The First Place ..................................9

III.    CONCLUSION .....................................................................................................10

## I.    __INTRODUCTION__

Intel has already gone to great lengths to prevent the merits of this case from being reached, including multiple rounds of pleading motions, multiple motions to transfer, motions to strike, requests for scheduling delays, an antitrust case, numerous IPRs and requests for reconsideration of their denial, a suit against the U.S. Patent Office, two recent motions to stay, and even filing a petition for writ of mandamus to the Federal Circuit challenging this Court's decision to hold the trial in Waco if the Austin Courthouse remains closed in January 2021.  Now Intel is back yet again, this time asking the Court to further continue the trial to "late March" 2021 based on Intel's argument that it will be unsafe to hold a trial in Waco in January 2021, but will be safe again in March.

As this Court recognized in its prior orders, the COVID-19 pandemic is a serious public health threat that must be treated with great care.  However, when proper precautions are taken, as this Court has demonstrated in three successful jury trials since September, the risk of spreading the virus is quite low.  Intel has offered evidence that of twenty jury trials in the Eastern District of Texas since September 2020, *only one* resulted in any of the participants being infected.  This Court has already developed and successfully deployed appropriate safety measures in recent trials, and to the extent the Court deems it warranted, still further precautions, such as use of N95 or equivalent masks and daily rapid testing for party and jury trial participants, could be implemented here at the parties' expense to further reduce any theoretical risk.  In this regard, VLSI's expert, Dr. Troisi, an epidemiologist with over 40 years of experience, has personally inspected the Waco Courthouse and has testified that if proper safety protocol is followed, a trial in Waco in January 2021 "can be conducted safely with very minimal risk of SARS-CoV-2 transmission."  Troisi Decl., ¶ 3.

Intel's motion is accompanied by a declaration from a doctor who opines that a January trial in Waco would be unsafe.  As an initial matter, there is no showing that Intel's witness is familiar with the Waco Courthouse or that her opinions or methodology are widely accepted.  To the contrary,

Intel's position that a January trial would be unsafe ignores the reality that, with limited exceptions, Texas remains open. Just to give a few examples, movie theatres, restaurants, and retail are permitted to be open at 50% or more of normal capacity. Exs. 56-58. Professional, college, and high school football games are being played with fans in attendance. Exs. 59-60. Nearly all schools in Waco remain open. Exs. 61-63. And these routine activities are happening *without* most of the safety precautions successfully employed by this Court, let alone the additional measures proposed by VLSI's expert.

Intel's motion also falsely posits that continuing the trial to late-March or early-April will make the trial materially safer for all participants. It won't. A trial can be conducted safely in January, and even more so if the extra precautions recommended by VLSI's expert are implemented. Troisi Decl., ¶¶ 3, 48, 55-56, 59. Further, the central premise of Intel's argument, namely that a safe and effective vaccine will be widely implemented by late-March 2021, is simply untrue. *Id.*, ¶¶ 30-35. Even if the vaccines pending FDA approval prove to be safe and effective, they won't be widely available until *at least* mid-2021 and likely later. *Id.* And even when they become widely available, it is anticipated that many citizens will decline to take them. *Id.*, ¶ 36. Accordingly, unless Intel expects this Court to both round up supplies of the vaccine, taking them from those with priority (such as medical workers), and also order all prospective jurors to be vaccinated, continuing the trial to March will make no material difference.

Intel also incorrectly contends that the balance of prejudice favors a continuance. Intel flatly ignores the Court's recent order finding that a continuance will prejudice VLSI. D.I. 352 at 6.Intel argues that it will be prejudiced because two of its experts may choose not to travel in January and thus might have to testify remotely. However, even assuming that a couple of Intel experts might choose to testify remotely, that does not outweigh the prejudice that the Court *already found* VLSI

will suffer if the trial is not timely held.  It also defies common sense that Intel's witnesses won't travel due to COVID-19 in January, but will have no issues with travel in March.  In short, while COVID-19 is a very serious issue that the parties and the Court should work together to protect against, Intel's motion is just another effort to delay the resolution of this action, and should be denied.

## II.    DISCUSSION

### A.    Trial Can Be Conducted Safely In January, As This Court Has Already Demonstrated Three Times

The gravamen of Intel's motion is that because of rising COVID-19 infection rates in Waco, it purportedly will not be safe to conduct a trial in January.  Notably, just weeks earlier, Intel argued that it was impossible to know whether it would be safe to conduct a trial in Waco in January.  D.I. 281 at 2.  However, once the Court ruled that the trial would be held in Waco if the Austin Courthouse remains closed, Intel concluded there was no longer any uncertainty and now contends that a trial in Waco will clearly be unsafe.  D.I. 366.  Intel's changed position is no real surprise, given that Intel's strategy from the outset of this case has been to try to delay a trial on the merits for as long as possible – a strategy that Intel has pursued doggedly in a variety of forums, as cataloged in the introduction above and in prior VLSI filings.

Now, presented with a tactical opportunity to delay the case at least several more months, Intel has retained a doctor to opine that proceeding with trial in January rather than waiting until late-March will put trial participants at risk.  As an initial matter, Intel's witness's declaration lacks foundation, including because there is no showing that she investigated or is familiar with the Waco Courthouse.  Moreover, there is no showing that her declaration applies any commonly accepted methodology and there are clear reasons to question her opinions, starting with the following: her conclusion that it would be unreasonably dangerous to proceed with a trial that observes proper

safety protocols in January is at odds with the reality that only one out of more than twenty federal jury trials in Texas since September has resulted in any infections, and that the single trial which resulted in an infection did not occur in Waco (a Courthouse she has apparently never even visited).

Her opinion also ignores the fact that most of Texas is open and working through the pandemic: movie theatres, bars and restaurants remain open throughout Texas, football games and other sports continue to be played with fans in attendance, and most schools (including nearly all Waco schools) and universities remain open for in-person instruction. Exs. 56-63. If Intel's witness were correct that a trial with proper safety precautions in January would be unsafe, then all of those other activities would be *far more* unsafe and thus should already have been stopped. In effect, Intel's witness appears to be arguing that everyone in Texas should stay home until the entire country has been vaccinated.

Additionally, Intel's witness argues that trial would be unsafe in January because, she asserts, there is a 74% risk that at least one individual in a random sampling of 50 individuals from McLennan County would be COVID-19 positive. Columbus Decl., ¶ 28. This opinion from Intel's witness has no real bearing on the risk of transmission at trial. As an initial matter, it is unclear why a random sampling of 50 individuals has any relevance here, given that Intel's witness opines that there would only be 20-25 people in the courtroom at trial – and only about half of them would be from McLennan County. *Id*., ¶ 24. Moreover, the screening procedures currently being employed at the Waco Courthouse prevents those at high risk of already being infected – such as those exhibiting symptoms and those who have had known contact with a COVID-19 patient – from entering the Courthouse. Further, VLSI's expert has proposed both pre-trial testing of the parties' trial teams to screen out anyone who is infected, and also daily rapid testing for party and jury trial participants to further minimize any risk. But even without the additional safety protocols proposed

by VLSI, the actual risk of a trial participant being COVID-19 positive is much lower than the number posited by Intel's witness.  Troisi Decl., ¶¶ 55-56.

Furthermore, VLSI notes that the entire purpose of most of the safety protocols already employed by this Court and recommended by VLSI's expert (such as masks, social distancing, sanitation, etc.) is to prevent transmission *assuming a trial participant is COVID-19 positive*.  If none of the trial participants are infected, even without the use of any of these safety protocols, the risk of transmission at trial is zero.  However, if a trial participant is infected and infectious, the safety protocols are instituted to ensure that the risk of transmission remains extremely low.

Still further, Intel's witness's assertion that the trial would be materially safer if moved to late-March or early-April because of the impending vaccines is demonstrably incorrect.  None of the vaccines currently pending FDA approval are expected to be broadly distributed in the United States until *at least* the middle of 2021. Troisi Decl., ¶¶ 30-35.  Even then, it is anticipated that there will be a high percentage of the population that declines to take the vaccine, meaning that a significant portion of Texans will remain at risk through 2021 and beyond. *Id*., ¶ 36; *see also id.*, ¶¶ 32, 37.  In short, Intel's witness's opinion that trial will be much safer in late-March than in January is not reliable.

Setting aside the views offered by its witness, Intel's primary evidence that trial in January would be unsafe are published reports indicating that of the approximately twenty federal jury trials in the Eastern District of Texas since September 2020, one resulted in some of the trial participants being infected despite that court implementing several safety measures.  VLSI disagrees with Intel's premise that because one out of twenty previous trials in a different district resulted in transmission and there is currently an increased number of COVID-19 cases in Texas, the trial in this matter should therefore be postponed for several months.  Among other things, Intel's motion fails to address

the particular circumstances of the Waco Courthouse, and whether there are additional safety precautions compared to prior trials that could reasonably be taken that would further reduce the already relatively low risk of transmission.  Intel's failure to address these issues in its motion is no accident, underscoring that Intel's goal is delay rather than enhanced safety.

Here, VLSI's expert, Dr. Troisi, personally inspected the Waco Courthouse and the particular rooms in that Courthouse that would be used for the upcoming trial.  She has testified that those rooms have already been thoughtfully arranged by the Court to minimize risk of transmission, and that the risk of infection from conducting a trial would be low.  Troisi Decl., ¶¶ 45-48, 55-56.  She has also proposed an updated safety protocol for the Court's consideration that goes beyond that used in other recent trials and that would provide an even higher level of safety for all participants. *Id*., ¶ 54.  In particular, the primary safety enhancements over prior trials proposed by Dr. Troisi are (1) use of N95 or KN95 masks by all trial participants (with limited exceptions, including the Court), (2) testing of party trial participants prior to trial; and (3) use of daily rapid testing for party and jury trial participants.[1]  These additional measures could be implemented here relatively easily, with associated expenses borne by the parties, and would if followed reduce the risk of transmission from being very low to almost no risk at all.

Moreover, even without some or all of these additional measures, a trial in which the participants followed the safety protocols already successfully used by this Court in its three infection-free trials held since September would be quite safe, and certainly much safer than countless routine activities that most Texans engage in daily during the pandemic with the approval of Texas health officials.

---

[1] VLSI understands that minimally intrusive rapid testing is available in Waco. Jablon Decl., ¶ 4.

**B.      The Court's Decision To Hold The Trial In January Is Fully Consistent With How Other Courts Are Managing Their Dockets**

With heavy reliance on a recent order by Judge Gilstrap, Intel argues that other district courts are continuing trials and that this Court will be an outlier if it proceeds with trial in January.  In the cited order, Judge Gilstrap continued a trial scheduled for December 4 until March 1, 2021 based on the worsening virus situation in Marshall, Texas, and also continued all other trials on his docket to after March 1.  Judge Gilstrap found in his order that "the Court is persuaded that the current status of the public health in the Marshall Division of the Eastern District of Texas requires it to CONTINUE all in-person jury trials."  D.I. 366 at 7; Intel Ex. 26.

This Court's recent decision to continue the trial in this matter from November 18, 2020 to January 11, 2021 is not at odds with Judge Gilstrap's order.  The fact that the COVID-related continuance granted by Judge Gilstrap was approximately 4 weeks longer (December 4 to March 1) than the continuance already granted by the Court in this case (November 18 to January 11) is immaterial, and if anything underscores that this Court acted well within its discretion by setting the case for trial on January 11.  Moreover, whatever the situation may be in other districts, with respect to Waco, the evidence before this Court shows that holding the trial on March 1 (or even April 1) will not be materially safer than holding it on January 11.  Troisi Decl., ¶¶ 31-40.

It is also important to note that other district courts in Texas have adopted trial schedules very similar to the one set by the Court in this case.  For example, Judge Mazzant in the Eastern District of Texas, the judge who presided over the one federal trial in Texas known to have resulted in infections, has publicly stated that he plans to resume jury trials in January 2021.  Intel Ex. 53 at 3.  Likewise, in the Southern District of Texas, "the Houston Division is resuming jury trials on January 19, 2021, with a detailed plan in place to provide as safe an environment as possible.  Most of the other divisions plan to resume jury trials soon thereafter."  Ex. 64.  Similarly, trials in the

Northern District of Texas have been continued only until January 1, 2021. Intel Ex. 62. In contrast, Intel's citations to courts outside of Texas that have granted COVID-related extensions are irrelevant here, especially since the circumstances presented in those cases tell us nothing about when it will be safe to conduct a trial in Waco.

Also, as expressly anticipated by this Court in its order setting the trial for Waco if the Austin courthouse remains closed, on December 10, 2020, Chief Judge Garcia entered his Eleventh Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic for the Western District of Texas. That Eleventh Order, which is substantively identical to the Ninth Order that is discussed at length in the Court's trial setting order, D.I. 352 at 2-3, will keep the Austin courthouse closed to jury trials *at least* through January 31. Judge Garcia's new order, which this Court's Order anticipated, further demonstrates that holding the trial in Waco is necessary in order to avoid an indefinite delay not only in this case, but for this Court's entire trial docket.

### C.     The Court Has Already Found VLSI Will Be Prejudiced By A Continuance

In the Court's recent order finding that the trial should be held in Waco if the Austin Courthouse remains closed, the Court found that "because the trial dates for the -00255 and -00256 cases are two and four months, respectively, after the trial date for the -00254 case, delaying the trial date of the -00254 case not only delays the trial date of that case, but it has a multiplicative effect by delaying the trial dates of the other two cases by the same amount of time." D.I. 352 at 6. The Court further found that "because patents have a limited term, the Court does not believe it should unnecessarily delay a trial date, especially when an alternate venue is available." *Id*.

Intel ignores these findings, and offers the self-serving assertion that a further continuance of the trial date will cause no prejudice to VLSI. Intel is wrong. The Court's recent findings of potential prejudice to VLSI apply here with equal force. Moreover, a continuance would also

prejudice VLSI in all of the ways discussed in VLSI's opposition to Intel's pending motion to stay the case on the basis of the Intel's 2012 settlement agreement with non-party Finjan.  D.I. 195-01 at 6-7.  This factor weighs heavily against a further continuance.

> **D.      Intel Has Neither Demonstrated Prejudice Sufficient To Warrant Another Continuance, Nor That The Requested Continuance Is Likely To Prevent The Alleged Prejudice In The First Place**

Intel argues that it will be prejudiced if the trial proceeds in January because two of its out-of-state experts may choose not to travel to Texas due to COVID-19 concerns and would instead testify remotely via video.  Notably, Intel does not even identify the experts nor their expected testimony, a glaring omission that compels the conclusion that their professed reluctance to travel does not establish good cause to further continue the trial.  Intel also points to a witness based in Israel who may or may not be unable to travel, but again makes no showing that this is a key witness for whom it would make a material difference whether they testify in person or by video.

Moreover, and in any event, Intel's proposed solution of continuing the trial to late-March or early-April would not solve any of Intel's purported witness problems.  As explained by VLSI's expert, there is no basis to believe that a trial in March or early-April would be materially safer than one starting on January 11.  Troisi Decl., ¶¶ 31-40.  Thus, if Intel's witnesses are unwilling or unable to travel to Texas in January due to health concerns, there is no reason to believe things will be materially different in late-March or early-April, when Intel is now proposing to start the trial.

Intel also contends that some of its counsel and their staff are uncomfortable proceeding with a trial in January.  Again, there is no reason to believe that this will be any different in March or April.  Nor has Intel shown, or even argued, that it will lose any key members of its legal team if the trial starts on January 11 rather than in March.

III.   __CONCLUSION__

Intel has already made abundantly clear that it wishes to delay the resolution of this case for as long as possible.  While the COVID-19 pandemic presents very real problems that the Court is already experienced in dealing with, this motion to continue is merely more of the same and should be denied.  For the sake of clarity, VLSI is willing to work with Intel and the Court to ensure that the trial is conducted in a manner that is safe for all participants.

Dated: December 10, 2020

By:      _/s/ Andy Tindel_

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

bmonnin@irell.com                          *Attorneys for VLSI Technology LLC*
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on December 10, 2020.


_/s/  Jordan Nafekh_
Jordan Nafekh

10877930