NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

## In re: INTEL CORPORATION,
*Petitioner*

———————————

2021-105

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:19-cv-00977-ADA, Judge Alan D. Albright.

———————————

## ON PETITION

———————————

Before PROST, *Chief Judge*, LOURIE and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

VLSI Technology LLC filed the underlying patent infringement suit against Intel Corporation in the United States District Court for the Western District of Texas, Waco Division. In October 2019, the assigned district court judge granted Intel's motion to transfer venue of the action pursuant to 28 U.S.C. § 1404(a) to the Austin Division of the Western District of Texas, where the same judge continued to preside over the case. However, on November 20, 2020, the district court ordered, over Intel's objection, that

if the Austin courthouse does not lift its COVID-19 in-person trial restrictions with enough time to hold a January 2021 trial, then trial would be held in Waco. Intel now petitions this court for a writ of mandamus directing the district court to vacate that order and to stay that order pending consideration of the petition.

The district court relied exclusively on two bases to re-transfer the trial back to Waco: first, authority under Federal Rule of Civil Procedure 77(b), and second, inherent authority for docket management. Neither authority authorizes the order at issue, and so we grant Intel's mandamus petition for the reasons discussed below.

* * *

There is no real dispute here that mandamus is an appropriate means of reviewing the district court's order. Indeed, it is difficult to see how Intel could obtain meaningful review of the decision otherwise. Whether seeking our mandamus review of an erroneous order transferring the entire action or merely just moving trial proceedings, Intel would not have an adequate remedy by way of a post-judgment appeal because Intel would not be able to prove that it would have won the case had the case been tried in the Austin Division.[1] *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc); *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003); Fed. R. Civ. P. 61 (harmless error rule).

On the merits, we agree with Intel that moving the trial from the Austin to Waco Division over Intel's objection would be fundamentally inconsistent with the governing

---

[1] On December 10, 2020, the order implementing COVID-19 restrictions was extended through January 31, 2021 unless otherwise vacated or modified, and thus absent relief here, Intel is correct that trial would be held in the Waco division.

statutes.  Congress has expressly provided that "[c]ourt for the Austin Division shall be held in Austin."  28 U.S.C. § 124(d)(1).  That does not mean that the trial must be held in any particular courthouse in Austin, as under 28 U.S.C. § 1404(c) "a district court may order any civil action to be tried at any place within the division in which it is pending."  But what it does mean, in the words of the Fifth Circuit, is that Intel generally has a "statutory right" to have this case tried in the division in which the action lies.  *In re Gibson*, 423 F. App'x 385, 390 (5th Cir. 2011).[2]

In support of moving trial proceedings to the separate division of Waco, VLSI calls to this court's attention cases relying on 28 U.S.C. § 1404(b).  That provision states that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."  It is true that such authority would authorize moving just the trial proceedings from one division to another.  But the problem with relying on such authority to transfer the trial to the Waco Division here is that section 1404(b), "by its terms, applies only when all of the parties consent," *Gibson*, 423 F. App'x at 389; 15 Wright & Miller, *Federal Practice & Procedure* § 3842 (4th ed., Oct. 2020 update) ("Section 1404(b) applies only when all parties agree to the transfer."), and Intel did not consent to moving the trial to Waco.

---

[2]    Because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits, in this case the Fifth Circuit.  *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

IN RE: INTEL CORPORATION

VLSI also contends that moving trial is authorized under 28 U.S.C. § 1404(a).[3]  But we see at least two problems with this argument.  First, the district court did not rely on § 1404(a) as authority for its ruling or find that re-transfer would be for the convenience of the parties or witnesses and in the interest of justice.  And second, the district court did not purport to transfer the entire action from the Austin Division to the Waco Division.  Instead, the court merely ordered "that if the Austin courthouse does not reopen with enough time to hold a January trial, the trial for the -00254 case will be held in Waco." *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-cv-977, slip op. at 8 (W.D. Tex. Nov. 20, 2020), ECF No. 352.  VLSI's argument thus overlooks the fact that § 1404(a) cannot authorize transfer of just the trial from one judicial division to another.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) ("A court acting under § 1404(a) may not transfer part of a case for one purpose while maintaining jurisdiction for another purpose; the section contemplates a plenary transfer of the entire case." (internal quotation marks and citation omitted)); *In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985).

VLSI further argues that there is authority, over and above § 1404, for moving the trial to Waco based on the district court's inherent authority to manage its docket.  But our plain reading of the above-noted statutes simply leaves no room to invoke such authority here.  *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (explaining that the "exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power

---

[3]    Subsection 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

contained in a rule or statute"); *see also* Fed. R. Civ. P. 83 (explaining that district courts can "regulate [their] practice in any manner consistent with federal law").

Finally, like the district court, VLSI cites Rule 77(b) of the Federal Rules of Civil Procedure as authorizing transfer. But that rule merely says that "[e]very trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom" and that "no hearing—other than one ex parte—may be conducted outside the district unless all the affected parties consent." First, even assuming that Rule 77(b) empowers a district court to decide where to initially assign a case within a district, it does not follow that Rule 77(b) also allows a district court to later sidestep the transfer rules set forth in § 1404 generally. Neither the court nor VLSI cites any appellate court case, nor are we aware of one, that has held that Rule 77(b) independently authorizes a court to move a trial from one judicial division to another.[4] And we see no sound basis for doing so, particularly given our reading of the above statutes. *Cf.* Fed. R. Civ. P. 82 ("These rules do not extend or limit . . . venue."). Further, this reading of Rule 77(b) would undermine 28 U.S.C. § 124 and make § 1404(c) superfluous.

\* \* \*

In these circumstances, the district court's decision to move trial outside of the division on the sole basis of Rule 77(b) and "inherent authority" amounts to a clear abuse of discretion. In granting mandamus, we do not hold that the district court lacks the ability to effectuate holding trial in the Waco Division. We only hold that it must effectuate

---

[4] The cases that are cited for Rule 77(b)'s supposed authorization of inter-division trial transfer do not apply Rule 77(b) in this way—that is, divorced from a full § 1404(a) analysis.

6                                    IN RE: INTEL CORPORATION

such result under appropriate statutory authority, such as moving the entire action to the Waco Division after concluding, based on the traditional factors bearing on a § 1404(a) analysis, that "unanticipated post-transfer events frustrated the original purpose for transfer" of the case from Waco to Austin originally. *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983). Such analysis should take into account the reasons of convenience that caused the earlier transfer to the Austin division. The district court's order failed to perform this analysis, and we take no position on whether such finding can be made here.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is granted to the extent that the district court's November 20, 2020 order is vacated.

(2) The motion to stay is denied as moot.

FOR THE COURT

December 23, 2020          /s/ Peter R. Marksteiner
        Date              Peter R. Marksteiner
                          Clerk of Court

s31