IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | **Lead Case:** 1:19-cv-977-ADA<br><br>**No. 6:19-cv-254-ADA**<br><br>(*Consolidated for pretrial purposes only with* 6:19-cv-255-ADA, 6:19-cv-256-ADA) |

**PLAINTIFF VLSI TECHNOLOGY LLC'S EMERGENCY MOTION
TO TRANFER VENUE BACK TO WACO PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

Page

I. Introduction ...........................................................................................................1

II. Brief Statement of Facts ........................................................................................2

III. Legal Standard ......................................................................................................3

IV. Argument ..............................................................................................................5

    A. This Court Has Power to Retransfer the Action Back to its Original Venue. ..........................................................................................................5

    B. This Action Was Originally Filed in the Waco Division. ............................5

    C. The Private *Volkswagen* Factors Weigh In Favor Of Waco ......................5

        1. The "Relative Ease Of Access To Sources Of Proof" Factor Is Neutral ............................................................................................5

        2. The "Compulsory Process" Factor Weighs In Favor Of Waco ............6

        3. The "Cost Of Attendance" Factor Weighs In Favor Of Waco .............6

        4. The "All Other Practical Problems" Factor Weighs Strongly In Favor Of Waco ................................................................................7

    D. The Public *Volkswagen* Factors Weigh In Favor Of Waco .......................8

        1. The "Administrative Difficulties Flowing From Court Congestion" Factor Weighs In Favor Of Waco ...................................8

        2. The "Localized Interest" Factor Has Not Changed ..............................8

    E. *Cragar* Does Not Prohibit "Retransfer" Under These Circumstances ..........8

V. Conclusion ..........................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cragar Indus., Inc.*,
  706 F.2d 503 (5th Cir. 1983) ................................................................................. 5, 8, 9

*Data Scape Ltd. v. Dell Techs., Inc.*,
  No. 6:19-cv-00129-ADA (W.D. Tex. June 7, 2019), D.I. 44 ........................................... 4

*Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys. LLC*,
  No. 2:15-CV-00037-RWS, 2017 U.S. Dist. LEXIS 136479 (E.D. Tex. July 19,
  2017) .................................................................................................................. 4

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*,
  No. 18-CV-00660, D.I. 28 (W.D. Tex. Jan. 29, 2019) ...................................................... 4

*Gorzynski v. JetBlue Airways Corp.*,
  10 F. Supp. 3d 408 (W.D.N.Y. 2014) ......................................................................... 9, 10

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
  No. 14-CV-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)................................... 4

*In re Radmax Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ................................................................................. 3, 4, 5

*Sundell v. Cisco Systems Inc.*,
  1997 WL 156824, 111 F.3d 892 (5th Cir. 1997) ............................................................. 3

*In re Volkswagen of America, Inc.*,
  545 F.3d 304 (5th Cir. 2004) (en banc) ................................................................... 4, 5, 8

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................................... *passim*

28 U.S.C. § 1404(b) .............................................................................................................. 3

**Other Authorities**

Eleventh Supplemental Order Regarding Court Operations Under the Exigent
  Circumstances Created by the COVID-19 Pandemic for the Western District
  of Texas.............................................................................................................................. 7

I.      Introduction

In order to avoid further delaying the start of trial, and to avoid prejudice to VLSI and to the Court's own trial docket, this Court ordered that if the Austin courthouse is still closed in January, trial will proceed in Waco, where VLSI originally filed the action.  In response to Intel's petition for a writ of mandamus, the Federal Circuit vacated that order today.  The Federal Circuit reasoned that:

> The district court relied exclusively on two bases to retransfer the trial back to Waco: first, authority under Federal Rule of Civil Procedure 77(b), and second, inherent authority for docket management. Neither authority authorizes the order at issue, and so we grant Intel's mandamus petition for the reasons discussed below.

Ex. 1 at 4.

The Federal Circuit went on to specifically note that although 28 U.S.C. § 1404(a) may permit transferring the action to Waco, this Court did not rely upon § 1404(a) in the challenged order moving the trial to Waco.  *Id*.  The Federal Circuit had no criticisms of the substance of VLSI's arguments made both before this Court and the Federal Circuit that transfer to Waco *would, if ordered by this Court, be merited under § 1404(a)*, and the Federal Circuit included in its order the entirety of the statutory rule that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  *Id.* at 4 n.3.  Thus, the Federal Circuit's opinion emphasizes that it is not ruling on whether this Court could power under § 1404(a) to transfer the action to Waco at this time:

> In granting mandamus, we do not hold that the district court lacks the ability to effectuate holding trial in the Waco Division. We only hold that it must effectuate such result under appropriate statutory authority, such as moving the entire action to the Waco Division after concluding, based on the traditional factors bearing on a § 1404(a) analysis, that "unanticipated post-transfer events frustrated the original purpose for transfer" of the case from Waco to Austin originally. *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983). Such analysis should take into account the reasons of convenience that caused the earlier transfer to the Austin division.

> The district court's order failed to perform this analysis, and we take
> no position on whether such finding can be made here.

*Id*. at 5-6.

VLSI accordingly brings this motion to transfer under § 1404(a), and respectfully requests that this motion be heard at the pre-trial hearing already scheduled for December 28, 2020, when the Court has already suggested it would like to discuss scheduling.[1]

## II.   Brief Statement of Facts

VLSI originally filed the above-captioned patent infringement action in the Waco Division of the Western District of Texas. Intel then moved to transfer the case to the Austin Division, in significant part based upon arguments that:

- "[T]here is no reason to believe these cases would proceed more quickly in Waco than in Austin" (D.I. 56 at 13);

- "[T]he increased convenience of litigating these cases in Austin could expedite the cases" (*id*.); and

- "[T]ransfer will not delay the time to trial." (*id*.)

Intel also argued that several key trial witnesses were based in Austin, including witnesses from third-party Dell. D.I. 56 at 10-12. In October 2019, the Court accepted these arguments and granted Intel's transfer motion, finding at the time that the Austin Division would be more convenient than Waco. D.I. 78 at 9.

Much has changed since the Court's October 2019 ruling. Through no fault of the parties or the Court, it is now clear that the transfer to Austin will substantially delay the trial date in this case

---

[1] VLSI respectfully requests that the Court set an expedited briefing schedule on this motion.

because the Austin Division's courthouse is presently not holding any civil trials due to the pandemic, and it is unclear when that will change. By contrast, if the trial were to be held in the Waco courthouse, the trial could proceed in January 2021.

In addition, since the Court's October 2019 ruling, it has also become clear that only one or possibly two witnesses based in Austin are actually expected to testify at the trial scheduled for November 16. In particular, no Intel witnesses based in Austin are expected to testify, and no Dell witness is expected to testify. D.I. 398 at Ex. 3 (Intel's Amended Trial Witness List). While the Court was previously led to believe that Austin was likely to be a more convenient site for several important witnesses, we now know that this factor no longer weighs in favor of keeping the trial in Austin (or to the extent it does so, not materially).

Because it is now clear that the case can be tried materially faster in Waco than in Austin, and also clear that no Intel or Dell witnesses based in Austin are expected to testify at the upcoming trial, at least four of the eight *Volkswagen II* factors that the Court considered in its October 2019 ruling now support holding the trial in Waco, and only one factor (factor six, localized interest) still supports keeping the case in Austin.

Enormous time, energy, and nonrefundable economic investment has gone into planning for a January 11 trial. As this Court previously found, D.I. 352 at 5-6, both VLSI and this Court's docket would be negatively impacted by a further delay of the trial. Thus, VLSI respectfully requests that this Court transfer the action to the Waco Division.

**III.   Legal Standard**

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). In the case of intra-district transfers, however, it is well-settled that trial courts have even greater discretion in granting transfers than they

do in the case of inter-district transfers. *See, e.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district.").

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district *or division* where it might have been brought" "in the interest of justice." As the statutory text makes clear, the statute applies "as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 720 F.3d 285, 288.

A motion for an intra-district transfer, like a motion for an inter-district transfer, involves a two-step analysis, considering first whether the case could have been properly brought in the forum to which transfer is sought, and second, whether transfer would promote the interest of justice and/or the convenience of the parties and witnesses. *Id.*; *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc). In that context, where an action could have been brought in the transferee division and "the transferee venue is clearly more convenient" than the transferor venue, a motion to transfer to another division "should be granted." *Data Scape Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA (W.D. Tex. June 7, 2019), D.I. 44, at 2 (quoting *Radmax*, 720 F.3d at 288); *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 14-CV-464, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014) (granting transfer in patent case where four factors favored transfer and four were "arguably neutral"). Courts in this District have analyzed similar fact patterns often and consistently. *See, e.g.*, *Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660, D.I. 28, at 2 (W.D. Tex. Jan. 29, 2019); *see also Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys. LLC*, No. 2:15-CV-00037-RWS, 2017 U.S. Dist. LEXIS 136479, at *14-15 (E.D. Tex. July 19, 2017) (transfer factors considered as of date of motion, not date case was instituted).

## IV. Argument

### A. This Court Has Power to Retransfer the Action Back to its Original Venue.

Fifth Circuit law is clear that this Court retains discretion to retransfer an action back to the original district where it was filed. *See, e.g., In re Cragar Indus., Inc.*, 706 F.2d 503, 505-06 (5th Cir. 1983) ("When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case then is better tried in the original forum for reasons which became known after the original transfer order.").

### B. This Action Was Originally Filed in the Waco Division.

This action plainly *could* have been brought in the Waco Division—indeed, VLSI originally filed the action in Waco and opposed Intel's motion to transfer the cases to Austin. Accordingly, the first step in the analysis set forth in *Radmax* supports transfer back to Waco. *Radmax*, 720 F.3d 285, 288.

### C. The Private *Volkswagen* Factors Weigh In Favor Of Waco

#### 1. The "Relative Ease Of Access To Sources Of Proof" Factor Is Neutral

The Court's October 2019 order regarding this factor rested on three points of reasoning, none of which apply today.

First, the Court suggested that Intel's electronic documents would be easier to access from Austin than from Waco. Today, however, document discovery is complete and is readily available in electronic form to counsel for all parties. Thus, access to Intel documents no longer has any bearing on relative ease of access to sources of proof.

Second, the Court suggested that documents from third parties would be easier to access from Austin than from Waco. Today, however, document discovery is complete and available in electronic form to counsel for all parties. At trial, both parties' counsel will be accessing documents from law firm servers, not from any third parties. Thus, access to third-party documents no longer has any bearing on relative ease of access to sources of proof.

Moreover, no Intel employee from Austin, nor any Dell witness, is expected to be a witness in the upcoming trial. Because of changed circumstances since the Court's October 2019 Order, this factor is neutral.

### 2. The "Compulsory Process" Factor Weighs In Favor Of Waco

The Court found previously that this factor weighs in favor of a Waco venue. D.I. 78 at 6. This remains true today. Also, this factor weighs much more strongly in favor of Waco today because this Court has no power to compel witnesses to attend trial in Austin when the Austin courthouse is closed.

### 3. The "Cost Of Attendance" Factor Weighs In Favor Of Waco

The Court's October 2019 finding regarding this factor rested on two points of reasoning, none of which apply today.

First, the Court suggested that "seventeen of the eighteen living inventors" were in Austin. Today, however, it is known that VLSI will present only one inventor at the upcoming trial. That inventor works for non-party NXP, which as discussed in prior filings has an ongoing economic interest in the outcome of this litigation and is not objecting to having its witness appear in Waco rather than Austin for this trial. Also, VLSI is willing to cover the entirety of the costs of attendance for this inventor.

Second, the Court suggested in the October 2019 order that other NXP witnesses based in Austin may testify at trial. Today, however, it is expected that at most only a single other NXP witness is expected to testify at trial, James Spehar. Mr. Spehar works and lives in Chandler, Arizona, so his potential participation at trial does not favor Austin over Waco.

By contrast, it remains true today that, as the Court found, "Austin hotel costs are, generally, significantly more than Waco hotel costs." D.I. 78 at 8.

### 4. The "All Other Practical Problems" Factor Weighs Strongly In Favor Of Waco.

In October 2019 the Court found that this factor was neutral. Today, however, it is overwhelmingly clear that the Austin courthouse presents a practical problem Waco does not: it is closed indefinitely, as made even clearer in Chief Judge Garcia's December 10, 2020 Eleventh Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic for the Western District of Texas ("Eleventh Supplemental COVID-19 Order").[2] The Eleventh Supplemental COVID-19 Order extends the closure of the Austin courthouse at least through January 31, 2021, but otherwise is substantively identical to the Ninth Supplemental COVID-19 Order that is discussed at length in this Court's challenged order, including that it gives this Court the option of moving forward with trials in other courthouses in the Western District of Texas. The Eleventh Supplemental COVID-19 Order further demonstrates that moving forward with the trial in Waco is not only reasonable under the circumstances, but is in fact necessary

---

[2] *See* Eleventh Suppl. Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Dec. 10, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/12/OrderEleventh SupplementalCOVID121020.pdf (visited Dec. 15, 2020).

in order to avoid an indefinite delay not only in this case, but for the Court's entire trial docket. Thus this factor weighs strongly in favor of transfer to Waco.

### D. The Public *Volkswagen* Factors Weigh In Favor Of Waco

#### 1. The "Administrative Difficulties Flowing From Court Congestion" Factor Weighs In Favor Of Waco

In October 2019 the Court found that this factor was neutral. Today, however, as this Court has already found and as discussed above, the Austin courthouse is closed, and the action can only move forward in the Waco courthouse. Thus, this factor strongly weighs in favor of transfer.

#### 2. The "Localized Interest" Factor Has Not Changed

The facts relating to this factor have not changed materially since the Court's October 2019 ruling. This is the only factor that supports keeping the trial in Austin.

### E. *Cragar* Does Not Prohibit "Retransfer" Under These Circumstances

Intel's arguments against transfer back to Waco are based first and foremost on its mistaken reliance on the Fifth Circuit's decision in *In re Cragar Indus., Inc.*, 706 F.2d 503 (5th Cir. 1983) as allegedly prohibiting such a transfer. However, as found by the Federal Circuit, there is no such prohibition. Ex. 1 at 5-6.

Further, the facts here are very different than in *Cragar*. *Cragar* involved a plaintiff who successfully moved to transfer venue to a court in a different district and then, unhappy with the new venue, moved the second court to retransfer the case back to the first court. *Cragar*, 706 F.2d at 504-05. The Fifth Circuit noted the problems inherent in allowing one district judge to review the transfer order of another and ruled that under the circumstances, the plaintiff had to show "most impelling circumstances" to support retransfer back to the first court. *Id.* at 505.

In contrast, VLSI originally filed the action in Waco. Intel, not VLSI, moved the Court to keep the case on his docket but to transfer it to Austin (where this Court also routinely sits). *E.g.*,

D.I. 56 at 6-9 ("As compared to the Waco Division, the Austin Division offers easier access to sources of proof"). Intel argued that transferring the case to Austin would expedite its resolution. *E.g., id*. at 9 ("The Austin Division has a greater local interest in the case than does the Waco Division"). Subsequently, not only was the Austin courthouse closed indefinitely, but other factors that Intel had previously argued supported moving the case to Austin turned out either to be non-factors or to favor Waco over Austin. *E.g.,* D.I. 282 at 6-9.

Since this Court has had the case throughout and is not transferring it to another judge but rather merely setting the place of trial at another (open) courthouse in the same district, the concerns discussed in *Cragar* simply do not apply here. Moreover, this Court already correctly found that the COVID-19 pandemic and related indefinite closure of the Austin courthouse constitutes exactly the type of "impelling circumstance" described in *Cragar* that warrants retransfer. D.I. 352 (Order Transferring Venue to Waco) at 6-8

The case *Gorzynski v. JetBlue Airways Corp*., 10 F. Supp. 3d 408 (W.D.N.Y. 2014), cited by Intel in support of its mandamus petition, is instructive. In *Gorzynski*, a district judge *sua sponte* transferred the action to another judge in a different division of the same district. *Id.* at 410. However, the plaintiff was unhappy with the transfer, and moved the second judge to retransfer the case back to the first judge. *Id.* at 412. The second judge denied the motion, noting that retransfers are disfavored under *Cragar* and other cases, and found that:

> Here, Plaintiff has not identified any post-transfer events that would frustrate the original purpose of the transfer. ***The original purpose of the transfer was to expedite the trial of this action. Trial is now scheduled to commence in less than one month. As a result, the purpose of the transfer has been achieved.***

*Id.* at 413 (emphasis added).

Unlike in *Gorzynski,* here, the Court has not transferred the case to another judge, nor is the Court being asked to second-guess a transfer order entered by a different court. Moreover, the district court in *Gorzynski* found that transfer back to the first district was not warranted *because the purpose of the transfer, namely to expedite trial, had not been frustrated.* 10 F. Supp. 3d at 413. But exactly the opposite is true here: This Court has already found that the purpose of his original order transferring the case from Waco to Austin *will* be frustrated because the Austin courthouse is now closed indefinitely. D.I. 352 (Order Transferring Venue to Waco) at 5-8. Thus, *Gorzynski* fully supports the conclusion that this matter should be transferred back to Waco.

**V.    Conclusion**

The Court has already found that both VLSI and the Court's own trial docket will be substantially prejudiced by a lengthy delay of trial. Here, such a delay could easily and properly be avoided by transferring the case back to Waco, where VLSI originally filed it. VLSI respectfully requests that the Court transfer this action to the Waco Division under 28 U.S.C. § 1404(a).

Dated: December 23, 2020

By:    */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach (*pro hac vice*)
Iian D. Jablon (*pro hac vice*)
Alan J. Heinrich (*pro hac vice*)
Ian Robert Washburn (*pro hac vice*)
Amy E. Proctor (*pro hac vice*)
Dominik Slusarczyk (*pro hac vice*)
Elizabeth C. Tuan (*pro hac vice*)
Charlotte J. Wen (*pro hac vice*)
Brian Weissenberg (*pro hac vice*)
Benjamin Monnin (*pro hac vice*)
Jordan Nafekh (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**

- 11 -

Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*

112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

- 12 -

## CERTIFICATE OF CONFERENCE

Plaintiff VLSI Technology's counsel conferred with opposing counsel via email regarding the foregoing Motion, and opposing counsel indicated Defendant is opposed to the Motion. Accordingly, this Motion and

                                            /s/ *Andy Tindel*_____
                                            Andy Tindel

- 13 -

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 23th day of December, 2020.

/s/ *Andy Tindel*_____
Andy Tindel