**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **VLSI TECHNOLOGY LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **1:19-CV-00977-ADA (lead case)** |
| **v.** | § | |
| | § | **6:19-CV-00254-ADA (member case)** |
| **INTEL CORPORATION** | § | |
| *Defendant.* | § | |

**ORDER GRANTING PLAINTIFF VLSI'S EMERGENCY MOTION TO
RETRANSFER VENUE TO WACO PURSUANT TO 28 U.S.C. § 1404(a)**

Before the Court is Plaintiff VLSI's Motion to Transfer the -00254 case back to the Waco division pursuant to 28 U.S.C. § 1404(a), which was filed on December 23, 2020.[1]  ECF #400. Defendant Intel filed its Response on December 29, 2020. ECF #403.  VLSI filed its Reply on December 29, 2020. ECF #404.  After considering all related pleadings, the relevant law, and the party's oral arguments during a hearing conducted on December 30, 2020, the Court is of the opinion that VLSI's Motion should be **GRANTED**.

**I. Factual Background**

VLSI sued Intel for allegedly infringing eight patents across the three cases.  6:19-cv-00254, ECF #1, 6:19-cv-00255, ECF #1 and 6:19-cv-00256, ECF #1.  Intel filed a motion to transfer venue to the District of Delaware on May 20, 2019.  ECF #24.  The Court conducted a hearing on Intel's Motion to Transfer on July 31, 2019.  ECF #50.  The Court agreed with VLSI that this District is the most sensible and convenient forum when the facts of the cases are properly considered.  Transfer Order [ECF #53] at 16.

---

[1] VLSI originally filed three cases (6:19-cv-00254, 6:19-cv-00255, and 6:19-cv-00256) in the Waco division on April 11, 2019.  The Court consolidated the three cases together on September 5, 2019, where the -00254 case was the lead case. ECF #69.  The Court transferred the consolidated case to the Austin division on October 7, 2020. ECF #78.

About a week after the Court denied Intel's inter-district Motion to Transfer, Intel filed an intra-district Motion to Transfer, which would move the case from Waco to Austin. ECF #56. On October 7, 2019, the Court granted Intel's motion for intra-district transfer from the Waco Division to the Austin Division under 28 U.S.C. § 1404(a), finding that Austin was the more convenient venue at that time. ECF #78. At the time, trial for the first case was set for October 9, 2020. Oct. 7, 2019 Dkt. Entry.

Five months after that order was entered, the coronavirus pandemic began in the United States. Press Release, The White House, Message to the Congress on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (Mar. 13, 2020), https://www.whitehouse.gov/briefingsstatements/message-congress-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/.

The Court delayed the trial date twice, first to November 16, 2020 and again to January 11, 2020. ECF #161, #320. On October 9, 2020, the Court requested briefing from the parties to address whether it had authority to transfer the case back to Waco for trial. ECF #367-73. On November 20, 2020, after considering the briefing, oral arguments, and the relevant case law, the Court entered an order holding that, if the Austin courthouse did not reopen in time for a trial in early January, the trial for the -00254 case was transferred back to Waco pursuant to Rule 77(b) and the Court's inherent authority. ECF #352. Shortly after the Court entered its order, Intel filed a petition for writ of mandamus requesting that the Federal Circuit reverse this Court's order.

On December 23, 2020, the Federal Circuit granted Intel's petition and vacated this Court's retransfer order. *In re Intel*, 2020 WL 7647543, at *3 (Fed. Cir. 2020). The Federal Circuit held that neither Rule 77(b) nor this Court's inherent authority authorizes the transfer. *Id*. at *1. The Federal Circuit explained that a proper retransfer analysis must be based on a 28 U.S.C. § 1404(a)

2

analysis. *Id.* at *3. The appellate court further instructed that the § 1404(a) analysis should take into account the reasons of convenience that caused the transfer to the Austin division. *Id.* at *6.

On the same day as the Federal Circuit's order, VLSI filed the instant emergency motion to retransfer from Austin to Waco, which the parties have now fully briefed and argued before the Court on December 30, 2020.

## II. Standard of Review

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). It is well-settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers. *See, e.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district.").

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties, witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)). A motion for transfer, whether intra- or inter-district, involves a two-step analysis: 1) whether the case could have been properly brough in the forum to which transfer is sought and 2) whether transfer would promote the interest of justice and/or convenience

of the parties and witnesses. *Radmax*, 720 F.3d 285, 288; *see also In re Volkswagen of America, Inc.,* 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc).

The Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

## III. Discussion

The -00254 case plainly *could* have been brought in the Waco Division. Indeed, VLSI originally filed the case in Waco and opposed Intel's motion to transfer the cases to Austin. Accordingly, the first step in the analysis set forth in *Radmax* supports transfer back to Waco. *Radmax*, 720 F.3d 285, 288.

Under Fifth Circuit law, this Court retains discretion to retransfer an action back to the original district where it was filed when unanticipatable post-transfer events frustrate the original purpose for transfer. *In re Cragar Indus., Inc.*, 706 F.2d 503, 505-06 (5th Cir. 1983). Such unanticipated post-transfer events, in conjunction with the traditional factors bearing on a §

1404(a) analysis, are the appropriate statutory authority for moving an action from one court to another intra-district court. *Intel*, 2020 WL 7647543, at *5-6.

### A. Unanticipatable post-transfer events frustrated the original purpose for transfer to the Austin Division.

As discussed extensively in this Court's November 20, 2020 order, this Court believed and continues to believe that the decision to transfer the -00254 case back to Waco is in accord with the guidance provided in *Cragar*. ECF #352 at 6. In *Cragar*, Plaintiff filed suit in the Northern District of Mississippi, but later filed an unopposed motion to transfer to the Western District of Louisiana. *Cragar*, 705 F.2d at 504. Much later in the case, after one defendant filed a summary judgment motion, Plaintiff filed its retransfer motion seeking to return to the case to the Northern District of Mississippi, which the district court granted. *Id.* Defendants then filed a petition for a writ of mandamus regarding the transfer back to Mississippi. *Id.*

The Fifth Circuit wrote that "[w]hen such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case[.]" *Id.* at 505. The panel further stated that a retransfer should only be granted "under the most impelling and unusual circumstances." *Id.* But because the panel did not find a unanticipatable post-transfer event that frustrated the purpose of the original transfer, the panel granted Defendants' petition for writ of mandamus. *Id.* at 506. More specifically, the panel found that:

> [W]e are unable to find that any event has occurred since the original transfer that was not reasonably forseeable by [Plaintiff]. No new facts have been discovered. No new witnesses have been located. The only "change" is the realization of [Plaintiff] that his claim against Cragar cannot proceed and that General Motors may enjoy a defense in Louisiana it did not have in Mississippi, a matter concerning which we express no opinion. At best, Robinson's requested return to Mississippi is bottomed upon a realization that he may have made a tactical error in his original transfer request[.]

For ease of understanding, the following must be met to satisfy *Cragar*:

1) there must be an unanticipatable post-transfer event that
2) frustrates the original purpose for transfer and
3) retransfer should be granted under the most impelling and unusual circumstances.

The Court has stated and both parties agree that the Austin courthouse's closure due to COVID-19 was an unanticipated post-transfer event. *See* ECF #352 at 7 and ECF #403 at 3-4.  Further, the Court has stated and Intel does not dispute that the pandemic presents a quintessential "unusual and impelling circumstance" in which to order transfer. *See* ECF #352 at 7. Thus, the only remaining element is whether the pandemic has frustrated the original purpose of transferring the case to the Austin division.  To do so, the Court revaluates its § 1404(a) analysis in light of the pandemic. *Intel*, 2020 WL 7647543, at *6.

### B.   The private *Volkswagen* factors favor transferring the case to Waco.

#### i.   The "relative ease of access to sources of proof" factor is neutral.

The Court previously found that this factor weighs in favor of transferring to the Austin division.  ECF #78 at 5.  The Court's conclusion rested on three points of reasoning, all of which are moot at this time.

First, the Court found that Intel's electronic documents would be easier to access from Austin than Waco, thus weighing the factor in favor of transfer. *Id.* But, since the transfer, document discovery is complete and readily available in electronic form to all parties. Intel argues in their response that disputes may arise before or during trial which might give rise to the importance of this factor, but, as VLSI noted in their reply brief, all copies of trial exhibits have already been exchanged. ECF # 403 at 12 and ECF #404 at 4-5.

Second, the Court found that documents from third parties would be easier to access from Austin than from Waco. *Id.* But, as described above, because document discovery is complete and

available in electronic form to counsel for all parties, access to third-party documents no longer has any bearing on relative ease of access to sources of proof.

Lastly, no Intel employee from Austin, nor any Dell witness, is expected to be a witness in the upcoming trial. ECF #400 at 6. Because of changed circumstances since the Court's October 2019 Order, this factor is neutral.

### ii.    The "compulsory process" factor is neutral.

The Court previously found that this factor weighed against transfer to Austin.  ECF #78 at 6.  At that time, the only witnesses that may need to be compelled to testify at trial were the Dallas-based non-party witnesses. *Id.*  Now, however, there are now no Dallas-based fact witnesses on either party's witness list, so this factor is now neutral.

### iii.    The "cost of attendance" factor is neutral at minimum.

The Court previously found that this factor weighed strongly in favor of transfer to Austin. *Id.* at 7.  But now, for the reasons described below, this factor is, at minimum, neutral, if not weighing in favor of transferring the case to Waco.

First, it is undisputed that hotel costs in Waco are cheaper than in Austin. *Id.* at 8, ECF #404 at 4.  Second, both parties have requested and this Court has ruled that witnesses may testify via videoconferencing at trial, which fully alleviate inconvenience if there are witnesses either party decides to call who do not wish to travel. *See* ECF #404 at 4, ECF #366-2 at 2.

Third, in light of the above, for the witnesses that do travel: one will be coming from Austin and does not object to proceeding in Waco, two others that live in Austin are unlikely to be called, and the fourth lives within one hundred miles of the Waco courthouse.[2]  Nafekh Decl. ¶ 7.

---

[2] To alleviate any concern of the rare possibility of added costs, VLSI has offered to cover these witnesses' costs of attendance in Waco. ECF #65 at 6.

Thus, because hotel costs are cheaper in Waco, witnesses may testify via videoconference, Austin witnesses' costs will be minimal, and VLSI has offered to cover costs of attendance, this factor is, at a minimum, neutral toward transferring the case to Waco.

### iv.    The "all other practical problems" factor weighs in favor of transfer.

The Court previously found that this factor was neutral.  ECF #78 at 9.  Now, however, because of the pandemic, scheduling a trial in the Austin courthouse presents a practical problem: it is closed for the foreseeable future.

More specifically, on December 21, 2020, Judge Yeakel and Judge Pitman entered the Tenth Order Relating to Entry Into the United States Courthouse Austin, Texas which extends the effective closure of the Austin courthouse at least through January 31, 2021.[3, 4] This comes after Chief Judge Garcia's December 10, 2020 Eleventh Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic for the Western District of Texas which provides a courthouse the option of moving forward with trials in the Western District.[5]

By contrast, as noted in the November 2020 Order, this Court has conducted multiple in-person hearings since the pandemic began and continues to be prepared to conduct this trial and others in Waco going forward.  ECF #352 at 3.

---

[3] *See* Tenth Order Relating to Entry Into the United States Courthouse Austin, Texas (W.D. Tex. Dec. 21, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/12/TenthOrderRelatingToEntryIntoAustinCourthouse122120.pdf (visited Dec. 30, 2020).

[4] To be clear, the Court believes that the Austin courthouse will be closed for a significant portion of 2021.  In particular, the Court has been told that the Austin courthouse will remain closed through at least March 2021.  During the hearing on this this motion, the Court speculated that it thought that the Austin courthouse might be closed until June 2021, if not later.

[5] *See* Eleventh Suppl. Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Dec. 10, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/12/OrderEleventh SupplementalCOVID121020.pdf (visited Dec. 30, 2020).

Because Austin courthouse is closed for the foreseeable future, but the Waco courthouse is open, this factor weighs in favor of transferring the case to Waco for a February trial.

### C.  The public *Volkswagen* factors favor transferring the case to Waco.

#### i.      The "administrative difficulties flowing from court congestion" factor weighs in favor of transfer.

The Court previously found this factor to be neutral.  ECF #78 at 10.  But now because the Austin courthouse is closed, this case can only move forward in the Waco courthouse in the near future.  As this Court noted in the December 30 hearing, this Court is extremely busy and has at least one trial scheduled every month from now through 2022. ECF #406 at 24.  Delaying one trial means moving another.[6]

Here, the delay associated with holding the trial in Austin is not the "garden variety" delay associated with transfer.  *In re Radmax, Ltd.,* 720 F.3d 285, 289 (5th Cir. 2013).  Rather, the delay here is at least five months long (November 2020 to April 2021) and will likely be at least seven or eight months.  As such, the Court finds that this is one of those "rare and special circumstances" where "a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

But, as Intel correctly noted in their brief, this factor cannot receive dispositive or undue weight in a § 1404(a) analysis. *See* ECF #403 at 13 *citing In re Adobe Inc.,* 823 F. App'x 929, 932 (Fed. Cir. 2020).  This Court takes note of the Federal Circuit's guidance and does not attribute dispositive or undue weight to this factor but accords it weight equivalent to that given to other factors.

---

[6] Given the expected amount of trial time, the trial in this case may last more than a week which would require moving multiple other trials.

After weighing the facts and the applicable law from the Fifth and Federal Circuits, the Court concludes that this factor weighs in favor of transferring the case to Waco.

### ii.     The "localized interest" factor weighs against transfer.

The Court previously found that this factor was weighed in favor of transfer.  ECF #78 at 10.  As the parties have noted in their briefs, the facts relating to localized interest have not changed materially since the Court's October 2019 ruling.  More specifically, Intel still has a campus in Austin, the patents-in-suit still originated in Austin-based companies and inventors reside in Austin. Thus, the "localized interest" factor weighs against transferring the case to Waco.

### iii.    The remaining public factors are neutral.

Finally, the Court previously found that the remaining public factors (familiarity of the forum with law that will govern case and problems associated with conflict of laws) are neutral. Neither party argued these factors.  As such, the Court concludes that these factors are still neutral.

### IV. Conclusion

The following table summarizes the Court's conclusions for each factor and the Court's current reassessment of those factors:

| Factor | Pre-Pandemic (October 2019) | Mid-Pandemic (December 2020) |
|---|---|---|
| Relative ease of access to sources of proof | Weighs in favor of transfer to Austin | Neutral |
| Compulsory process | Slightly weighs against transfer to Austin | Neutral |
| Cost of attendance | Strongly weighs in favor of transfer to Austin | Neutral at minimum |
| All other practical problems | Neutral | Weighs in favor of transfer to Waco |
| Localized interest | Weighs in favor of transfer to Austin | Weighs against transfer to Waco |

| Administrative difficulties flowing from court congestion | Neutral | Weighs in favor of transfer to Waco |
| Familiarity of the forum with law that will govern case | N/A | N/A |
| Problems associated with conflict of law | N/A | N/A |

Previously, three factors weighed in favor of transferring to the Austin division while one factor slightly weighed against. Now, at least two factors weigh in favor of transferring the case back to Waco (*i.e.*, would have weighed against transferring to Austin), one factor is against transferring to Waco (*i.e.*, would have weighed for transferring to Austin) and the remaining factors are neutral. Thus, the pandemic has frustrated transfer by changing what was clearly more convenient pre-pandemic to what is not clearly more convenient mid-pandemic. Because this satisfies the final element of *Cragar*, the Court finds that it is appropriate to retransfer the case back to Waco pursuant to *Cragar* and 28 U.S.C. § 1404(a).

As such, the Court finds that Plaintiff VLSI's Motion to Transfer the -00254 case pursuant to 28 U.S.C. § 1404(a) should be and hereby is **GRANTED**. The Court orders -00254 case be unconsolidated from the -00977 case and **TRANSFERRED** back to the Waco Division. To be clear, nothing in this Order affects the patents in the -00255 and -000256 cases.

**SIGNED** this 31st day of December, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE