IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTEL CORPORATION,<br><br>　　　　Defendant. | **Lead Case:** 1:19-cv-977-ADA<br><br>**Nos.  6**:**19-cv-255-ADA, 6:19-cv-256-ADA**<br><br>(*Consolidated for pretrial purposes only with* 6:19-cv-254-ADA) |

**PLAINTIFF VLSI TECHNOLOGY LLC'S OPPOSED MOTION
TO TRANFER REMAINING CASES BACK TO WACO
PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................. 1

II. Brief Statement of Facts .............................................................................................. 2

III. Legal Standard ............................................................................................................ 3

IV. Argument .................................................................................................................... 5

    A. Unanticipatable Post-Transfer Events Frustrated The Original Purpose For Transferring These Cases From Waco To Austin ......................................... 5

    B. These Actions Were Originally Filed in the Waco Division. ............................... 6

    C. The Private *Volkswagen* Factors Weigh In Favor Of Waco ................................ 6

        1. The "Relative Ease Of Access To Sources Of Proof" Factor Is Neutral .................................................................................................. 6

        2. The "Compulsory Process" Factor Is Neutral ............................................. 6

        3. The "Cost Of Attendance" Factor Weighs In Favor Of Waco Or At Minimum Is Neutral ............................................................................. 6

        4. The "All Other Practical Problems" Factor Weighs Strongly In Favor Of Waco .......................................................................................... 7

    D. The Public *Volkswagen* Factors Weigh In Favor Of Waco ................................. 8

        1. The "Administrative Difficulties Flowing From Court Congestion" Factor Clearly Weighs In Favor Of Waco .............................. 8

        2. The "Localized Interest" Factor Has Not Changed ..................................... 8

        3. The Remaining Public Factors Are Neutral ................................................ 9

V. Conclusion .................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Action Indus., Inc. v. US. Fid & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ..................................................................................................9

*In re Cragar Indus., Inc.*,
   706 F.2d 503 (5th Cir. 1983) ..................................................................................................5

*Data Scape Ltd. v. Dell Techs., Inc.*,
   No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ................................4

*Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys. LLC*,
   No. 2:15-CV-00037-RWS, 2017 WL 4693513 (E.D. Tex. July 19, 2017) ..............................4

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*,
   No. 18-CV-00660, D.I. 28 (W.D. Tex. Jan. 29, 2019) ............................................................4

*In re Intel Corp.*,
   No. 2021-111, 2021 WL 217377 (Fed. Cir. Jan. 21, 2021) ...........................................1, 5, 6

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
   No. 14-CV-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ..........................................4

*In re Radmax Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ......................................................................................... passim

*Sundell v. Cisco Systems Inc.*,
   1997 WL 156824, 111 F.3d 892 (5th Cir. 1997) ....................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
   1:19-CV-00977-ADA, 2020 WL 8254867 (W.D. Tex. Dec. 31, 2020) ..................................1

*VLSI Tech. LLC v. Intel Corp.*,
   6:19-CV-00254-ADA, 2019 WL 8013949 (W.D. Tex. Oct. 7, 2019) .....................................2

*In re Volkswagen of America, Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ......................................................................4, 6, 8, 9

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................. passim

28 U.S.C. § 1404(b) ........................................................................................................................4

**Page(s)**

**Other Authorities**

Eleventh Order Relating to Entry into the United States Courthouse Austin, Texas (W.D. Tex. Austin Jan. 22, 2021) https://www.txwd.uscourts.gov/wp-content/uploads/2021/01/EleventhCovidOrderforEntryintoAustinCourthouse012221.pdf ............................................................................................................... 1, 8

Thirteenth Suppl. Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Feb. 2, 2021) https://www.txwd.uscourts.gov/wp-content/uploads/2021/02/ThirteenthSupplementalOrderCOVID020221.pdf .................... 1, 7, 8

I.      **Introduction**

On December 31, 2020, the Court transferred the lead case (6:19-cv-254-ADA) between VLSI and Intel back to Waco because the Austin courthouse remains closed indefinitely, and the interests of justice and the convenience of the parties and witnesses are better served by returning the case to Waco, where it was originally filed.  D.I. 408 at 11 (*VLSI Tech. LLC v. Intel Corp.*, 1:19-CV-00977-ADA, 2020 WL 8254867 (W.D. Tex. Dec. 31, 2020)).  The Federal Circuit then denied Intel's petition for writ of mandamus seeking to prevent the Court from effectuating the transfer back to Waco.  *In re Intel Corp.*, No. 2021-111, 2021 WL 217377, at *2 (Fed. Cir. Jan. 21, 2021).  The same reasons that supported the Court's decision to retransfer the lead case apply with at least equal, if not greater, force to the related 6:19-cv-255 and 6:19-cv-256 cases which are set for trial on April 12 and June 7, respectively.  D.I. 427.

In particular, the Austin courthouse remains closed indefinitely, while the Waco courthouse remains open.[1]  Moreover, as Intel admitted in its recent motion to continue the lead case, COVID-19 positivity rates have fallen materially in Waco (by more than 50%) since the Court transferred the lead case back to Waco.  D.I. 418-01 at 1.  In addition, since the Court's December 31 order, both parties and the Court have invested significant resources in developing and implementing additional COVID-19 safety protocols specific the Waco courthouse for the trial in the lead case that starts on February 22.  Much of that investment would be lost if the April and June trials were held

---

[1] *See, e.g.,* Thirteenth Suppl. Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Feb. 2, 2021) ("Thirteenth Supplemental COVID-19 Order"), https://www.txwd.uscourts.gov/wp-content/uploads/2021/02/ThirteenthSupplementalOrderCOVID020221.pdf; Eleventh Order Relating to Entry into the United States Courthouse Austin, Texas (W.D. Tex. Austin Jan. 22, 2021), https://www.txwd.uscourts.gov/wp-content/uploads/2021/01/EleventhCovidOrderforEntryintoAustinCourthouse012221.pdf;  D.I. 408.  VLSI anticipates that a Fourteenth Supplemental COVID-19 Order will issue in early March resulting in the formal closure of the Austin courthouse through late April.

in a different courthouse. It is thus even clearer today that Waco is a more convenient and appropriate forum for the parties and witnesses than when the Court transferred the lead case to Waco. VLSI accordingly brings this motion to transfer under § 1404(a), and respectfully requests that the Court now transfer the two related Austin cases back to Waco as well.[2]

## II.     Brief Statement of Facts

VLSI originally filed these patent infringement actions in the Waco Division of the Western District of Texas. Intel then moved to transfer the cases to the Austin Division, in significant part based upon arguments that:

- "[T]here is no reason to believe these cases would proceed more quickly in Waco than in Austin" (D.I. 56 at 13);
- "[T]he increased convenience of litigating these cases in Austin could expedite the cases" (*id*.); and
- "[T]ransfer will not delay the time to trial." (*id*.)

Intel also argued that several key trial witnesses were based in Austin, including witnesses from third-party Dell. D.I. 56 at 10-12. In October 2019, the Court accepted these arguments and granted Intel's transfer motion, finding at the time that the Austin Division would be more convenient than Waco. D.I. 78 at 9 (*VLSI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949 (W.D. Tex. Oct. 7, 2019)).

Much has changed since the Court's October 2019 ruling, and it is now clear that the transfer to Austin will substantially delay the trial dates in these cases because the Austin Division's courthouse is presently not holding any civil trials due to the pandemic, and it is unclear when that

---

[2] VLSI incorporates by reference its motion to transfer the lead case to Waco and supporting materials. D.I. 400, 400-01, 404-02. Counsel for the parties met and conferred prior to VLSI filing this motion to transfer, and Intel's motion indicated that Intel will oppose the motion.

will change. By contrast, if these cases were transferred back to Waco, the trials could proceed on the schedule that the Court reaffirmed on February 4, 2021. D.I. 427.

In addition, since the Court's October 2019 ruling transferring the cases to Austin, it has also become clear that few if any witnesses based in Austin are actually expected to testify at the trials scheduled for April 12 and June 7. Indeed, setting aside VLSI employees and other witnesses who were represented by VLSI's counsel at their depositions, VLSI is aware of only two individuals who reside in or near Austin that *might* be called at either trial. Thus, while the Court was previously led to believe that Austin was likely to be a more convenient site for numerous important witnesses, we now know that this factor no longer weighs in favor of keeping the trial in Austin (or to the extent it does so, not materially).

Because it is now clear that the cases can be tried materially faster in Waco than in Austin, and also that the great majority of the witnesses expected to testify at the upcoming trials will be coming from out of state, at least three of the eight *Volkswagen II* factors that the Court considered in its October 2019 ruling now support holding the trial in Waco, and only one factor (factor six, localized interest) still supports keeping the case in Austin. Moreover, significant time, energy, and nonrefundable economic investment has gone into planning for trials in April and June 2021, dates that the Court has recently reaffirmed. As this Court previously found, (D.I. 352 at 5-6), both VLSI and this Court's docket would be negatively impacted by a further delay of the trials in these matters. Thus, VLSI respectfully requests that the Court transfer both related actions to the Waco Division.

### III.     Legal Standard

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). In the case of intra-district transfers, however, it is well-settled that trial courts have even greater discretion in granting transfers than they do in the case of inter-district transfers. *See, e.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824,

at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district.").

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district *or division* where it might have been brought" "in the interest of justice." As the statutory text makes clear, the statute applies "as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax*, 720 F.3d at 288.

A motion for an intra-district transfer, like a motion for an inter-district transfer, involves a two-step analysis, considering first whether the case could have been properly brought in the forum to which transfer is sought, and second, whether transfer would promote the interest of justice and/or the convenience of the parties and witnesses. *Id.*; *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (5th Cir. 2008) (en banc). In that context, where an action could have been brought in the transferee division and "the transferee venue is clearly more convenient" than the transferor venue, a motion to transfer to another division "should be granted." *Data Scape Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *1 (W.D. Tex. June 7, 2019) (quoting *Radmax*, 720 F.3d at 288-90); *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 14-CV-464, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014) (granting transfer in patent case where four factors favored transfer and four were "arguably neutral"). Courts in this District have analyzed similar fact patterns often and consistently. *See, e.g.*, *Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660, D.I. 28, at 2 (W.D. Tex. Jan. 29, 2019); *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys. LLC*, No. 2:15-CV-00037-RWS, 2017 WL 4693513, at *2-3 (E.D. Tex. July 19, 2017) (transfer factors considered as of date of motion, not date case was instituted).

## IV. Argument

### A. Unanticipatable Post-Transfer Events Frustrated The Original Purpose For Transferring These Cases From Waco To Austin

The Court has already correctly found that the Fifth Circuit's decision in *In re Cragar Indus., Inc.*, 706 F.2d 503 (5th Cir. 1983) does not prohibit retransfer back to Waco under the circumstances presented here. D.I. 408 at 5, 11. Moreover, Intel has already unsuccessfully sought mandamus review by the Federal Circuit of that finding. *See In re Intel Corp.*, No. 2021-111, 2021 WL 217377.

As this Court correctly found, the facts presented here are very different than in *Cragar*. *Cragar* involved a plaintiff who successfully moved to transfer venue to a court in a different district and then, unhappy with the new venue, moved the second court to retransfer the case back to the first court. *Cragar*, 706 F.2d at 504-05. The Fifth Circuit noted the problems inherent in allowing one district judge to review the transfer order of another and ruled that under the circumstances, the plaintiff had to show "most impelling circumstances" to support retransfer. *Id.* at 505.

In contrast, VLSI originally filed these cases in Waco. Intel, not VLSI, moved the Court to keep the case on his docket but to transfer it to Austin (where this Court also routinely sits). *E.g.*, D.I. 56 at 6-9 ("As compared to the Waco Division, the Austin Division offers easier access to sources of proof"). Intel also argued that transferring the case to Austin would expedite its resolution. *E.g.*, *id.* at 9 ("The Austin Division has a greater local interest in the case than does the Waco Division"). Subsequently, not only was the Austin courthouse closed indefinitely, but other factors that Intel had previously argued supported moving the case to Austin turned out either to be non-factors or to favor Waco over Austin. *E.g.*, D.I. 282 at 6-9.

Since this Court has had the cases throughout and is not being asked to transfer them to another judge, but rather merely being asked to move them to another (open) courthouse in the same district that is approximately 102 miles away, the concerns discussed in *Cragar* simply do not apply here. Moreover, as the Court has already found, "both parties agree that the Austin courthouse's

- 5 -

closure due to COVID-19 was an unanticipated post-transfer event." D.I. 408 at 6. "Further, the Court has stated and Intel does not dispute that the pandemic presents a quintessential 'unusual and impelling circumstance' in which to order transfer." *Id.* "Thus, the only remaining element is whether the pandemic has frustrated the original purpose of transferring the case to the Austin division. To do so, the Court revaluates its § 1404(a) analysis in light of the pandemic." *Id.*

### B. These Actions Were Originally Filed in the Waco Division.

These actions plainly *could* have been brought in the Waco Division—indeed, VLSI originally filed them both in Waco and opposed Intel's motion to transfer the cases to Austin. Accordingly, the first step in the analysis set forth in *Radmax* supports transfer back to Waco. *Radmax*, 720 F.3d at 288.

### C. The Private *Volkswagen* Factors Weigh In Favor Of Waco

#### 1. The "Relative Ease Of Access To Sources Of Proof" Factor Is Neutral

The Court found in its December 31 order transferring the lead case back to Waco that this factor is now neutral as between Austin and Waco, including because "document discovery is complete and readily available in electronic form to all parties." D.I. 408 at 6. The Court's findings on this factor apply equally to the two related cases between the parties. Thus, this factor is neutral.

#### 2. The "Compulsory Process" Factor Is Neutral

The Court also found in its December 31 order that this factor is now neutral as between Waco and Austin, having previously favored Waco. D.I. 408 at 7. Again, the Court's recent findings apply equally to these two related cases.

#### 3. The "Cost Of Attendance" Factor Weighs In Favor Of Waco Or At Minimum Is Neutral

The Court made extensive findings concerning this factor in its December 31, 2020 ruling, finding the factor to be neutral "at minimum," if not favoring Waco. D.I. 408 at 7-8. As the Court found, hotel accommodations are materially less expensive in Waco than in Austin, and the vast

majority of witnesses and counsel in these related cases will be traveling from out of state. Further, the Court has already found that witnesses may appear remotely, so to the extent the parties decide to call any witnesses based in Austin, those witnesses need not make the approximately 102 mile trip from Austin to Waco if they prefer not to. *Id.* And, as before, VLSI is offering to pay for reasonable travel and accommodation costs for any non-party witness based in Austin who is called to testify in Waco. *Id.*

In addition, since the Court's December 31 order, both parties and the Court have invested significant resources in developing and implementing additional COVID-19 safety protocols specific to the Waco courthouse for the trial in the lead case that it set to start on February 22. Much of that investment would be lost if the April and June trials were held in a different courthouse. Accordingly, the "cost of attendance" factor now favors Waco, or at minimum is neutral.

### 4. The "All Other Practical Problems" Factor Weighs Strongly In Favor Of Waco.

As the Court found in its December 31 order, "Because the Austin courthouse is closed for the foreseeable future, but the Waco courthouse is open, this factor weighs in favor of transferring the case to Waco." D.I. 408 at 9. If anything, the facts before the Court today even more strongly favor Waco over Austin: the Austin courthouse remains closed indefinitely; the Waco courthouse remains open; and as Intel admits, COVID-19 infection rates have fallen significantly in Waco since the Court's prior order. D.I. 408; D.I. 418-01 at 1; Thirteenth Supplemental COVID-19 Order. In this regard, on February 2, 2021, Chief Judge Garcia entered his Thirteenth Supplemental COVID-19 Order which extends the closure of the Austin courthouse at least through March 31, 2021, but otherwise is substantively identical to the Supplemental COVID-19 Orders that are discussed at length in this Court's two orders transferring the lead case back to Waco, including that it gives this

Court the option of moving forward with trials in Waco.[3]  The Thirteenth Supplemental COVID-19 Order further demonstrates that transferring the cases back to Waco is not only reasonable under the circumstances, but is in fact necessary in order to avoid an indefinite delay in these cases and for the Court's entire trial docket.

Further, as discussed above, since December 31, the parties and the Court have made a substantial investment in developing and implementing additional COVID-19 safety protocols specific to the Waco courthouse, much of which investment would be lost if the trials in the related cases were held in a different courthouse, such as Austin.  Thus this factor weighs strongly in favor of transfer to Waco.

### D.  The Public *Volkswagen* Factors Weigh In Favor Of Waco

#### 1.  The "Administrative Difficulties Flowing From Court Congestion" Factor Clearly Weighs In Favor Of Waco

As the Court found in its December 31 order:  "The Court previously found this factor to be neutral.  D.I. 78 at 10.  But now because the Austin courthouse is closed, this case can only move forward in the Waco courthouse in the near future.  As this Court noted in the December 30 hearing, this Court is extremely busy and has at least one trial scheduled every month from now through 2022.  D.I. 406 at 24:16-18.  "Delaying one trial means moving another."  D.I. 408 at 9.  Further, the Court found that "[h]ere, the delay associated with holding the trial in Austin is not the 'garden variety' delay associated with transfer."  *Id.*  The Court's findings on this factor are clearly correct.  The public interest weighs strongly in favor of transfer.

#### 2.  The "Localized Interest" Factor Has Not Changed

The facts relating to this factor have not changed materially.  This is the only factor that supports keeping the trial in Austin.  However, it is clear under Fifth Circuit law that this factor

---

[3] *See also* Eleventh Order Relating to Entry into the United States Courthouse Austin, Texas.

should not be given outsized, let alone dispositive, weight. *E.g., In re Volkswagen*, 545 F.3d at 315 ("none [of the factors] . . . can be said to be of dispositive weight") (ellipses in original); *Action Indus., Inc. v. US. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (same). Just because this one factor favors Austin does not mean that the cases should (let alone must) remain in Austin, as Intel has incorrectly contended.

### 3. The Remaining Public Factors Are Neutral

As the Court found in its December 31 order, the remaining public factors are neutral. D.I. 408 at 10.

## V. Conclusion

For the same reasons that the Court already transferred the lead case back to Waco, the two related cases should now also be transferred under 28 U.S.C. § 1404(a). At minimum, VLSI respectfully submits that the Court should at least transfer the case set for trial on April 12 back to Waco, as it is clear that the Austin courthouse will not reopen by that time, and a further delay in the April trial can easily and properly be avoided by transferring the case back to Waco, where VLSI originally filed it.

| | |
|---|---|
| Dated: February 17, 2021 | By:   */s/ Andy Tindel* |

| | |
|---|---|
| Morgan Chu (*pro hac vice*)<br>Benjamin W. Hattenbach  (*pro hac vice*)<br>Iian D. Jablon  (*pro hac vice*)<br>Alan J. Heinrich (*pro hac vice*)<br>Ian Robert Washburn  (*pro hac vice*)<br>Amy E. Proctor (*pro hac vice*)<br>Dominik Slusarczyk (*pro hac vice*)<br>Elizabeth C. Tuan (*pro hac vice*)<br>Charlotte J. Wen  (*pro hac vice*)<br>Brian Weissenberg (*pro hac vice*)<br>Benjamin Monnin  (*pro hac vice*)<br>Jordan Nafekh  (*pro hac vice*) | J. Mark Mann (Texas Bar No. 12926150)<br>mark@themannfirm.com<br>G. Blake Thompson (Texas Bar No. 24042033)<br>blake@themannfirm.com<br>**MANN \| TINDEL \| THOMPSON**<br>300 W. Main Street<br>Henderson, TX 75652<br>Telephone: (903) 657-8540<br>Facsimile:  (903) 657-6003<br><br>Andy Tindel (Texas Bar No. 20054500) |

<div style="display: flex;">

<div>

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*

</div>

<div>

atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

</div>

</div>

- 10 -

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 17th day of February 2021.

                                                                                   /s/ *Benjamin Monnin*
                                                                                      Benjamin Monnin