# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>   Defendant. | **Lead Case:** 1:19-cv-977-ADA<br><br>**Nos. 6:19-cv-255-ADA, 6:19-cv-256-ADA**<br><br>(*Consolidated for pretrial purposes only with* 6:19-cv-254-ADA) |

**PLAINTIFF VLSI TECHNOLOGY LLC'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO TRANFER REMAINING CASES BACK TO WACO PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

      **Page**

I. Introduction ................................................................................................................ 1

II. Argument .................................................................................................................... 3

    A. Cragar Supports Retransfer ............................................................................ 3

    B. The Private Volkswagen Factors Weigh In Favor Of Waco ................................ 3

    C. The Public Volkswagen Factors Weigh In Favor Of Waco ................................ 5

III. Conclusion .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Continental Airlines, Inc. v. Am. Airlines, Inc.*,
   805 F. Supp. 1392 (S.D. Tex. 1992) ..............................................................................................4

*In re Cragar Indus., Inc.*,
   706 F.2d 503 (5th Cir. 1983) ......................................................................................................2, 3

*In re Intel Corp.*,
   No. 2021-111, 2021 WL 217377 (Fed. Cir. Jan. 21, 2021) ............................................................5

*Skilling v. United States*,
   561 U.S. 358 (2010) ........................................................................................................................5

*United States v. Lipscomb*,
   299 F.3d 303 (5th Cir. 2002) ..........................................................................................................5

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................... *passim*

I.   **Introduction**

The parties have already thoroughly briefed on multiple occasions, and this Court has already thoroughly considered, the issues relating to VLSI's request to transfer these related cases back to Waco in light of the indefinite closure of the Austin courthouse due to COVID-19.  Intel even unsuccessfully sought mandamus review by the Federal Circuit of the Court's order transferring the lead case back to Waco.  That petition was denied.  And history has shown that the Court got it exactly right in transferring the lead case back to Waco:  the parties and the Court conducted a seamless open-to-the-public trial in Waco without any known COVID-19 transmissions.

Intel argues that notwithstanding the clear success of the Court's decision to transfer the lead case back to Waco, the two related cases should remain in Austin until the Austin courthouse (someday) reopens.  Intel's arguments are not only without merit, but are also largely recycled from prior briefing that the Court already considered and rejected.  Intel ignores this Court's findings in the lead case (6:19-cv-254-ADA) that led the Court to transfer it back to Waco in December 2020.  D.I. 408 at 11.  And Intel ignores the substantial investments the Court and VLSI have subsequently made to prepare the Waco courthouse to conduct a safe trial that is also open to the public.

Intel's primary argument against transferring the related cases is Intel's assertion, without citation to evidence, that the Austin courthouse will soon reopen, resulting in only "a brief delay in the trial date—which for the second and third cases is likely to be only a couple of months at most." D.I. 434 at 2, 4.  This argument fails.  Intel's contention that Austin is about to re-open for trials is based entirely on self-serving speculation.  Austin has been closed to trials since April 2020 and no date has yet been set for re-opening.  As the Court has already found, Austin is closed for the foreseeable future.  D.I. 408 at 8.  Intel has provided no basis to find otherwise.

Further, the timing of the trials in the second and third cases has always been linked to the lead case, and trial in the lead case was ultimately continued *three* separate times due to the closure

of the Austin courthouse.  Thus, the trials in the second and third cases have *already* been substantially delayed, and they each involve dozens of participants on each side, all of whom have long been on notice of and have planned their schedules around the current April 12 date for the second trial.  Further, as the Court has explained in multiple prior orders, the Court's entire docket has been delayed due to COVID-19, so there is now an extensive trial backlog in Austin.  D.I. 408 at 9; D.I. 352 at 5-6.  "Merely" postponing these two patent trials by Intel's estimate of an additional two months would add to the already extensive backlog on the Court's docket.  Further, in contrast to Austin, the Waco courthouse is ready and able to host safe, public-friendly trials in the two related cases between the parties.  Much work would need to be done to prepare Austin in a similar fashion – to the extent it could be done at all, given the physical differences between the two courthouses.

Intel also recycles its already-rejected arguments that the Court is prohibited from retransferring the related cases back to Waco by the *Cragar* decision.  D.I. 434 at 4-5.  Intel is wrong.  As the Court already found in the lead case, "the Court has stated and Intel does not dispute that the pandemic presents a quintessential 'unusual and impelling circumstance' in which to order transfer," and "the only remaining element [of] whether the pandemic has frustrated the original purpose of transferring the case to the Austin division [was decided based on] … the Court['s] revaluat[ion of] its § 1404(a) analysis in light of the pandemic."  D.I. 408 at 6.

Under *Cragar* and a traditional § 1404(a) analysis, transferring these cases back to Waco is entirely appropriate.  This was true when the Court transferred the lead case back to Waco, and is even truer now.  Austin has been closed for trials for nearly a year, and the parties have already shown that a safe and seamless trial can be conducted in Waco, while still allowing the public to view the proceedings.  VLSI respectfully requests that the Court now transfer the two related Austin cases back to the Waco Division.

## II.     Argument

### A.     *Cragar* Supports Retransfer

As this Court found in the lead case, *In re Cragar Indus., Inc.*, 706 F.2d 503 (5th Cir. 1983) does not prohibit retransfer back to Waco under the circumstances presented here. D.I. 408 at 5, 11. Intel's argument that the factual differences between *Cragar* and the present cases are only "minor factual differences" is incorrect, and has already been rejected by this Court. D.I. 408 at 5-6, 7-8, 10; D.I. 352 at 6-8. The present cases present *none* of the concerns cutting against retransfer in *Cragar*: no concern of revisiting another judge's rulings; no concern of delay with transfer to a court that lacks knowledge of the operative facts or law; the Court's docket will benefit from transfer; no issue of venue shopping—Waco is open while Austin is closed. And, the Court has already found "an unanticipated post-transfer event" and "quintessential 'unusual and impelling circumstances'" based on the global pandemic and the closure of the Austin courthouse. D.I. 408 at 6.

### B.     *The Private Volkswagen Factors Weigh In Favor Of Waco*

Two private factors favor Waco, while two are neutral. None favor Austin.

**"Relative Ease of Access to Source of Proof" is Neutral.**  Intel's argument concerning document access was already rejected in this Court's December 2020 order. As the Court found, "document discovery is complete and readily available in electronic form to all parties." D.I. 408 at 6. Intel does not point to a single document (all of which are electronic, and source code which is accessed via Denver, CO) for which access is easier in Austin than Waco. D.I. 434 at 7. Intel's assertion that two of its *potential* witnesses are from Austin and *might* have relevant documents is unavailing. In this regard, Intel has expressly disclaimed that *any* relevant documents are located in Austin. D.I. 24-01 (Herrgott Decl. ¶ 9).

**"Cost of Attendance" favors Waco.**  Intel contends "cost of attendance" favors Austin because a number of "may call" witnesses are from Austin. D.I. 434 at 6. However, all but two

either work for VLSI or were represented by VLSI's counsel at deposition, and VLSI has offered to cover their travel expenses. Intel cannot manufacture a basis for keeping the cases in Austin by pointing to the convenience of these witnesses. Nor can it rely on the convenience of the only other two *potential* Austin witnesses, both of whom are Intel employees. *See, e.g., Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) (less weight afforded to party witnesses). In reality, the great majority of the witnesses who will actually be called at the upcoming trials are from out of state (just as in the lead case). As the Court already found, accommodations in Waco are significantly less expensive for witnesses who are traveling. D.I. 408 at 7.

Furthermore, Intel incorrectly trivializes the significant resources invested by the Court and VLSI to ensure the safety of the trial in Waco, including extensive safety equipment and hundreds of hours in preparing the Waco courthouse, and investments in technology that allowed the public to watch remotely. D.I. 434 at 7. Making similar arrangements at the Austin courthouse would be costly and time-consuming, assuming it could be done at all given the physical and technological differences between the two courthouses. For all of these reasons, the "cost of attendance" factor favors Waco, or at minimum is neutral.

**"All Other Practical Problems" Strongly Favors Waco.** Intel argues that this factor is "neutral" by ignoring undisputed facts: Waco is open and ready for trial, with considerable safety and technological protocols in place; Austin is closed. D.I. 434 at 8, 4. Intel's contrary assertion is without support. As the Court has already found, Austin remains closed indefinitely. D.I. 352 at 3.

Intel also argues that it cannot get a fair trial in Waco "just a little over a month after the enormous verdict in the first case." D.I. 434 at 9. Intel is wrong. The authorities Intel cites are inapposite, and none granted a transfer simply because of "unfavorable publicity" but rather because of other factors that are inapplicable here. With respect to publicity, transfer is only required "if the defendant can show that pretrial publicity inflamed the jury pool, pervasively prejudiced the

community against the defendant, probatively incriminated the defendant, or exceeded 'the sensationalism inherent in the [case].'"[1]  *United States v. Lipscomb*, 299 F.3d 303, 343 (5th Cir. 2002).  Intel can show none of those things here, and any alleged prejudice can easily be addressed via *voir dire*. *Id.*, 299 F.3d at 344.  Intel's remaining arguments—no prejudice to VLSI from delay and that time to trial was not an issue in Intel's original transfer motion—are meritless and have already been rejected by the Court and unsuccessfully raised by Intel with the Federal Circuit.  D.I. 408 at 9; *In re Intel Corp.*, No. 2021-111, 2021 WL 217377 (Fed. Cir. Jan. 21, 2021).

### C. *The Public Volkswagen Factors Weigh In Favor Of Waco*

In transferring the lead case back to Waco, the Court found that one public factor favors Waco, and one favors Austin.  As before, Intel ignores that the "administrative difficulties flowing from court congestion" factor clearly favors Waco.  As the Court has already found, "[d]elaying one trial means moving another," (D.I. 408 at 9), and the Court has at least one trial scheduled every month from now through 2022.  D.I. 406 at 24:16-18.  Intel raises only a single new public interest argument, contending that it is purportedly unsafe to try the case in Waco, but that it would be safe to try the case in Austin.  D.I. 434 at 9.  But this is plainly untrue – the Court has already demonstrated multiple times, including in the lead case, that trial can be conducted safely in Waco.  Moreover, Intel's argument is based on a false premise, as Austin remains closed for trial.  D.I. 408 at 10.

### III. Conclusion

For the same reasons that the Court already transferred the lead case back to Waco, the two related cases should now also be transferred under 28 U.S.C. § 1404(a).  At least three *Volkswagen* factors weigh in favor of Waco, while only one ("localized interest") favors Austin.

---

[1] *See also Skilling v. United States*, 561 U.S. 358, 360-61 (2010) (citations omitted) ("[P]rominence does not necessarily produce prejudice, and juror impartiality does not require ignorance.  A presumption of prejudice attends only the extreme case.").

| | |
|---|---|
| Dated: March 7, 2021 | By:  */s/ Andy Tindel* |

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE] — Document Filing System, to all counsel of record, on this 7th day of March 2021.

                                                  /s/ *Andy Tindel*
                                                    Andy Tindel