IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**PUBLIC VERSION**

VLSI TECHNOLOGY LLC,

Plaintiff,

v.

INTEL CORPORATION,

Defendant

Lead Case: 1:19-cv-977-ADA

(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)

██████████████

## DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT INDIRECT INFRINGEMENT OR WILLFULNESS AND OF NO POST-SUIT WILLFULNESS OR ENHANCED DAMAGES [1]

---

[1] This reply addresses issues in Case Nos. 6:19-cv-254, -255, and -256. Pursuant to the Court's consolidation order, Intel has filed this reply only in the consolidated proceeding, Case No. 1:19-cv-977.

## TABLE OF CONTENTS

I.  ARGUMENT ................................................................................................................ 1

    A.  VLSI Identifies No Evidence Supporting its Pre-Suit Indirect Infringement Claim
        ........................................................................................................................... 1

    B.  VLSI Lacks Adequate Evidence Supporting Pre-Suit and Post-Suit Willful
        Infringement Claims ............................................................................................ 1

    C.  VLSI Identifies No Evidence Supporting Enhanced Damages ............................ 3

II. CONCLUSION ............................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) ........................................................................................................................................1

*Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482 (D. Del. 2019) ................................................3

*Cont'l Circuits LLC v. Intel Corp.*, 2017 WL 679116 (D. Ariz. Feb. 21, 2017) ............................1

*Finjan, Inc. v. Juniper Networks, Inc.*, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ........................................................................................................................................1

*J&M Indus., Inc. v. Raven Indus., Inc.*, __ F.Supp.3d __, 2020 WL 2101220 (D. Kan., May 1, 2020) ................................................................................................................4

*M & C Innovations, LLC v. Igloo Prod. Corp.*, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ........................................................................................................................................3

*OpenTV, Inc., et al. v. Apple, Inc.*, 2015 WL 1535328 (N.D. Cal. April 6, 2015) ........................2

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. CV 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017)................................................................................2

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455 (D. Del. 2014) ........................................................................................................................................2

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543 (N.D. Cal. May 18, 2012)........................................................................................................................2

# I.      ARGUMENT

## A.      VLSI Identifies No Evidence Supporting its Pre-Suit Indirect Infringement Claim

In its opposition to Intel's Motion for Summary Judgment of No Pre-Suit Indirect Infringement or Willfulness and of No Post-Suit Willfulness or Enhanced Damages, at 1-3, VLSI makes no attempt to identify any evidence that Intel either knew of infringing acts by third parties or had specific intent to induce third parties to infringe on the Asserted Patents.  The Court should therefore grant summary judgment on VLSI's pre-suit indirect infringement claim.

## B.      VLSI Lacks Adequate Evidence Supporting Pre-Suit and Post-Suit Willful Infringement Claims

VLSI likewise fails to identify evidence to create a genuine dispute of material fact regarding its pre- and post-suit willful infringement claims.  VLSI is required to prove that Intel knew or should have known both of the existence of the Asserted Patents and of a risk it was infringing the Asserted Patents.  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).  VLSI's claim (Opp. at 3-4) that the standard for willful infringement does not require specific knowledge of the Asserted Patents is not supported by law.  *See e.g.*, *Finjan, Inc. v. Juniper Networks, Inc.*, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness claims where complaint contained "no factual allegations that Juniper had actual pre-suit knowledge of the eight patents-in-suit"); *Cont'l Circuits LLC v. Intel Corp.*, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) ("Plaintiff's failure to plead sufficient facts to show Intel's knowledge of the [asserted] patents is fatal to its willfulness claim.").

In support of its pre-suit willfulness claim, VLSI fails to identify any evidence sufficient to demonstrate that ***Intel*** had knowledge of the Asserted Patents prior to these lawsuits.  First, VLSI's opposition identifies *no* facts relating to Intel's knowledge of the '759, '522, '187, and '357 patents, conceding that there is no genuine dispute of material fact that Intel lacked the

required pre-suit knowledge of those patents.  Second, for three of the remaining four patents (the

'983, '485, and '025 patents), VLSI makes conclusory allegations (Opp. at 10-11) seeking to infer

Intel's knowledge of the patents from certain of its non-management level employees' knowledge

of the patents—employees who had no involvement in the design or development of the accused

products—despite the fact that courts require more than this type of employee knowledge for

willful infringement.  *See, e.g.*, *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp.

3d 455, 458, 460 (D. Del. 2014) (knowledge of asserted patents by defendant's deputy counsel and

VP could not be imputed to defendant).  Lastly, for the '373 patent, VLSI's argument that Intel

gained the requisite pre-suit knowledge of the patent when it was cited in the prosecution of one

of Intel's thousands of patents is not supported by law.  *See, e.g., Princeton Digital Image Corp.*

*v. Ubisoft Entm't SA*, No. CV 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017)

("At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during

prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of

that patent.").

Failing to identify sufficient evidence of Intel's pre-suit knowledge of the Asserted Patents,

VLSI resorts to making a series of broad and irrelevant allegations relating to Intel's policies and

practices, as well as to its purported general awareness of VLSI's patent portfolio.  Opp. at 5-9.

None of the allegations about Intel's general policies and practices have anything to do with Intel's

specific pre-suit knowledge of the Asserted Patents.  Additionally, allegations going to general

knowledge of other companies' patent portfolios are insufficient to establish willful infringement.

*See OpenTV, Inc., et al. v. Apple, Inc.*, 2015 WL 1535328, at *7 (N.D. Cal. April 6, 2015) (Court

could not "infer knowledge of particular patents from knowledge of the existence of a company's

entire portfolio of patents"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543,

at *3 (N.D. Cal. May 18, 2012) ("The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar.").

And even if VLSI had identified evidence of Intel's pre-suit knowledge (it has not), VLSI's opposition would still fail to demonstrate a genuine dispute of material fact because VLSI's opposition identifies **no** evidence that Intel knew of a risk that its conduct infringed on any of the Asserted Patents prior to these lawsuits.  Instead, VLSI attempts to blend the two requirements for willful infringement together—knowledge of the specific patents and knowledge of the risk of infringement—to completely avoid addressing the latter.  VLSI's failure to assert a genuine dispute as to any material fact regarding Intel's pre-suit knowledge of the risk of infringement alone supports summary judgment on VLSI's pre-suit willful infringement claim.  *See Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019) (knowledge of infringement is requirement for willful infringement).

Finally, VLSI fails to identify the requisite evidence for its claim of post-suit willful infringement.  VLSI simply argues that Intel has knowingly continued to make the alleged infringing products since these lawsuits were filed.  Opp. at 12-13.  But where the defendant does nothing more than continue making the same accused products it was making prior to the infringement suit, there can be no finding of post-suit willful infringement.  *M & C Innovations, LLC v. Igloo Prod. Corp.*, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018).  VLSI has presented no evidence to the contrary.

### C.    VLSI Identifies No Evidence Supporting Enhanced Damages

VLSI's opposition makes no allegations that Intel's conduct meets the "egregious" conduct standard required for enhanced damages.  VLSI identifies no facts whatsoever in support of its enhanced damages claim, and instead argues that it would be premature for the Court to grant summary judgment on this issue now even though fact and expert discovery have closed.

The standard for summary judgment is met on this issue, and it is thus not premature for the Court to grant summary judgment as other courts have in like circumstances.  *See, e.g.*, *J&M Indus., Inc. v. Raven Indus., Inc.*, __ F.Supp.3d __, 2020 WL 2101220 at \*31 (D. Kan., May 1, 2020) (granting summary judgment of no enhanced damages).  Because VLSI's opposition identifies no evidence whatsoever supporting enhanced damages in this case, the Court should grant summary judgment.

## II.    CONCLUSION

For the reasons stated above and in its motion, Intel respectfully requests that the Court grants its motion.

Dated: October 30, 2020

OF COUNSEL:

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on October 30, 2020.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

5