IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**PUBLIC VERSION**

VLSI TECHNOLOGY LLC,
Plaintiff,

v.

INTEL CORPORATION,
Defendant

Lead Case: 1:19-cv-977-ADA

(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)

**DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF ITS OPPOSED *DAUBERT* MOTION TO EXCLUDE MARK CHANDLER'S OPINIONS AND TESTIMONY IN CASE NOS. -254 AND -255[1]**

[1] This reply addresses issues in Case Nos. 6:19-cv-254 and 6:19-cv-255. Pursuant to the Court's consolidation order, Intel has filed this reply only in the consolidated proceeding, Case No. 1:19-cv-977.

# TABLE OF CONTENTS


I. MR. CHANDLER'S RELIANCE ON NON-COMPARABLE LICENSES SHOULD BE EXCLUDED DESPITE VLSI'S CLAIMS OF "REBUTTAL EVIDENCE." .................. 1

II. VLSI MISCONSTRUES THE SCOPE OF MR. CHANDLER'S OPINIONS REGARDING COMPARABILITY OF THE INTEL COMPARABLE LICENSES........ 2

III. VLSI'S ARGUMENTS ABOUT MR. CHANDLER'S [REDACTED] [REDACTED] OPINIONS ARE MISLEADING AND INCORRECT. .......................... 4

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Apple, Inc. v. Samsung Elecs. Co*., 2014 WL 794328 (N.D. Cal. Feb. 25, 2014) ..........................2

*Better Mouse Co. v. Steelseries Aps*, 2016 WL 115686 (E.D. Tex. 2016) ....................................4

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.,* 967 F.3d 1353 (Fed. Cir. 2020) ..................................3

*Corelogic Info. Sols., Inc. v. Fiserv, Inc.*, 2012 WL 12904000 (E.D. Tex. 2012)..........................3

*United States Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6896674 (E.D. Tex. 2019) ...........................................................................................................4

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997) ..................................................................4

*GREE, Inc. v. Supercell Oy*, 2020 WL 4288345 (E.D. Tex. 2020) ..............................................2

*Koenig v. Beekmans*, 2018 WL 297616 (W.D. Tex. 2018) .........................................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012) .............................2

*Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009)............................................1

*Odyssey Wireless, Inc. v. Apple Inc.*, 2016 WL 7644790 (S.D. Cal. 2016)..................................2

*Qualcomm Inc. v. Apple Inc.*, 2019 WL 259756 (S.D. Cal. 2019) ................................................3

*ResQNet.com, Inc v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010)...............................................2, 3

*Smartflash LLC v. Apple, Inc.*, 2014 WL 7336213 (E.D. Tex. 2014) ..........................................2

*Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014) ..................................................1

**Exhibits**

The exhibits cited in this reply as "Ex. __" are attached to the omnibus declaration of Kate Saxton, filed as an attachment to Intel's motions (D.I. 252-01).

## I. MR. CHANDLER'S RELIANCE ON NON-COMPARABLE LICENSES SHOULD BE EXCLUDED DESPITE VLSI'S CLAIMS OF "REBUTTAL EVIDENCE."

Intel's motion demonstrated that Mr. Chandler has improperly relied on non-comparable agreements for his opinions regarding the royalty structure of the hypothetical license. (Mot. 2-6.) VLSI does not dispute this. This alone confirms that these licenses, and Mr. Chandler's testimony about them, should be excluded at trial as legally irrelevant. *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325-32 (Fed. Cir. 2009). In its response, VLSI maintains that Mr. Chandler should be permitted to offer testimony about these non-comparable agreements as a "rebuttal" to the damages opinions of Intel's expert, Mr. Huston. (Resp. 4-8.) That argument should be rejected both as a matter of law and fact.

***First***, VLSI's argument is legally flawed given the Federal Circuit's mandate that damages experts cannot rely on license agreements at trial unless the agreements are comparable to the hypothetical license, (Mot. 2-6), without carving out any "rebuttal" exception, as confirmed by VLSI's lack of even a single case cite supporting its argument. Nor would such an exception make sense, as it would provide an improper end-run around the Court's gatekeeping function by allowing parties to use non-comparable licenses in every case simply by labeling them as "rebuttal evidence." *See Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328-31 (Fed. Cir. 2014).

***Second***, VLSI's argument also fails as a matter of fact because VLSI mischaracterizes Mr. Chandler's affirmative opinions as "rebuttal." For example, VLSI argues that Mr. Chandler appropriately relies on the Intel settlement agreements to rebut Mr. Huston's conclusion that the hypothetical license payment structure should be a lump sum. (Resp. 6.) [REDACTED] [REDACTED] (Ex. 36 -254 Rep. ¶¶ 163-66; Ex. 37 -255 Rep. ¶¶ 149-52), [REDACTED]. VLSI also suggests that Mr. Chandler should be permitted to rely on the amounts Intel paid under these non-comparable

settlement agreements to rebut Mr. Huston's calculations and support a higher amount that the parties supposedly would have agreed to pay during the hypothetical negotiation. (Resp. 6.) However, the Federal Circuit has expressly condemned using non-comparable agreements in this manner. *ResQNet.com, Inc v. Lansa, Inc.*, 594 F.3d 860, 869-70 (Fed. Cir. 2010).

Finally, VLSI claims that Mr. Chandler's use of non-comparable licenses is admissible rebuttal to Mr. Huston's argument that lump-sum payments "are the preferred form of a royalty payment for a license to microprocessor patents." (Resp. 7-8.) However, Mr. Chandler uses the non-comparable licenses for far more than his generic claim that running royalty rates are common in the industry, including by relying on the agreements for their specific payment terms and royalty amounts. (Ex. 36 -254 Rep. ¶¶ 213-35, Ex. 5, Ex. 6; Ex. 37 -255 Rep. ¶¶ 199-221, Ex. 5, Ex. 6.) The only purpose this evidence could serve is an improper attempt to make VLSI's massive damages figure look more reasonable. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79-80 (Fed. Cir. 2012).[2]

## II. VLSI MISCONSTRUES THE SCOPE OF MR. CHANDLER'S OPINIONS REGARDING COMPARABILITY OF THE INTEL COMPARABLE LICENSES.

In its motion, Intel showed that Mr. Chandler's conclusions that the Intel Comparable Agreements are not comparable are deficient and inadmissible. (Mot. 6-9.) For the seven Intel Comparable Agreements for which Mr. Chandler provided no opinion regarding technological comparability, VLSI contends that Intel's challenge goes to weight, rather than admissibility. (Resp. 8-9.) In making that argument, however, VLSI ignores Mr. Chandler's opinion that none

[2] VLSI's cited out-of-district cases do not hold otherwise. *See GREE, Inc. v. Supercell Oy*, 2020 WL 4288345, at *3-4 (E.D. Tex. 2020) (refusing to allow expert to "discuss the amounts of" non-comparable licenses); *Smartflash LLC v. Apple, Inc.*, 2014 WL 7336213, at *3 (E.D. Tex. 2014) (similar); *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 794328, at *11 (N.D. Cal. Feb. 25, 2014) (similar); *see also Odyssey Wireless, Inc. v. Apple Inc.*, 2016 WL 7644790, at *5 (S.D. Cal. 2016) (proponent of license had demonstrated that certain licenses were comparable "for [the] specific purpose" of demonstrating royalty structure).

of the Intel Comparable Agreements are "comparable" (Ex. 36 -254 Rep. § VII.A; Ex. 37 -255 Rep. § VII.A)—a conclusion that requires "consideration of whether the license at issue involves comparable technology." *Bio-Rad Labs., Inc. v. 10X Genomics Inc.,* 967 F.3d 1353, 1372-73 (Fed. Cir. 2020). Absent a technological comparability analysis, Mr. Chandler's opinions are not based on "sufficient facts or data" and therefore must be excluded. *See Koenig v. Beekmans*, 2018 WL 297616, at *7 (W.D. Tex. 2018).[3]

For the remaining Intel Comparable Agreements, VLSI argues that Mr. Chandler's reliance on the conclusory assertions of VLSI's technical experts is proper. (Resp. 9.) But expert opinions predicated on the unreliable conclusions of other experts are themselves unreliable. *E.g.*, *Qualcomm Inc. v. Apple Inc.*, 2019 WL 259756, at *3-5 & n.5 (S.D. Cal. 2019). VLSI wrongly argues that Intel's decision not to challenge the technological comparability opinions of VLSI's technical experts makes Mr. Chandler's opinion admissible. (Resp. 9.) An expert cannot rely on the unsupported testimony of other experts when rendering opinions, whether or not the other experts' opinions have been challenged. *See Corelogic Info. Sols., Inc. v. Fiserv, Inc.*, 2012 WL 12904000, at *2 (E.D. Tex. 2012) ("To the extent that CoreLogic's damages expert improperly relies on [technical expert's] testimony, that is an issue to be raised in a challenge to the damages

[3] VLSI incorrectly argues that Mr. Chandler's conclusion that [redacted] constitutes a sufficient technological comparability analysis. (Resp. 9.) To be admissible, a technological comparability analysis requires a determination of whether there is a "discernable link" between the technology disclosed by both the patent in question and the patent-in-suit. *ResQNet.com, Inc.*, 594 F.3d at 870-71. Whether the comparable patents were practiced by any Intel products has no bearing on whether such a discernable link between the technologies exists.

expert's methodology").[4]

## III. VLSI'S ARGUMENTS ABOUT MR. CHANDLER'S [REDACTED] OPINIONS ARE MISLEADING AND INCORRECT.

Intel's motion demonstrated that Mr. Chandler's opinions regarding [REDACTED] are not the proper subject of expert testimony (Mot. 8-10), because Mr. Chandler's opinions on these subjects consist of nothing more than a "presentment of evidence and an assertion, without any kind of expert analysis," which is improper and inadmissible under *Daubert*. *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6896674, at *3 (E.D. Tex. 2019). In response, VLSI claims that Mr. Chandler's opinions regarding [REDACTED] are proper responses to documents on which Intel relies for its damages case. (Resp. 9-11.) But Mr. Chandler's opinions on this topic are devoid of any expert analysis, and instead consist solely of [REDACTED] about which Mr. Chandler has no personal knowledge. (Ex. 36 -254 Rep. ¶¶ 384-99; Ex. 37 -255 Rep. ¶¶ 370-85.) This renders his opinion inadmissible. *United Servs. Auto. Ass'n*, 2019 WL 6896674, at *3.

Similarly, [REDACTED] is nothing more than the misleading recitation of deposition testimony and presentment of academic articles, dissenting Federal Circuit opinions, and non-comparable Intel settlement agreements with no relevance to this case, followed by an assertion that Intel is a "[REDACTED]." (Ex. 36 -254 Rep. ¶¶ 188-212; Ex. 37 -255 Rep. ¶¶ 174-98.) This failure to conduct any expert analysis in rendering these conclusions similarly requires exclusion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

---

[4] VLSI's reliance on *Better Mouse Co. v. Steelseries Aps*, 2016 WL 115686 (E.D. Tex. 2016), is misplaced. There, the challenging party never demonstrated that it was unreasonable for a party's damages expert to rely on the technological analysis of the technical expert. *Id.* Here, Intel's motion demonstrated that the none of the technical experts on which Mr. Chandler relied listed the patents on their materials considered, cited to the patents in their reports, or provided anything more than conclusory assertions regarding the general subject matter of each patent. (Mot. 7-8.)

Dated: October 30, 2020

Respectfully submitted,


*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

*Attorneys for Intel Corporation*

OF COUNSEL:

William F. Lee (*Pro Hac Vice)*
Louis W. Tompros (*Pro Hac Vice)*
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on October 30, 2020.

*/s/ J. Stephen Ravel*
J. Stephen Ravel