IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**PUBLIC VERSION**

VLSI TECHNOLOGY LLC,

     Plaintiff,

     v.

INTEL CORPORATION,

     Defendant

Lead Case: 1:19-cv-977-ADA

(*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA, 6:19-cv-255-ADA, 6:19-cv-256-ADA)

███████████████

**DEFENDANT INTEL CORPORATION'S REPLY IN SUPPORT OF ITS OPPOSED
*DAUBERT* MOTION TO EXCLUDE PLAINTIFF VLSI TECHNOLOGY LLC'S
EXPERTS' CONCLUSORY DOCTRINE OF EQUIVALENTS ANALYSIS FOR
U.S. PATENT NOS. 7,606,983, 7,292,485, 6,366,522, AND 6,633,187[1]**

---

[1]  This reply addresses issues in Case Nos. 6:19-cv-255 and -256.  Pursuant to the Court's consolidation order, Intel has filed this reply only in the consolidated proceeding, Case No. 1:19-cv-977.

# TABLE OF CONTENTS

I.      ARGUMENT.................................................................................................................. 1

    A.      VLSI's Attempt to Backfill its Expert Reports Fails ............................................. 1

    B.      VLSI's Remaining Arguments Are Irrelevant to the *Daubert* Inquiry.................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AquaTex Industries, Inc. v. Techniche Solutions*,
    479 F.3d 1320 (Fed. Cir. 2007)........................................................................................4

*Centricut, LLC v. Esab Group, Inc.*,
    390 F.3d 1361 (Fed. Cir. 2004)........................................................................................4

*Freight Tracking Technologies, LLC v. Virginia International Terminals, LLC*,
    2015 WL 12672086 (E.D. Va. 2015)................................................................................1

*Medtronic Inc. v. Boston Scientific Corp.*,
    558 F. App'x 998 (Fed. Cir. 2014) ..................................................................................3

*MV3 Partners, LLC v. Roku Inc.*,
    No. 18-cv-00308, D.I. 289 (W.D. Tex. June 4, 2020) ...................................................6

*nCube Corp. v. Seachange International, Inc.*,
    436 F.3d 1317 (Fed. Cir. 2006)........................................................................................1

*Orthoflex, Inc. v. ThermoTek, Inc.*,
    986 F. Supp. 2d 776 (N.D. Tex. 2013) ...........................................................................2

*Paice LLC v. Toyota Motor Corp.*,
    504 F.3d 1293 (Fed. Cir. 2007)........................................................................................2

*Salas v. Carpenter*,
    980 F.2d 299 (5th Cir. 1992) ...........................................................................................2

*Smith & Nephew, Inc. v. Arthrex, Inc.*,
    2010 WL 457142 (E.D. Tex. 2010) .................................................................................4

*Sprint Communications Co. v. Vonage Holdings Corp.*,
    500 F. Supp. 2d 1290 (D. Kan. 2007)..............................................................................4

*ViaTech Technologies Inc. v. Microsoft Corp.*,
    733 F. App'x 542 (Fed. Cir. 2018) ..................................................................................1

**Exhibits**

The exhibits cited in this reply as "Ex. __" are attached to the declaration of Kate Saxton, filed as an attachment to Defendant Intel Corporation's Reply in Support of its Motion for Summary Judgment of No Pre-Suit Indirect Infringement or Willfulness and of No Post-Suit Willfulness or Enhanced Damages, and/or to the omnibus declaration of Kate Saxton, filed as an attachment to Intel's motions (D.I. 252-01).  Exhibits cited as "VLSI Ex. __" are attached to the declaration of

Brian M. Weissenberg, filed as an attachment to VLSI's response (D.I. 293-003).

# I.     ARGUMENT

As explained in Intel's *Daubert* motion, VLSI's experts do not offer an opinion regarding infringement under the doctrine of equivalents and instead "reserve the right" to do so at some unspecified time in the future.  (Mot. 1-2.)  Such reservations of right clearly do not rise to the requisite level of "particularized testimony and linking argument."  (*Id.* at 2-3 (quoting *Gemalto S.A. v. HTC Corp.*, 754 F.3d 1364, 1374 (Fed. Cir. 2014); *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996)).)  VLSI does not dispute this.

Instead, VLSI resorts to misdirection, citing irrelevant testimony and facts in an apparent attempt to create confusion.  Each of VLSI's arguments fails.

## A.     VLSI's Attempt to Backfill its Expert Reports Fails

VLSI makes several arguments as to why its experts' testimony purportedly passes Rule 702 muster.  First, VLSI points (at 2) to its experts' ***literal infringement*** analysis and argues that such analysis provides the missing linking argument for VLSI's equivalents claims.  But it is well established that "[t]he party asserting infringement must present evidence and argument concerning the doctrine [of equivalents] and each of its elements," and that such evidence and argument "cannot merely be subsumed in plaintiff's case of literal infringement."  *nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1325 (Fed. Cir. 2006); *ViaTech Techs. Inc. v. Microsoft Corp.*, 733 F. App'x 542, 553 (Fed. Cir. 2018) ("We read this as ViaTech merely reasserting its literal infringement arguments as doctrine of equivalents argument, which is insufficient to present a separate infringement theory under the doctrine."); *Freight Tracking Techs., LLC v. Va. Int'l Terminals, LLC*, 2015 WL 12672086, at *5 (E.D. Va. 2015) ("A party cannot rely solely on testimony regarding literal infringement to compensate for cursory testimony regarding the doctrine of equivalents."), *aff'd*, 653 F. App'x 759 (Fed. Cir. 2016).  Thus, VLSI's experts were required to provide analysis separate and apart from their literal infringement analysis.

1

The single case to which VLSI cites (at 2-3) is not to the contrary.  In *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293 (Fed. Cir. 2007), the Federal Circuit affirmed a jury verdict of infringement under the doctrine of equivalents, finding that the patentee's expert testimony at trial was sufficient to support a finding of infringement even though some of that testimony pertained to literal infringement.  *Id.* at 1305.  But *Paice* did not concern a failure to disclose an equivalents opinion in an expert report, and the court merely found that much of the expert's trial testimony—which occupied more than seventy pages of transcript—addressed both literal infringement and the doctrine of equivalents, and provided the requisite linking argument.  *Id.* at 1305-06.  Here, VLSI's experts' literal infringement analysis does not mention the doctrine of equivalents nor address the function-way-result test for any claims.

Second, VLSI block quotes (at 3-5) three-sentence passages that it alleges derive from its experts' reports and that purportedly provide the missing linking analysis.  But the passages to which VLSI cites derive from its ***infringement contentions***.  VLSI's experts merely incorporate the contentions by reference in their reports, with no further analysis and without disclosing any opinions regarding the applicability of the doctrine of equivalents or the function-way-result analysis.  (Ex. 30 ¶ 298; Ex. 26 ¶ 1297.)  This incorporation by reference, without more, is insufficient, as an expert must "bring to the jury more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) (an "expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him").

Even if the passages from VLSI's contentions did in fact reflect its experts' own analysis, such analysis still would be insufficient under *Daubert*.  With respect to the '983 patent, for example, VLSI's contentions state that the accused products ███████████



(VLSI Ex. 132, at 69-70.)

But this is just a recitation of all the claim limitations.  VLSI does not explain ***how*** the accused

products perform substantially the same relevant function—VLSI merely asserts that they do.

Similarly, VLSI's '983 patent contentions state that the accused products █████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████  (*Id.*)  This again is

no more than a recitation of the claim elements (processors and controllers) and a high-level

description of the product features ████████████████  VLSI does not identify particular

processors, controllers, ████████████████████████  in those components, nor

explain ***how*** they are "substantially or exactly the same" to what is claimed.  Finally, VLSI's

'983 patent contentions state that the accused products ████████████████████████

████████████████████████████████████████████████████████████████

████████████████  (*Id.*)  But VLSI does not explain the manner in which the accused products

allegedly produce this result or how the result is "substantially or exactly the same result" as the

patent.[2]

    This "analysis" is clearly insufficient under *Daubert*.  It makes no attempt to address each

limitation nor explain how anything in the accused products is equivalent to the asserted claim

requirements.  Thus, VLSI's argument fails on its own terms.[3]  *See Medtronic Inc. v. Bos. Sci.*

---

[2]  VLSI's allegations with regard to the '485 patent suffer from the same deficiencies.  (*See* VLSI Ex. 131, at 14.)

[3]  Further, VLSI did not provide ***any*** equivalents analysis in its infringement contentions for the '522 and '187 patents, which are also covered by Intel's motion.  At the very least, therefore, Intel's motion should be granted with respect to those patents.

*Corp.*, 558 F. App'x 998, 1000 (Fed. Cir. 2014) (affirming district court's exclusion of patentee's expert report, which failed "to execute proper doctrine of equivalents analysis" and instead contained boilerplate statements parroting the legal standard); *Smith & Nephew, Inc. v. Arthrex, Inc.*, 2010 WL 457142, at *8 (E.D. Tex. 2010) (excluding under *Daubert* "boilerplate and conclusory language" that was "no more meaningful than [patentee] merely stating that the doctrine of equivalents is met for a particular element").

### B.     VLSI's Remaining Arguments Are Irrelevant to the *Daubert* Inquiry

VLSI next tries a different tack—i.e., making excuses for its experts' failure to provide admissible testimony.

First, VLSI argues (at 8) that its experts' failure to provide detailed testimony regarding the doctrine of equivalents is irrelevant because VLSI is not required to provide ***any*** expert testimony on that subject.[4]  As an initial matter, expert testimony typically ***is*** required to sustain an equivalents claim for complex technology such as at issue here.  *See Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1343 (D. Kan. 2007) ("Sprint would not be able to meet its burden of proving infringement in the absence of expert testimony because this case involves both complex technology and allegations of infringement under the doctrine of equivalents."); *see also Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004) (patentee could not withstand summary judgment on the issue of literal infringement in a case involving complex technology in the absence of expert testimony); *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007) (patentee could not withstand summary judgment on the issue of infringement under the doctrine of equivalents in the absence of expert testimony).  In any event, VLSI misunderstands the relevant inquiry.  Even where expert

---

[4]  To support this argument, VLSI incorporates by reference its response to Intel's co-pending summary judgment motion.  (Resp. 8.)  Such incorporation by reference is an improper attempt to circumvent the Court's page limit rulings.

testimony is not required to maintain a doctrine of equivalents claim, when such testimony *is* presented, it must pass Rule 702 muster, just like any other expert testimony.  VLSI's expert testimony does not come close to doing so.

Second, VLSI attempts to shift blame for its experts' lack of analysis for the '983 patent on *Intel*, arguing that "Intel's shifting" noninfringement theories made it impossible for VLSI to flesh out its doctrine of equivalents claim in its expert report.  (Resp. 6.)  Not so.  Intel's expert explained in his rebuttal report that ███████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████   (VLSI Ex. 134 ¶¶ 257-69.)   Thus, Intel's expert did not advance a new noninfringement theory, but instead responded to an unsupported and incorrect assertion by VLSI's expert.  Indeed, VLSI never moved to strike any of Intel's expert arguments, apparently recognizing that they were neither new nor improper.  The arguments provided by Intel's expert, moreover, are irrelevant to the fact that *VLSI's expert* failed to put forth any substantive arguments on the doctrine of equivalents.

Finally, VLSI asserts (at 8-9) that Intel has misrepresented facts to the Court, and that there is no factual basis for Intel's motion.  These serious accusations are misplaced and appear to be aimed at distracting the Court from the relevant inquiry.  For example, VLSI argues that Intel has long been on notice that VLSI asserts a doctrine of equivalents claim because VLSI pled doctrine of equivalents in its complaint and referenced the doctrine in passing in its interrogatory responses and infringement contentions.  (Resp. 9.)  None of that is relevant to the *Daubert* analysis.  To be sure, as explained above and in Intel's co-pending summary judgment motion, VLSI's conclusory doctrine of equivalents assertions in its complaint and infringement contentions are not sufficient to meet VLSI's burden under substantive Federal Circuit law.  But

that is not the relevant inquiry for purposes of this motion.  The inquiry here is whether VLSI's **experts' testimony** is sufficient **under Daubert**.  It clearly is not.

Likewise, the mere fact that **Intel's** experts addressed the doctrine of equivalents in their rebuttal reports does not mean that **VLSI's** experts' equivalents analysis was sufficient.  (Resp. 9-10.)  Indeed, Intel's experts expressly noted the deficiencies in VLSI's equivalents expert testimony.  (*See, e.g.*, VLSI Ex. 134 ¶ 424.)  Intel's experts also explained why, notwithstanding VLSI's failure to articulate its equivalents theory, Intel does not infringe, either literally or under the doctrine of equivalents.  Similarly, that Intel asked VLSI's experts about the doctrine of equivalents at their depositions does not mean, as VLSI argues (Resp. 10), that the experts' testimony on the subject in their infringement reports was sufficient.  *Cf. MV3 Partners, LLC v. Roku Inc.*, No. 18-cv-00308, D.I. 289, 42:13-16 (W.D. Tex. June 4, 2020) (rejecting similar argument and noting that the fact that the defendant asked the patentee's "expert a question at a deposition" about the doctrine of equivalents "doesn't mean that [the patentee] had properly proffered the opinion in advance").

At bottom, VLSI's experts' doctrine of equivalents testimony lacks substantive explanation, is not reliable, and will not assist the trier of fact.  It is therefore inadmissible under *Daubert*.  The Court should grant Intel's motion.

Dated: October 30, 2020

OF COUNSEL:

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on October 30, 2020.

*/s/ J. Stephen Ravel*
J. Stephen Ravel