# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | **Lead Case:** 1:19-cv-977-ADA<br><br>(*Consolidated with* Nos. 6:19-cv-254-ADA,<br>6:19-cv-255-ADA, 6:19-cv-256-ADA)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>████████████████<br>██████████████<br>████████████ |

### VLSI'S MEMORANDUM IN OPPOSITION TO INTEL'S
### *DAUBERT* MOTION TO EXCLUDE MARK CHANDLER'S OPINIONS AND
### TESTIMONY IN CASE NOS. -254 AND -255 (D.I. 263)

10885780

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................... 2

III.   ARGUMENT ...................................................................................................... 4

     A.    Intel's Cases Are Irrelevant To Mr. Chandler's Actual Rebuttal
          Opinions ................................................................................................ 4

     B.    Mr. Chandler Properly Relies On Other Agreements To Rebut Mr.
          Huston's Opinions On The Form Of Royalty And Industry Practices .................. 5

          1.    Intel's Arguments Regarding Technological Comparability
                Again Miscomprehend That Mr. Chandler Rebuts Mr. Huston's
                Opinions ................................................................................... 8

     C.    Intel Mischaracterizes Mr. Chandler's Opinions On ███████ ................... 9

     D.    Mr. Chandler's Testimony On The Evidence Underlying Alleged Offers
          Made By ███████████ ............................................................... 11

IV.   CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014) (Rader, J. dissenting)............................................................10

*Apple, Inc. v. Samsung Electronics Co.*,
  No. 12-cv-630, 2014 WL 794328 (N.D. Cal. Feb. 25, 2014) ....................................................7

*Better Mouse Co., LLC v. Steelseries Aps*,
  No. 14-cv-198, 2016 WL 115686 (E.D. Tex. Jan. 9, 2016) ......................................................9

*Bio-Rad Laboratories, Inc. v. 10X Genomics Inc.*,
  967 F.3d 1353 (Fed. Cir. 2020)..................................................................................................4

*Elbit Sys. Land and C4I Ltd. v. Hughes Network Systems, LLC*,
  927 F.3d 1292 (Fed. Cir. 2019)..................................................................................................5

*GREE, Inc. v. Supercell Oy*,
  Nos. 19-cv-070-JRG, 19-cv-071-JRG, 2020 WL 4288345 (E.D. Tex. July 27,
  2020) ......................................................................................................................................5, 7

*Intelligent Verification Systems, LLC v. Microsoft Corp.*,
  No. 12-cv-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015)...................................................4

*Laser Dynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)......................................................................................................4

*Lucent Technologies, Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009)..................................................................................................4

*In re MSTG, Inc.*,
  675 F.3d 1337 (Fed. Cir. 2012)..................................................................................................5

*Odyssey Wireless, Inc. v. Apple Inc.*,
  No. 15-cv-1735, 2016 WL 7644790 (S.D. Cal. Sept. 14, 2016)...............................................7

*Prism Technologies LLC v. Sprint Spectrum L.P.*,
  849 F.3d 1360 (Fed. Cir. 2017)..................................................................................................5

*ResQNet.com, Inc. v. Lansa, Inc.*,
  594 F.3d 860 (Fed. Cir. 2010)....................................................................................................4

*Smartflash LLC v. Apple, Inc.*,
  Nos. 13-cv-447-JRG, 13-cv-448-JRG, 2014 WL 7336213 (E.D. Tex. Dec. 23,
  2014) ......................................................................................................................................7, 8

**Page(s)**

*Uniloc USA, Inc. v. Samsung Electronics America, Inc.*,
No. 17-cv-651, 2019 WL 2267212 (E.D. Tex. May 28, 2019) .................................................4

*VirnetX, Inc. v. Cisco Systems, Inc.*,
767 F.3d 1308 (Fed. Cir. 2014)..............................................................................................4

**Statutes**

35 U.S.C. § 284.............................................................................................................................2

\* Unless otherwise noted, internal citations and subsequent history are omitted, and emphasis is added.

\*\* Numbered exhibits are attached to the Declaration of Brian M. Weissenberg. Lettered exhibits are attached to the corresponding expert declaration of Mark Chandler.

## I.     INTRODUCTION

Intel's *Daubert* motion against VLSI's licensing expert, Mark Chandler, in Case Nos. 6:19-cv-254-ADA (the "'254 Case") and 6:19-cv-255-ADA (the "'255 Case"), is based on a blatant misrepresentation of Mr. Chandler's opinions. In the very first sentence of its "Argument" section, Intel claims that "Mr. Chandler purports to offer a comparable license analysis under which he concludes that the result of the hypothetical negotiation in this case would have been ███████ ████." D.I. 263 at 2. The very premise of Intel's motion is bizarrely off base. ███████████ ████████████████████████████████████████████████████████████ ████████████████████ Instead, he is drawing on his decades of licensing experience to rebut the opinions of Intel's damages expert, Hance Huston, and Intel's damages arguments generally.

Intel's mischaracterization of Mr. Chandler's opinions infects its entire Motion. For example, Intel seeks to exclude "Mr. Chandler's royalty rate" because it purportedly "depends on licenses that Mr. Chandler never even attempts to show are comparable to the hypothetical license." *Id*. But Mr. Chandler is not proposing a royalty rate, and he is not presenting a comparable license analysis. Intel also seeks to exclude Mr. Chandler's testimony rebutting Mr. Huston's opinions on the ground that Mr. Chandler purportedly "failed to offer a valid comparability analysis." *Id*. at 1. In fact, Mr. Chandler explains why the license agreements on which Mr. Huston relies are actually ***not*** comparable to the hypothetical negotiation. Intel's complaints about Mr. Chandler failing to establish comparability, along with its cited cases—in which experts' affirmative damages opinions were excluded for failure to establish comparability—are irrelevant to Mr. Chandler's ***rebuttal*** opinions.

To the limited extent Intel's motion addresses any of Mr. Chandler's actual opinions, Intel presents no viable basis for exclusion. Mr. Chandler offers permissible rebuttal opinions. Intel's disagreements with those opinions are matters for cross-examination, not exclusion.

## II.     FACTUAL BACKGROUND

For the two cases at issue in this motion, VLSI is presenting its affirmative damages case solely through its main damages expert, Dr. Ryan Sullivan. As 35 U.S.C. § 284 provides, Dr. Sullivan's damages opinion is based on "the use made of the invention by [Intel]," and in particular, on the economic value of Intel's use of VLSI's patented technology in its accused products. *See, e.g.*, VLSI's concurrently-filed opposition to Intel's Sullivan *Daubert* Motion.

In contrast, Intel's Mr. Huston's damages opinion is completely divorced from the value of Intel's use of VLSI's patented technology. D.I. 276 at 32–44. Mr. Huston bases his opinions in significant part on ██████████████████████████████████████████████████ ███████. ███████████████████████████████████████████████████ ██████████████████████████████████. *Id.* at 22. In fact, the testimony of Intel's 30(b)(6) witness on patent licensing, James Kovacs, made clear that, █████████████████████████ ███████████████████████████████████████████████████████████████████ ███████ Ex. A, Chandler 254 Rpt. ¶¶ 189–91; Ex. B, Chandler 255 Rpt. ¶¶ 175–77. Mr. Kovacs further testified that ██████████████████████████████████████████████████████ ██████████████████████████████████. Ex. A, Chandler 254 Rpt. ¶¶ 193–99; Ex. B, Chandler 255 Rpt. ¶¶ 179–85. ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. A, Chandler 254 Rpt. ¶¶ 200–12; Ex. B, Chandler 255 Rpt. ¶¶ 186–98. ████████████████████████████████████████████ ███████████████████████████████████████████████████████████████. Ex. A, Chandler 254 Rpt. ¶¶ 163–65, 200; Ex. B, Chandler 255 Rpt. ¶¶ 149–51, 186.

Given his reliance on █████████████████████████████████████████, it is not surprising that Mr. Huston opines that ████████████████████████████████-

████████████ Mr. Chandler rebuts Mr. Huston's opinions. As a general matter, Mr. Chandler explains how ███████████████████████████████████████████████████████ ████████████ are at odds with a proper hypothetical negotiation patent damages analysis. Ex. A, Chandler 254 Rpt. ¶¶ 188–212; Ex. B, Chandler 255 Rpt. ¶¶ 174–98. The touchstone for such an analysis is an assessment of the value of the infringer's use of the patented technology. But ██ ██████████████████████ are not probative of that issue. Mr. Chandler states:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████

Ex. A, Chandler 254 Rpt. ¶¶ 196–97; Ex. B, Chandler 255 Rpt. ¶¶ 182–83. Mr. Chandler explains how, for these and other reasons, the agreements on which Mr. Huston relies are not "comparable licenses" for a hypothetical negotiation analysis. He further explains that █████████████ ███████████████████████████████████████████████████████ ██████████████████████████████ Ex. A, Chandler 254 Rpt. ¶¶ 200–12; Ex. B, Chandler 255 Rpt. ¶¶ 186–98. He contrasts ██████████████████████████████████████ ███████████████████████████████████████████████████████

████████████████████. Ex. A, Chandler 254 Rpt. ¶¶ 163–165, 200; Ex. B, Chandler 255 Rpt., ¶¶ 149–51, 186. He also rebuts Mr. Huston's opinion that ███████████████ ███████████████████████████████████████ Ex. 66, Huston 254 Rpt. ¶ 140; Ex. 67 Huston 255 Rpt. ¶ 133. Mr. Chandler presents evidence that ██████ other companies in the industry have entered into running royalty agreements. Ex. A, Chandler 254 Rpt. ¶¶ 163–65, 200; Ex. B, Chandler 255 Rpt. ¶¶ 149–51, 186.

## III.   ARGUMENT

### A.   Intel's Cases Are Irrelevant To Mr. Chandler's Actual Rebuttal Opinions

Intel's flagrant misrepresentation of Mr. Chandler's opinions leads it to rely on inapposite caselaw. As noted above, Mr. Chandler is not offering an affirmative comparative license analysis nor an ultimate damages amount. Nevertheless, Intel relies on cases in which a court excluded an expert's affirmative damages opinion for failure to perform a proper comparative license analysis. These cases have no relevance to Mr. Chandler's rebuttal opinions. Instead, they only apply to: (1) experts **_actually proffering_** an affirmative damages opinion; **_and_** (2) testimony relying on the potentially excluded licenses for the damages **_amount_**. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (*Georgia-Pacific* "factor [2] examines whether the licenses **_relied on by the patentee in proving damages_** are sufficiently comparable to the hypothetical license at issue in suit."). In fact, each of Intel's cases involved a party offering allegedly non-comparable license agreements in support of a damages amount. *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870–73 (Fed. Cir. 2010); *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372–74 (Fed. Cir. 2020); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1329–31 (Fed. Cir. 2014); *Laser Dynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 80–81 (Fed. Cir. 2012); *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 17-cv-651, 2019 WL 2267212, at *11–13 (E.D. Tex. May 28, 2019); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No.

12-cv-525, 2015 WL 1518099, at *2 (E.D. Va. Mar. 31, 2015). None of these cases excluded testimony from a rebuttal expert such as Mr. Chandler here.

**B.    Mr. Chandler Properly Relies On Other Agreements To Rebut Mr. Huston's Opinions On The Form Of Royalty And Industry Practices**

Mr. Huston's opinions that ███████████████████████████████ ███████████████████████████████████████████████████████ are contradicted by the evidence Mr. Chandler has marshalled in rebuttal. This evidence includes ████ ██████████████████████████████████████████████████████ ██████████████████ other license agreements from the semiconductor industry that refute Mr. Huston's opinion that █████████████████████████████████████ █████ Ex. A, Chandler 254 Rpt. ¶¶ 163–65, 217–28, 232–34; Ex. B, Chandler 255 Rpt. ¶¶ 149–51, 203–14, 218–20. Intel's *Daubert* motion repeatedly lambasts Mr. Chandler's opinions for "ignoring" real world evidence. *See, e.g.*, D.I. 263 at 8. Ironically, Intel now attempts to exclude real world evidence because that evidence contradicts Intel's manufactured narratives. In any event, this is proper rebuttal evidence regardless of whether these agreements would be deemed "comparable" for an affirmative damages case. *See, e.g.*, *GREE, Inc. v. Supercell Oy*, Nos. 19-cv-070-JRG, 19-cv-071-JRG, 2020 WL 4288345, at *3–4 (E.D. Tex. July 27, 2020) (accused infringer's expert could rely on licenses for which he had not established as sufficiently comparable to rebut patentee's expert's reasonable royalty opinions as to the form of the royalty).

Taking the settlement agreements first, the Federal Circuit has "previously explained that prior settlements can be relevant to determining damages." *Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019) (citing *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1369 (Fed. Cir. 2017)); *see also In re MSTG, Inc.*, 675 F.3d 1337,

1348 (Fed. Cir. 2012) ("Our cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalties.").

Here, Mr. Chandler points to Intel's settlement agreements for two important reasons: *first*, to rebut Mr. Huston's narrative that "████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████████ ████████" *See* Ex. 66, Huston 254 Rpt. ¶ 7; Ex. 67, Huston 255 Rpt. ¶ 7. Mr. Chandler opines that ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Ex. A, Chandler 254 Rpt. ¶ 164; Ex. B, Chandler 255 Rpt. ¶ 150. *Second*, Mr. Chandler relies on Intel's settlement agreements as evidence of ██████████████████████. As Mr. Chandler opines, ████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Ex. A, Chandler 254 Rpt. ¶ 200; Ex. B, Chandler 255 Rpt. ¶ 186; *see also* Ex. A, Chandler 254 Rpt. ¶ 210; Ex. B, Chandler 255 Rpt. ¶ 196 ████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████. ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ Ex. A, Chandler 254 Rpt. ¶¶ 163–165, 200; Ex. B, Chandler 255 Rpt. ¶¶ 149–51, 186.

With respect to ████████████████████████████████████, Mr. Chandler points to those agreements to counter Mr. Huston's argument that ████████ ████████████████████████████. As Mr. Chandler opined, ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████ Ex. A, Chandler 254 Rpt. ¶¶ 233–34; Ex. B, Chandler 255 Rpt. ¶¶ 219–20. Based on this and other evidence, Mr. Chandler opines that ████████████████████ ████████████████████████████████████████████████ ████████ Ex. A, Chandler 254 Rpt. ¶ 235; Ex. B, Chandler 255 Rpt. ¶ 221. Courts have consistently held that an expert may rely on a license agreement for the form of royalty without establishing comparability. *See, e.g.*, *GREE*, 2020 WL 4288345, at *3 (E.D. Tex. July 27, 2020) ("Therefore, *Smartflash* stands for Supercell's proposition that an expert does not need to first establish comparability of prior licenses in order to rely on them to determine the ***form*** a reasonabl[e] royalty would take in a hypothetical negotiation.") (citing *Smartflash LLC v. Apple, Inc.*, Nos. 13-cv-447-JRG, 13-cv-448-JRG, 2014 WL 7336213, at *3 (E.D. Tex. Dec. 23, 2014)). *See also Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-630, 2014 WL 794328, at *11 (N.D. Cal. Feb. 25, 2014) (expert permitted to rely on licenses in record for "the form of the reasonable royalty (lump-sum versus running royalty)"); *Odyssey Wireless, Inc. v. Apple Inc.*, No. 15-cv-1735, 2016 WL 7644790, at *5 (S.D. Cal. Sept. 14, 2016) (same).

Finally, Mr. Chandler's reliance on surveys conducted by the Licensing Executive Society and searches in the ktMINE database (a database that compiles and makes searchable publicly available licensing agreements) is similarly proper. Like the ████████████████

███████████████████████████, Mr. Chandler relies on this evidence to counter Mr.

Huston's arguments that ████████████████████████████████████████

██████████████████████████████ Ex. 66, Huston 254 Rpt. ¶ 134; Ex. 67,

Huston 255 Rpt. ¶ 127. For example, Mr. Chandler opines that ███████████████

████████████████████████████████████████████████████████████

█ ████████████ ████████ ███████████ ███████ ████████ ██████████ ████████ █████

███████ Ex. A, Chandler 254 Rpt. ¶ 229; Ex. B, Chandler 255 Rpt. ¶ 215. Courts have held that

experts may use exactly this type of evidence in opining on the form of a reasonable royalty. *See*

*Smartflash*, 2014 WL 7336213, at *3 ("Defendants take issue with Mr. Mills's use of the Licensing

Executive Survey, asserting the licenses surveyed do not sufficiently compare to the hypothetically

negotiated license . . . Mr. Mills's use of the Licensing Executive Society Survey when discussing

the form of the royalty is . . . an issue of evidentiary weight.") (discussing the same Licensing

Executive Society surveys Mr. Chandler cites).

> **1.    Intel's Arguments Regarding Technological Comparability Again Miscomprehend That Mr. Chandler Rebuts Mr. Huston's Opinions**

Intel's criticisms on how Mr. Chandler addresses the technological comparability of Mr.

Huston's proffered agreements fail for the same reasons articulated above—as a rebuttal expert,

Mr. Chandler does not bear the burden to establish technological comparability or lack thereof. It

is *Intel's* burden to show that Mr. Huston's agreements are both economically and technologically

comparable to a license that would result from a hypothetical negotiation here. Therefore, any

arguments Intel may have regarding (1) whether Mr. Chandler's reports contain opinions on

technological comparability; or (2) the sufficiency of the technical experts' testimony, upon which

Mr. Chandler relies, are not issues for admissibility and are not proper for a *Daubert* motion.

Moreover, for each of the ███ agreement Mr. Huston proffers, Mr. Chandler *does* opine that, unlike the patents-in-suit, he has seen no evidence that ████████████████████ ██████████████████ Ex. A, Chandler 254 Rpt. ¶¶ 245–383; Ex. B, Chandler 255 Rpt. ¶¶ 231–369. Given the ████████████████████████, such technology cannot be technologically comparable to VLSI's infringed technology. In any event, Mr. Chandler is relying on VLSI's technical experts for his opinions on lack of technological comparability. Mr. Chandler is entitled to rely on those experts, whose opinions on this issue Intel has not even challenged. *See Better Mouse Co., LLC v. Steelseries Aps*, No. 14-cv-198, 2016 WL 115686, at *2 (E.D. Tex. Jan. 9, 2016) (allowing technical comparability evidence where defendant "has not directly challenged the relevance and reliability" of technical expert's comparability analysis).

## C.     Intel Mischaracterizes Mr. Chandler's Opinions On ████████████████

Intel's complaints regarding Mr. Chandler's testimony on ██████████████████ are similarly unfounded. Intel argues that Mr. Chandler's opinions should be excluded because they are "based purely on [his] unsupported assertions." D.I. 263 at 9. But Mr. Chandler bases his opinions on numerous pieces of evidence, including:

- ████████████████████████████████████████████████████ ████████████████████████████████████████ *see* Ex. 145, Kovacs Depo. 114:19–22; *see also id.* 16:9–13; 45:2–9; 92:24–93:2; 131:17–132:1; 195:8–11; 203:24–204:2; 207:9–12; 252:19–21; 254:15–24; 256:25–257:3; 259:7–11; 260:18–24; 261:3–6; and 264:21–24; Ex. A, Chandler 254 Rpt. ¶¶ 193, 210; Ex. B, Chandler 255 Rpt. ¶¶ 179, 196;

- ████████████████████████████████████████████████████ ██████████████, *see* Ex. A, Chandler 254 Rpt. ¶¶ 163–65, 200; Ex. B, Chandler 255 Rpt.

¶¶ 149–51, 186; Ex. 242, Chandler Depo. 200:23–201:13;

- The deposition testimony of James Kovacs, Intel's Associate General Counsel and Director of the Licensing, Trademarks, and Standards Group (as well as Intel's 30(b)(6) licensing designee), who ███████████████████████████████████████████████████ ██████████████████████████████████████████████████. Ex. 145, Kovacs Depo. 49:6–50:2; *see also, e.g.*, *id.* 57:22–58:17, 59:24–61:5, 61:10–63:5, 65:18–66:23, 90:10–91:13, 94:13–96:10, 96:21–97:25;

- Academic articles discussing ██████ including how "some manufacturers, with no R&D investment of their own, have simply refused to license patents of good faith innovators. Instead, implementers openly infringe patented technologies and brazenly dare patentees to file suit," Ex. 245 (Kappos article); and

- Caselaw recognizing the concept of ██████████. *See, e.g.*, *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1233 (Fed. Cir. 2014) (Rader, J. dissenting).

As Mr. Chandler explains in his report, ████████████████████████████ ██████████████████████████. Ex. A, Chandler 254 Rpt. ¶¶ 188–212; Ex. B, Chandler 255 Rpt. ¶¶ 174–98. For example, in such an analysis, there is no place for ███████ ███████████████████████████████████████████████ ███████████████ In addition, the hypothetical negotiation is designed to assess the value of the infringer's use of the claimed invention of the patents-in-suit. In contrast, Intel ███████ █████████████████████████████████████████████ █████████████████████████████████████████ Mr. Chandler's opinions on the significant gap between a proper patent damages analysis and ████████ ██████████████ are highly relevant. There is no basis for Intel's request to exclude such

proper rebuttal testimony.

**D.    Mr. Chandler's Testimony On The Evidence Underlying Alleged Offers Made By** ███████████ **Is Proper**

Finally, Intel seeks to exclude Mr. Chandler's opinions with respect to ███████████

███████████. Intel claims that Mr. Chandler is impermissibly making "credibility

determinations." D.I. 263 at 10. Not so. Mr. Chandler is simply responding to the documents on

which Intel relies and offering an opinion that they do not evidence ███████████

███████ Ex. A, Chandler 254 Rpt. ¶¶ 384–99; Ex. B, Chandler 255 Rpt. ¶¶ 370-85. The fact that

Mr. Huston comes to a different conclusion is not a basis on which to exclude Mr. Chandler's

opinions. ███████████████████████████████████████

████████████████████████████████████████████

███████. But Mr. Chandler is not compelled to agree to Intel's interpretation of the scant and

ambiguous record on which Intel relies for this argument. These issues are subject to cross-

examination, not exclusion.

## IV.    CONCLUSION

Intel has not provided any defensible reasons to exclude Mr. Chandler's testimony. For the

foregoing reasons, VLSI respectfully requests that the Court deny Intel's motion.

Respectfully submitted,

Dated: October 22, 2020                    By:        */s/ Andy Tindel*

Morgan Chu (*pro hac vice*)                J. Mark Mann (Texas Bar No. 12926150)
Benjamin W. Hattenbach  (*pro hac vice*)   mark@themannfirm.com
Iian D. Jablon  (*pro hac vice*)           G. Blake Thompson (Texas Bar No.
Alan J. Heinrich  (*pro hac vice*)         24042033)
Ian Robert Washburn (*pro hac vice*)       blake@themannfirm.com
Amy E. Proctor  (*pro hac vice*)           **MANN | TINDEL | THOMPSON**

Dominik Slusarczyk  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
dslusarczyk@irell.com
etuan@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Michael H. Strub, Jr.  (*pro hac vice*)
Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
mstrub@irell.com
bredjaian@irell.com

300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

*Attorneys for VLSI Technology LLC*

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via e-mail on October 22, 2020.

  <u>/s/ Jordan Nafekh</u>
  Jordan Nafekh