**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC, | |
| Plaintiff, | **Case No**: 6:19-cv-255-ADA |
| | (*Consolidated for pretrial purposes only with* Nos. 6:19-cv-254-ADA *and* 6:19-cv-256-ADA) |
| v. | **JURY TRIAL DEMANDED** |
| | ███████████████ |
| INTEL CORPORATION, | |
| Defendant. | |

**PLAINTIFF VLSI TECHNOLOGY LLC'S RESUBMITTED MOTIONS IN LIMINE**
(FROM CASE NO. 6:21-CV-57)

10923296

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

VLSI MIL No. 1.3—Indefiniteness Arguments Not Raised During Claim Construction (D.I. 363 at 4)...................................................................................................3

VLSI MIL No. 1.4—Fact Witness Testimony As To Subjects On Which Intel Instructed Its Witnesses Not To Answer Questions (D.I. 363 at 5)..................................4

VLSI MIL No. 1.5—Topics As To Which Intel Refused Or Failed To Provide Testimony (D.I. 363 at 6)....................................................................................6

VLSI MIL No. 1.7—Alleged Inventor Misconduct Before The PTO (D.I. 363 at 10)...............7

VLSI MIL No. 2.3—Pejorative Descriptions Of VLSI's Corporate Structure Or Business Model (D.I. 364 at 4) ........................................................................8

VLSI MIL No. 2.4—Argument That VLSI's Damages Requests Are Unprecedented, A Lottery Ticket, Exaggerated, Are The Product Of Overreaching, Or Similar Disparaging Terms (D.I. 364 at 5) ...............................................................9

VLSI MIL No. 2.7—References To Forum Shopping, Litigation Abuse, Or The Western District Of Texas As A Popular Venue For Patent Litigation Or As An Improper Venue (D.I. 364 at 7) .....................................................................10

VLSI MIL No. 2.8—Attorney Fee Agreements Between VLSI And Its Counsel (D.I. 364 at 8)...........................................................................................11

VLSI MIL No. 2.9—Allegations That VLSI Is Improperly Withholding Documents On The Basis Of Privilege Or Has Destroyed Documents (D.I. 364 at 9) .....................11

VLSI MIL No. 2.10—Michael Stolarski's Juvenile Arrest And The State Bar Complaint Against Him As To Which He Prevailed (D.I. 364 at 10)...........................12

VLSI MIL No. 3.1—Opinions of Julie Davis (D.I. 365 at 1)....................................................13

VLSI MIL No. 3.3—Evidence Or Argument That Damages Could Potentially Be Enhanced (D.I. 365 at 9) ...........................................................................19

VLSI MIL No. 4.1—Intel's Products Practicing Or Benefitting From "Comparable" Third-Party Patents (D.I. 368 at 1).................................................................20

VLSI MIL No. 4.4—Evidence Or Argument That VLSI Patents Are Not Valuable Because They Were Not Infringed (D.I. 368 at 9).........................................22

VLSI MIL No. 5.3—Evidence Or Argument That Is Inconsistent With The Court's Claim Constructions (D.I. 369 at 6).................................................................23

**Page**

VLSI MIL No. 5.5—Value And Propriety Of Patents Acquired From Others (D.I. 369
    at 9) .................................................................................................................25

VLSI MIL No. 5.6—VLSI's Experts' Prior Retentions And Prior Court Rulings Or
    Jury Verdicts Involving VLSI's Experts' Opinions In Other Litigations (D.I.
    369 at 9) ..........................................................................................................26

VLSI MIL No. 6.1—Intel's Alleged Unclean Hands Defense (D.I. 370 at 1) ...........................27

VLSI MIL No. 6.3—Disparaging The PTO And Its Examiners (D.I. 370 at 3) .......................29

VLSI MIL No. 6.4—Prosecution Histories (D.I. 370 at 4) ........................................................30

VLSI MIL No. 6.5—Withdrawn Or Narrowed Claims (D.I. 370 at 5) .....................................31

VLSI MIL No. 6.6—Non-Elected Prior Art (D.I. 370 at 7) .......................................................32

VLSI MIL No. 6.7—Allegations That Individual Claim Elements Were In The Prior
    Art (D.I. 370 at 8) ...........................................................................................34

VLSI MIL No. 6.8—Comparing Accused Products To Prior Art (D.I. 370 at 9) .....................34

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) .......................................31

*Allergan Sales, LLC v. UCB, Inc.*,
No. 2:15-cv-01001-JRG-RSP, 2016 WL 8201783 (E.D. Tex. Nov. 2, 2016).........................28

*AquaTex Indus. v. Techniche Sol.*,
419 F.3d 1374 (Fed. Cir. 2005)..............................................................................................30

*Avocent Huntsville Corp. v. ClearCube Tech., Inc.*,
No. CV-03-S-2875-NE, 2006 WL 7132021 (N.D. Ala. July 28, 2006) .................................24

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
49 F.3d 1575 (Fed. Cir. 1995).................................................................................................35

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*,
141 F. Supp. 2d 320 (E.D.N.Y. 2001) ....................................................................................27

*Bright Response, LLC v. Google, Inc.*,
No. 2:07-CV-371-CE, 2010 WL 11057072 (E.D. Tex. July 30, 2010)....................................9

*Broadcom Corp. v. Emulex Corp.*,
No. SACV 09-01058-JVS, 2011 WL 13130705 (C.D. Cal. Aug. 10, 2011)...........................31

*Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc.*,
21 F.R.D. 347 (S.D.N.Y. 1958) ................................................................................................5

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
No. C 10-3428 PSG, 2012 WL 13170064 (N.D. Cal. July 13, 2012) ....................................32

*Candy Craft Creations, LLC v. Gartner*,
No. 2:12-CV-91, 2015 WL 6391202 (S.D. Ga. Oct. 22, 2015)..............................................12

*CardSoft, Inc. v. Verifone Sys., Inc.*,
No. 2:08-CV-98-RSP, 2012 WL 1995302 (E.D. Tex. Jun. 4, 2012)......................................11

*Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Sols.*,
P.C., 482 F.3d 1347 (Fed. Cir. 2007).......................................................................................3

*Cliffe v. Am. Suzuki Motor Corp.*,
No. CIV.A. 01-2949, 2003 WL 26114073 (E.D. La. Mar. 13, 2003) ....................................14

**Page(s)**

*Cordis Corp. v. Boston Sci. Corp.*,
    561 F.3d 1319 (Fed. Cir. 2009)...................................................................................31

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963 (E.D. Tex. July 12, 2016) ...............9, 30, 33

*Droplets, Inc. v. Overstock.com, Inc.*,
    No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642 (E.D. Tex. Dec. 10, 2014).................10, 29

*E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*,
    No. 3:09CV58, 2011 WL 13079493 (E.D. Va. May 16, 2011)...............................................28

*Eaton Corp. v. Parker-Hannifin Corp.*,
    No. CIV.A. 00-751-SLR, 2003 WL 179992 (D. Del. Jan. 24, 2003).....................................24

*In re EchoStar Commc'ns Corp.*,
    448 F.3d 1294 (Fed. Cir. 2006)...............................................................................................4

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*,
    No. 2:15-CV-1202-WCB, 2017 WL 959592 (E.D. Tex. Mar.13, 2017)...................................8

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    No. 2:15-CV-00011- RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017).............................25

*eTool Development, Inc. v. Nat'l Semiconductor Corp.*,
    No. 2:08-CV-19-WCB, 2011 WL 12677158 (E.D. Tex. Dec. 12, 2011)...............................28

*EVM Sys., LLC v. Rex Med., L.P.*,
    No. 6:13-CV-184, 2015 WL 11089476 (E.D. Tex. June 10, 2015).................................27, 30

*EZ Dock, Inc. v. Schafer Sys.*,
    No. CIV.98-2364(RHK/AJB), 2003 WL 1610781 (D. Minn. Mar. 8, 2003).........................23

*Falise v. Am. Tobacco Co.*,
    No. 99 CV 7392 (JBW), 2000 WL 1804602 (E.D.N.Y. Nov. 30, 2000)...............................11

*Finalrod IP, LLC v. John Crane, Inc.*,
    NO. 7:15-CV-00097-ADA, 2019 WL 4061703 (W.D. Tex. May 30, 2019) ...........................3

*Genband US LLC v. Metaswitch Networks Corp.*,
    No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015)........................32

*Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*,
    705 F. Supp. 2d 1265 (D.N.M. 2010) ...............................................................................24, 27

*Heatransfer Corp. v. Volkswagenwerk*,
    A. G., 553 F.2d 964 (5th Cir. 1977).....................................................................................20

**Page(s)**

*Helicos Biosciences v. Illumina, Inc.*,
    858 F. Supp. 2d 367 (D. Del. 2012)...................................................26

*i4i Ltd. P'ship v. Microsoft Corp.*,
    670 F. Supp. 2d 568 (E.D. Tex. 2009)...................................................9

*Intellectual Ventures II LLC v. FedEx Corp.*,
    No. 2:16-CV-00980-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) .....................26, 33

*In re Kahn*,
    441 F.3d 977 (Fed. Cir. 2006)...................................................34

*Kinetic Concepts, Inc. v. Bluesky Med. Corp.*,
    No. CIVASA-03-CA-0832RF, 2006 WL 6505348 (W.D. Tex. May 31, 2006) ...................32

*Kleppinger v. Texas Dep't of Transp.*,
    283 F.R.D. 330 (S.D. Tex. 2012)...................................................5

*Linear Grp. Servs., LLC v. Attica Automation, Inc.*,
    No. 13-10108, 2014 WL 4206871 (E.D. Mich. Aug. 25, 2014)...............................24

*Liquid Air Corp. v. Rogers*,
    834 F.2d 1297 (7th Cir. 1987) ...................................................20

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)...................................................22

*Markman v. Westview Instruments., Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) (en banc)...................................................30

*Mass Engineered Design, Inc. v. Planar Sys., Inc.*,
    No. 3:16-CV-1510-SI, 2018 WL 3323762 (D. Or. July 6, 2018)............................20

*Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*,
    No. CV 16-0084 FMO, 2017 WL 2929379 (C.D. Cal. May 12, 2017)..............................28

*MediaTek inc. v. Freescale Semiconductor, Inc.*,
    No. 11-CV- 5341 YGR, 2014 WL 971765 (N.D. Cal. Mar. 5, 2014) ...........................25

*Metaswitch Networks Ltd. v. Genband US LLC*,
    No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ...................29, 34

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
    No. C 08-04990 JW, 2012 WL 2339762 (N.D. Cal. June 7, 2012).........................12

*Microscan Sys., Inc. v. Cognex Corp.*,
    No. 1-14-cv-06952-JSR (S.D.N.Y. Apr. 28, 2015) ...................................25

**Page(s)**

*Mobile Telecomms. Tech., LLC v. Zte (USA) Inc.*,
No. 2:12-CV-946-JRG, 2016 WL 8260584 (E.D. Tex. July 22, 2016).............................8, 31

*Morris v. Long*,
No. 1:08-CV-01422-AWI, 2012 WL 1498889 (E.D. Cal. Apr. 27, 2012) ...............................5

*Music Choice v. Stingray Digital Grp. Inc.*,
No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019)......................25

*MV3 Partners LLC v. Roku, Inc.*,
No. 6:18-cv-00308-ADA, ECF No. 332, slip op. (W.D. Tex. Sep. 29, 2020)
(Albright, J.)..................................................................................................................... *passim*

*Nguyen v. Excel Corp.*,
197 F.3d 200 (5th Cir. 1999) .................................................................................................4

*Nobelbiz, Inc. v. Global Connect, L.L.C.*,
No. 6:12- CV-244, 2015 WL 11072170 (E.D. Tex. Sept. 2, 2015)........................................34

*In re NTP, Inc.*,
654 F.3d 1279 (Fed. Cir. 2011)............................................................................................34

*In re Omeprazole Patent Litig.*,
536 F.3d 1361 (Fed. Cir. 2008)............................................................................................35

*Packet Intelligence LLC v. Netscout Sys., Inc.*,
No. 2:16-cv-230-JRG, ECF No. 228 (E.D. Tex. Sept. 29, 2017) ..........................................36

*Paice LLC v. Hyundai Motor Co.*,
No. CIV.A. MJG-12-499, 2015 WL 5158727 (D. Md. Sept. 1, 2015)..............................20, 24

*Parthenon Unified Memory Architecture LLC v. Apple, Inc.*,
No. 2:15-cv-621-JRG-RSP, ECF No. 246 (E.D. Tex. Sept. 21, 2016)............................11, 36

*Pei-Herng Hor v. Ching-Wu Chu*,
699 F.3d 1331 (Fed. Cir. 2012)............................................................................................28

*Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*,
161 F.3d 696 (Fed. Cir. 1998)................................................................................................3

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)............................................................................................25

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*,
No. CV 08-309-LPS, 2018 WL 5631531 (D. Del. Oct. 31, 2018) ..........................................5

**Page(s)**

*Radware, Ltd. v. F5 Networks, Inc.*,
No. 13-CV-02024-RMW, 2016 WL 590121 (N.D. Cal. Feb. 13, 2016), *order clarified*, 2016 WL 9001260 (N.D. Cal. Feb. 22, 2016).........................................................32

*Raymond v. U.S.A. Healthcare Ctr.-Fort Dodge, L.L.C.*,
No. C 05-3074-MWB, 2007 WL 1455862 (N.D. Iowa May 9, 2007) ...................................12

*Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*,
No. 2:13-CV-213-JRG-RSP, ECF No. 248 (E.D. Tex. Jan. 30. 2015).............................30, 36

*Robinson v. Ford Motor Co.*,
967 F.Supp. 482 (M.D. Ala. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998)................................14

*Sanyo Energy v. BYD Co.*,
No. 2002CV01900-B(AJB), 2004 WL 5571408 (S.D. Cal. Nov. 24, 2004).........................14

*United States ex rel. Scutellaro v. Capitol Supply, Inc.*,
No. CV 10- 1094 (BAH), 2017 WL 9889370 (D.D.C. Sept. 20, 2017) .................................19

*Semcon IP Inc. v. Huawei Device USA Inc.*,
No. 2:16-cv-00437-JRG-RSP, ECF No. 290, slip op. (E.D. Tex. Dec. 15, 2017) ......................................................................................................................................36

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
637 F.3d 1269 (Fed. Cir. 2011).............................................................................................29

*Simmons Food, Inc. v. Indus. Risk Insurers*,
No. 5:13-CV-05204, 2015 WL 12914256 (W.D. Ark. Oct. 6, 2015).....................................14

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*,
No. 2:09-cv-289, 2012 WL 13207358 (E.D. Tex. April 3, 2012) .........................................30

*SSL Servs., LLC v. Citrix Sys., Inc.*,
No. 2:08- CV-158-JRG, 2012 WL 12906091 (E.D. Tex. May 24, 2012) ..............................11

*Summit Data Sys. v. EMC Corp.*,
No. 10-749-GMS, 2014 WL 4955689 (D. Del. Sept. 25, 2014).............................................26

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
279 F.3d 1357 (Fed. Cir. 2002).......................................................................................35, 36

*Toshiba Corp. v. Imation Corp.*,
No. 09-CV-305-SLC, 2013 WL 1248633 (W.D. Wis. Mar. 26, 2013),
supplemented, No. 09-CV-305-SLC, 2013 WL 7157854 (W.D. Wis. Apr. 5, 2013) ......................................................................................................................................24

**Page(s)**

*Transclean Corp. v. Bridgewood Servs.*,
  290 F.3d 1364 (Fed. Cir. 2002)...............................................................23

*Van v. Language Line Servs., Inc.*,
  No. 14-CV-03791-LHK, 2016 WL 3566980 (N.D. Cal. June 30, 2016) ..............................12

*Velcro Indus. B.V. v. Taiwan Paiho Ltd.*,
  No. CIV. 04-CV-242-JD, 2005 WL 2573383 (D.N.H. Oct. 12, 2005) ..............................3, 25

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
  No. 2:17-cv-00456-JRG, Dkt. 166 (E.D. Tex. Nov. 14, 2018)...............................29

*Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*,
  2019 WL 3334563 (E.D. Mich. July 25, 2019) ..............................................22

*Weil v. Inv./Indicators, Research & Mgmt., Inc.*,
  647 F.2d 18 (9th Cir. 1981) .................................................................5

*Zenith Electronics Corp. v. PDI Commc'n Sys., Inc.*,
  522 F.3d 1348 (Fed. Cir. 2008).............................................................36

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*,
  No. 2:14-CV-203-JRG-RSP, 2015 WL 8274055 (E.D. Tex. Dec. 8, 2015)..........................25

**Statutes**

35 U.S.C. § 261 ...............................................................................26

35 U.S.C. § 282 ...............................................................................29

35 U.S.C. § 284................................................................................9, 19

**Rules**

Fed. R. Civ. Proc. 37(c)(1)....................................................................6

Fed. R. Evid. 401 ........................................................................*passim*

Fed. R. Evid. 402 ........................................................................*passim*

Fed. R. Evid. 403 ........................................................................*passim*

Fed. R. Evid. 404 .............................................................................8, 10

Fed. R. Evid. 404(b)...........................................................................13

Fed. R. Evid. 608 .............................................................................13

**Page(s)**

Fed. R. Evid. 609 ..................................................................................................................13

Fed. R. Evid. 609(b)............................................................................................................13

Fed. R. Evid. 609(d)............................................................................................................13

*Numbered exhibits were previously filed as attachments to the Declaration of Charlotte J. Wen, which is available at D.I. 363 (Case No. 1:19-cv-977-ADA).

**TABLE OF PRIOR RULINGS**

With respect to the below motions in *limine*, the parties have agreed to submit the exact same briefing that was previously submitted in connection with the trial in Case No. 6:21-CV-00057-ADA (*VLSI Case 1*).  In other words, the motion briefing in this Resubmitted Motion in Limine is identical to the briefs that VLSI submitted, and Intel's forthcoming opposition briefing will also be identical to Intel's briefs submitted for the first trial.  Below is a table containing the Court's previous rulings on these motions, copied from Order On Oral Rulings, *VLSI Case 1*, D.I. 507:

| Dkt. | MIL | Decision |
|------|-----|----------|
| 363 | VLSI MIL No. 1.3 – Indefiniteness arguments not raised during claim construction | Granted, but if the door is opened at trial, the parties are directed to apprise the Court outside of the presence of the jury. |
| 363 | VLSI MIL No. 1.4 – Fact witness testimony instructed not to answer | Granted - because irrelevant; fact witnesses may only testify about facts |
| 363 | VLSI MIL No. 1.5 – Intel refused to provide testimony | Granted - because irrelevant |
| 363 | VLSI MIL No. 1.7 – Alleged inventor misconduct before the PTO | Granted |
| 364 | VLSI MIL No. 2.3 – Pejorative description of the Plaintiff | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.4 – Damages are unprecedented or lottery ticket | Granted |
| 364 | VLSI MIL No. 2.7 – Forum shopping | Granted |
| 364 | VLSI MIL No. 2.7 – Litigation abuse | Granted |
| 364 | VLSI MIL No. 2.7 – Western District as a popular venue | Granted |
| 364 | VLSI MIL No. 2.8 – Attorney fee agreements between VLSI and its counsel | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.9 – Allegations of any discovery abuse including withholding docs or destruction of docs by either party | Granted (as to both parties). |
| 364 | VLSI MIL No. 2.10 – Michael Stolarski's juvenile arrest | Granted |
| 365 | VLSI MIL No. 3.1 – Julie Davis | Denied |
| 365 | VLSI MIL No. 3.3 – Possibility that damages could be enhanced | Granted |

| Dkt. | MIL | Decision |
|------|-----|----------|
| 368 | VLSI MIL No. 4.1 – Intel's products practicing comparable third party patents | Denied, but going to take it up with relevant witnesses and address it with respect to relevance. |
| 368 | VLSI MIL No. 4.4 – Patents not valuable because they were not infringed | Resolved by the Court's ruling on VLSI's Daubert motion challenging the testimony of Dr. Colwell (D.I. 276). |
| 369 | VLSI MIL No. 5.3 – Evidence or argument contrary to claim constructions | Granted as to all sides |
| 369 | VLSI MIL No. 5.5 – Value and propriety of acquiring patents from others | Granted |
| 369 | VLSI MIL No. 5.6 – Prior retentions and court rulings in other courts | Granted as to both sides if the door is opened casting experts in a negative light, experts are able to explain why. |
| 370 | VLSI MIL No. 6.1 – Intel's Alleged Unclean Hands Defense | Granted |
| 370 | VLSI MIL No. 6.3 – Disparaging The PTO And Its Examiners | Granted unless door is opened |
| 370 | VLSI MIL No. 6.4 – Prosecution history | Denied |
| 370 | VLSI MIL No. 6.5 – Withdrawn or narrowed claims | Granted |
| 370 | VLSI MIL No. 6.6 – Non-Elected Prior Art | Granted – Relevant to damages, but not a decision on admissibility for other purposes; parties may ask and object to non-elected prior art or individual claim elements - applies to both parties (below) (Intel not going to offer prior art for damages purposes that was not already included in expert reports and parties are instructed to object at trial). |
| 370 | VLSI MIL No. 6.7 – Allegations That Individual Claim Elements Were In The Prior Art | Granted (Need to be discussed in the context of damages or obviousness rather than individually) (also see above -applies to both parties). |
| 370 | VLSI MIL No. 6.8 – Comparing Accused Products To Prior Art | Objections can be made with respect to admissibility |

Plaintiff VLSI Technology LLC respectfully moves the Court *in limine* for an order excluding any reference, evidence, testimony (both lay and expert), or arguments concerning the below topics. Per agreement of the parties, each of these briefs were previously submitted to the Court already.

### VLSI MIL No. 1.3—Indefiniteness Arguments Not Raised During Claim Construction (D.I. 363 at 4)

"A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998). This Court's Order Governing Proceedings – Patent Cases provides that "[t]he parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness." At 7. If a party does not raise indefiniteness arguments during claim construction, it waives the right to make those arguments at trial. *See Finalrod IP, LLC v. John Crane, Inc.*, NO. 7:15-CV-00097-ADA, 2019 WL 4061703, at *2 (W.D. Tex. May 30, 2019) (holding that motion for summary judgment "should be denied because [defendants] waived their argument that the 'compressive force' limitations were indefinite by failing to raise this issue during the case's claim construction phase") (citing *Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac Sols.*, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("The district court found that [the defendant] waived any argument with respect to this term by failing to raise it during the claim construction phase. We agree.")) (Albright, J.); *Velcro Indus. B.V. v. Taiwan Paiho Ltd.*, No. CIV. 04-CV-242-JD, 2005 WL 2573383, at *3 (D.N.H. Oct. 12, 2005) (granting motion in limine to prohibit defendant from presenting any evidence or argument at trial that the term "unacceptable deformation" was indefinite where defendant did not raise that argument during claim construction).

The Court should therefore preclude Intel from presenting any evidence or argument that any claim terms were indefinite if it did not raise those arguments during claim construction.

**VLSI MIL No. 1.4—Fact Witness Testimony As To Subjects On Which Intel Instructed Its Witnesses Not To Answer Questions (D.I. 363 at 5)**

It is well established that a party may not use the attorney-client privilege as both a sword and a shield. *See In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006); *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999) (referring to "client's inability to, at once, employ the privilege as both a sword and a shield").

Intel's counsel relied on the attorney-client privilege to prevent VLSI from examining its witnesses about information on which they relied to opine that Intel did not infringe VLSI's patents or that VLSI's patents were invalid. *See, e.g.,* ███████████████████████████
████████████████████████████████████████

Intel also has relied on the privilege to prevent VLSI from examining its employees as to whether Intel received any advice, whether formal or informal, about whether Intel was infringing VLSI's patents. ████████████████████████████████████

Intel has also used the attorney-client privilege to block testimony on whether Intel practices third-party patents covered by licenses or agreements that Intel now relies on as allegedly comparable to a license that would result from a hypothetical negotiation in this case, or even whether Intel conducted any infringement analysis of those specific patent claims at all. *See, e.g.,* ███████████████████████████████████████████████████ *See also* MIL No. 4, Section I.

Therefore, Intel should be precluded from introducing evidence or arguments from its fact witnesses to suggest that the patents are either invalid or not infringed, that Intel had received any

- 4 -

advice about those subjects,[1] or that Intel has practiced or analyzed infringement of the third-party patents acquired or licensed under agreements Intel relies on as allegedly comparable. *See Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (noting that a privilege holder "may elect to withhold or disclose, but after a certain point his election must remain final"); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. CV 08-309-LPS, 2018 WL 5631531, at *1 (D. Del. Oct. 31, 2018) (excluding evidence of subjective intent to infringe that was not disclosed during discovery); *Morris v. Long*, No. 1:08-CV-01422-AWI, 2012 WL 1498889, at *5 (E.D. Cal. Apr. 27, 2012) (holding that party cannot mention any item withheld as privileged).

VLSI would be unfairly prejudiced if Intel is permitted to introduce testimony at trial on subjects that it claimed during depositions were privileged or as to which it blocked cross-examination.[2] One of the primary purposes of depositions is to obtain information for use on cross-examination and for the impeachment of witnesses. *See Kleppinger v. Texas Dep't of Transp.*, 283 F.R.D. 330, 335 (S.D. Tex. 2012); *Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc.*, 21 F.R.D. 347, 360 (S.D.N.Y. 1958). Intel deprived VLSI of the opportunity to learn what witnesses would say regarding the subjects as to which they were instructed not to answer and cannot now take VLSI by unfair surprise by offering that testimony for the first time at trial.

---

[1] For the additional, independent reasons described in MIL No. 5, the Court should preclude all of Intel's lay witnesses from offering non-infringement and invalidity opinions.

[2] ████████████████████████████████████████████

### VLSI MIL No. 1.5—Topics As To Which Intel Refused Or Failed To Provide Testimony (D.I. 363 at 6)

Rule 37(c)(1) of the Federal Rules of Civil Procedure establishes a self-executing sanction for failing to make required disclosures: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Intel should be precluded from presenting factual testimony on the subjects for which it refused to offer witnesses to testify in a Rule 30(b)(6) capacity, and on which its Rule 30(b)(6) witnesses disclaimed knowledge or were not prepared to testify.

First, Intel refused to offer witnesses to testify on, for example, the below Rule 30(b)(6) topics, and should be precluded from offering evidence or argument relating to these topics:

- Topic No 191: "All facts and circumstances Relating To any efforts or due diligence by Intel to determine if the Accused Products or any other Intel product would infringe the Asserted Patents, including but not limited to any opinions of counsel relating to the Asserted Patents."

- Topic No. 192: "Whether Intel instructs its employees on avoiding infringement of others' intellectual property, and the programs, policies, and steps employed towards such avoidance."

Ex. 8, Intel's June 2, 2020 Objections and Responses to VLSI's 30(b)(6) Notice at 235-237.





**VLSI MIL No. 1.7—Alleged Inventor Misconduct Before The PTO (D.I. 363 at 10)**

Intel has not pleaded an inequitable conduct defense in this action. As a result, Intel should be precluded from presenting any testimony, argument, or insinuation that any inventors or patent prosecutors acted improperly, provided inaccurate or incomplete information to the PTO, or

attempted to or did deceive the PTO during prosecution. Courts routinely refuse to allow evidence of misconduct during patent prosecution when it has no relevance to any asserted claim or defense at trial. *See, e.g.*, *MV3 Partners*, No. 6:18-cv-00308-ADA, at 3 (precluding party from using evidence related to the duty of candor or equitable conduct) (Albright, J.); *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-WCB, 2017 WL 959592, at *4 n.6 (E.D. Tex. Mar.13, 2017) ("[T]he Court will not allow Lilly to argue misconduct or impropriety in the patent prosecution unrelated to any of the defenses that Lilly has pleaded and asserted during the pretrial process.").

**VLSI MIL No. 2.3—Pejorative Descriptions Of VLSI's Corporate Structure Or Business Model (D.I. 364 at 4)**

These terms are unfairly prejudicial under Rule 403, and improper character evidence under Rule 404.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

**VLSI MIL No. 2.4—Argument That VLSI's Damages Requests Are Unprecedented, ██**
**████████████████████████████████ Or Similar**
**Disparaging Terms (D.I. 364 at 5)**

Intel has suggested that it will attempt to offer evidence or argument that the total amount

of damages that VLSI is seeking in this litigation is unprecedented, ████████████████████

██████████████████████ For example, ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Putting aside that the requests are in fact not unprecedented, the patent laws provide for

damages to a prevailing patent holder in an amount that compensates for "the use made of the

invention by the infringer." 35 U.S.C. § 284. The damages VLSI is seeking are determined,

individually for each patent asserted in this case, by an objective calculation of a reasonable royalty based on, among other things, application of the *Georgia-Pacific* factors. The damages VLSI is seeking are also entirely reasonable: Intel has reaped billions of dollars in profits from the accused products, and VLSI is seeking damages based only on the exact incremental contribution that the patents-in-suit made to those profits.

Intel can challenge the results of that calculation based on the methodology or other factors specific to the patents-in-suit here, but should not be permitted to offer evidence or argument disparaging, in the abstract, the amount of royalties to which VLSI is entitled or comparing the damages that VLSI is seeking to damage demands or awards in other cases or for other patents, particularly with no evidence that any of those other awards is comparable to the patents here.

██████████████████████████████████████████████████████████████

████████████████████████████████████████████ Such evidence or argument is inadmissible under Federal Rules of Evidence 401, 402, and 403.

████████████████████████████████████████████████████████
███████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

testimony suggesting that Droplets filed in Marshall, Texas for an improper or underhanded purpose or that the EDTX is a popular patent venue. Granted.").



**VLSI MIL No. 3.1—Opinions of Julie Davis (D.I. 365 at 1)**

The opinions of Intel's rebuttal damages expert Julie L. Davis should be excluded because they are cumulative of, and an improper attempt to bolster, the opinions of Intel's other damages experts. Ms. Davis admits in her report that her role was limited ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮ Ex. 16, Davis Rpt. (-254 Case) at 2. But Intel has *four other damages experts*.

Ms. Davis also "██████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████ The Court should exclude her cumulative and improper testimony in its entirety.

Courts routinely exclude cumulative expert opinion testimony, because it serves no purpose other than to improperly bolster the testimony of other experts. Such testimony is irrelevant under Rules 401 and 402 and more prejudicial than probative under Rule 403. *See, e.g.*, *Simmons Food, Inc. v. Indus. Risk Insurers*, No. 5:13-CV-05204, 2015 WL 12914256, at *2 (W.D. Ark. Oct. 6, 2015) ("Generally, Holcomb may not offer opinion testimony which would be cumulative to the expert testimony of Simmons' other retained expert (Dan Ryan). Further, Holcomb may not offer opinions which serve no purpose other than to 'bolster' Ryan's opinions."); *Sanyo Energy v. BYD Co.*, No. 2002CV01900-B(AJB), 2004 WL 5571408, at *1 (S.D. Cal. Nov. 24, 2004) (granting "an order to preclude duplicative and cumulative expert witness testimony"); *Cliffe v. Am. Suzuki Motor Corp.*, No. CIV.A. 01-2949, 2003 WL 26114073, at *1 (E.D. La. Mar. 13, 2003) ("Defendant's Motion in Limine to exclude the expert testimony of Robert Self is GRANTED. Any expert testimony would be cumulative in view of the testimony of Eric Campo"); *Robinson v. Ford Motor Co.*, 967 F.Supp. 482, 487 n. 2 (M.D. Ala. 1997), *aff'd*, 144 F.3d 56 (11th Cir. 1998) ("An opinion ... which simply parrots the opinion of another does not assist the trier of fact, and thus, is inadmissible ...").

████████████████████████████████████████████████████

████████████████████████████████████████████████████

did not formulate her ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ and did not ███████████

█████████████████████████████ Although Ms. Davis opined ████████████████████████████████

█████████████████████████ ████████████████████████████████████████

████ . █████████ She also did not ██████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████ █████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████ When Intel's counsel tried to rehabilitate this

testimony, Ms. Davis could only offer a generic statement that she did ████████████ the other

experts had ██████████████████████████████████████████████ Intel's

only purpose in presenting Ms. Davis's duplicative testimony is to ██████████████████████

█████████████████████████████████ . As the authorities cited above confirm, this

is an improper purpose under Rules 401, 402 and 403.

Moreover, Ms. Davis not only admitted that ████████████████████████████████

████████████████████████████████████████████████████████

█████████████ . For example, Intel offers the opinion of Dr. Lorin Hitt to ███████████

██████████████████████████████████████████ █████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████ This is incorrect, but for purposes of this motion, the relevant point is that Ms.

Davis offers the same opinion[3] by ███████████████████████ for that opinion. ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████ Ms. Davis thus seeks to bolster Intel's other

damages experts by simply ████████████████████████. This circularity heightens

the prejudice to VLSI.

The following table identifies representative examples of Ms. Davis's remaining opinions

and her admissions that her opinion ████████████████████████████████:



| Opinion | Admission of Cumulativeness |
|---|---|

---

[3] *See e.g.*, Ex. 16, Davis Rpt. at 20 ("████████████████████████████████████████████████████████").

| Opinion | Admission of Cumulativeness |
|---|---|



10923296



| Opinion | Admission of Cumulativeness |
|---|---|



This direct testimony confirms that Ms. Davis's duplicative testimony has no place at trial.

**VLSI MIL No. 3.3—Evidence Or Argument That Damages Could Potentially Be Enhanced (D.I. 365 at 9)**

The patent laws authorize the Court to increase the damages awarded by the jury in this case of up to three times the amount found or assessed. 35 U.S.C. § 284. VLSI moves to exclude during the trial any evidence or argument that the Court may later increase the amount of damages awarded. This is irrelevant to the issues to be tried and should be excluded under Rules 401 and 402. Further, any such references would be "more prejudicial than probative and would only serve to confuse and prejudice the jury, while potentially causing the jury inappropriately to adjust its determinations downward." *United States ex rel. Scutellaro v. Capitol Supply, Inc.*, No. CV 10-1094 (BAH), 2017 WL 9889370, at *1 (D.D.C. Sept. 20, 2017) (excluding evidence of treble damages under False Claims Act because "there is a risk that a jury could use knowledge of the trebling of damages and statutory penalties 'as an intimation to keep the damages at a low level, in view of the fact that the amount allowed by the jury would be multiplied by three'").

For these reasons, courts routinely have granted motions in limine to exclude evidence that

damage awards might later be increased. *See Heatransfer Corp. v. Volkswagenwerk*, A. G., 553 F.2d 964, 989 n.21 (5th Cir. 1977) (rejecting argument that "trial court erred in refusing to inform the jury that any damages awarded would be trebled, pursuant to Section 4 of the Clayton Act"); *Paice LLC v. Hyundai Motor Co.*, No. CIV.A. MJG-12-499, 2015 WL 5158727, at *1 (D. Md. Sept. 1, 2015) ("Exclude any argument, evidence, or testimony concerning Plaintiffs' requests for enhanced damages and attorneys' fees. GRANTED. There shall be none of this."); *Mass Engineered Design, Inc. v. Planar Sys., Inc.*, No. 3:16-CV-1510-SI, 2018 WL 3323762, at *6 (D. Or. July 6, 2018) ("No party may discuss the potential that the Court may enhance the damages awarded by the previous jury if the jury in the second trial makes a finding of willfulness."); *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987) ("Defendants also object to the trial court's refusal to allow defendants to explain the treble damage provision of RICO to the jury. Such information is irrelevant to a jury's deliberations and may confuse or prejudice the jury. It is properly excluded."). The Court also should exclude such evidence here.

**VLSI MIL No. 4.1—Intel's Products Practicing Or Benefitting From "Comparable" Third-Party Patents (D.I. 368 at 1)**

During discovery, Intel did not identify any licenses or agreements that cover patents Intel actually practices in any of its products; it █████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████

In a related *Daubert* motion, *see* D.I. 276 at 20-26, VLSI has moved to exclude Intel expert Dr. Colwell's opinion about these third-party patents and their vague relationship to certain products, including because ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████. But if the Court does not exclude Dr. Colwell's opinion in its entirety, it should preclude Intel from offering evidence or argument that any of its products practice any of the patents implicated by these allegedly comparable licenses and patent sales. There is no such evidence in the record, and accordingly, it would be improper for Intel to attempt to make any such suggestion now.

Further, any attempt by Intel to introduce this type of evidence would be an abuse of its reliance on privilege. ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███   ███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████ Allowing any testimony now that Intel licensed or purchased these third-party patents because its products practice those patents would be fundamentally unfair in light of Intel's privilege instructions.

The Court should likewise preclude Intel from attributing any specific features or benefits in Intel's products to these third-party patents. Because Intel has not even attempted to show that any of its products practice any third-party patent, there is no evidence that any third-party patent creates any technical benefit in those products. *See* VLSI's Daubert Mot., D.I. 276 at 20-25. That lack of evidence makes Intel's discussion of arbitrary benefits irrelevant to any issues in this case, and far more likely to confuse the jury, unfairly prejudice VLSI, and waste time than to shed light on any fact "of consequence." FED. R. EVID. 401; *see also* FED. R. EVID. 402 and 403.

**VLSI MIL No. 4.4—Evidence Or Argument That VLSI Patents Are Not Valuable Because They Were Not Infringed (D.I. 368 at 9)**

VLSI moves to preclude Intel from introducing testimony or argument that the asserted patents are less valuable because they are not infringed or because they are not valid. Blackletter patent damages law requires that damages experts assume "that the asserted patent claims are valid and infringed." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009). In other words, "when discussing the issue of damages, [an accused infringer] cannot argue non-infringement or invalidity because both must be assumed for purposes of the damage calculations." *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, 2019 WL 3334563, at *4 (E.D. Mich. July 25, 2019). Those noninfringement and invalidity positions have no place in a discussion of damages, because if the jury is undertaking a damages analysis, it will necessarily have already

rejected those positions.

Intel should thus be precluded from introducing any of its noninfringement and invalidity arguments in its damages presentation. Such testimony would violate blackletter patent damages law and risk jury confusion, including because these arguments fundamentally contradict the damages analysis that the jury will be asked to perform. In particular, Intel should be precluded from offering in connection with its damages presentation (1) statements that Intel "did not" or "could not" use the patented inventions in the accused products; (2) technical arguments on which Intel intends to rely in its noninfringement case, *i.e.*, that the claims of the asserted patents are not met by Intel's accused products; (3) any statements that the patents in suit are not valuable because they are anticipated or rendered obvious by prior art, including alleged Intel product prior art.

**VLSI MIL No. 5.3—Evidence Or Argument That Is Inconsistent With The Court's Claim Constructions (D.I. 369 at 6)**

Intel should not be permitted to present evidence or argument that is inconsistent with the Court's claim constructions and, to the extent that the Court did not construe claim terms, evidence or argument that is inconsistent with the plain and ordinary meaning of such terms to a person skilled in the art.

It is well established, of course, that "the court determines the scope and meaning of the patent claims asserted." *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002). "[T]he parties are not entitled to 'construe' the Court's claim construction … [to] argue that … the inventors 'really' invented something other than what the trial court has construed the claims to mean … [or argue] that the Court's claim construction is 'open to interpretation' by the jury." *EZ Dock, Inc. v. Schafer Sys.*, No. CIV.98-2364(RHK/AJB), 2003 WL 1610781, at *12 (D. Minn. Mar. 8, 2003).  For this reason, courts, including this Court, routinely exclude evidence or argument to the jury to support an interpretation of a claim term that is different than the meaning

given to that term by the court. *See, e.g.*, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, ECF No. 332, slip op. at 5 (W.D. Tex. Sep. 29, 2020) (granting motion precluding reference to "Testimony or Arguments Contrary to or Unsupported by the Court's Claim Construction Order") (Albright, J.); *Dentsply*, 1-17-cv-01041 at 10 ("The Court will not permit the parties to contradict the court's construction. Therefore, the Court grants this motion in limine."); *Paice LLC v. Hyundai Motor Co.*, No. CIV.A. MJG-12-499, 2015 WL 5158727, at *2 (D. Md. Sept. 1, 2015) ("There shall be no argument, evidence, or testimony inconsistent with the Court's claim constructions"); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 4206871, at *4 (E.D. Mich. Aug. 25, 2014) (granting motion in limine to preclude party "from raising additional claim constructions"); *Toshiba Corp. v. Imation Corp.*, No. 09-CV-305-SLC, 2013 WL 1248633, at *5 (W.D. Wis. Mar. 26, 2013), supplemented, No. 09-CV-305-SLC, 2013 WL 7157854 (W.D. Wis. Apr. 5, 2013) ("Accordingly, Toshiba's motion *in limine* to exclude from trial any non-infringement argument or evidence inconsistent with the Federal Circuit's claim construction for the '966 patent, including evidence relating to the operations of bits b6, b5, and b24 in non-accused double-sided discs, is GRANTED."); *Eaton Corp. v. Parker-Hannifin Corp.*, No. CIV.A. 00-751-SLR, 2003 WL 179992, at *1 (D. Del. Jan. 24, 2003) ("Defendant's motion *in limine* to preclude certain testimony of Dr. Edward M. Caulfield (D.I.100) is granted to the extent that Dr. Caulfield may not give testimony that is inconsistent with the court's claim construction."); *Avocent Huntsville Corp. v. ClearCube Tech., Inc.*, No. CV-03-S-2875-NE, 2006 WL 7132021, at *1 (N.D. Ala. July 28, 2006) ("Avocent's motion *in limine* to preclude ClearCube "from introducing at trial any argument and/or evidence based on claim constructions for the '919 patent or the '997 patent that is different from those adopted by the Court in its March 15, 2006 *Markman* claim construction order" (doc. no. 218) is GRANTED"); Transcript of Proceedings at 3:19-22,

Microscan Sys., Inc. v. Cognex Corp., No. 1-14-cv-06952-JSR (S.D.N.Y. Apr. 28, 2015) (No. 164) ("With respect to the motion to preclude evidence or argument that contravenes the Court's claim construction … that motion is granted.").

"Claim terms that are not construed have their ordinary meaning." *Music Choice v. Stingray Digital Grp. Inc.*, No. 2:16-cv-00586-JRG-RSP, 2019 WL 8110069, at *4 (E.D. Tex. Nov. 19, 2019) (quoting *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *17 (E.D. Tex. Nov. 4, 2017)). "The ordinary meaning of a claim term is given after reading the entire patent and from the perspective of one of ordinary skill in the art at the time of the invention." *MediaTek inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 971765, at *2 (N.D. Cal. Mar. 5, 2014); *see Phillips*, 415 F.3d at 1312. Therefore, if the Court did not construe a term, the Court should preclude Intel's witnesses from construing the claim terms or from offering any interpretation other than the ordinary meaning from the perspective of a person of ordinary skill in the art at the time the inventions were made. *See Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 8274055, at *2 (E.D. Tex. Dec. 8, 2015) (precluding expert from relying on intrinsic evidence while claiming that he was providing ordinary meaning, holding that this was claim construction); *Velcro Indus. B.V. v. Taiwan Paiho Ltd.*, No. CIV. 04-CV-242-JD, 2005 WL 2573383, at *2 (D.N.H. Oct. 12, 2005) (excluding claim interpretation for claims not construed, holding that "all but the terms considered as part of the claim construction process simply have their ordinary meaning").

**VLSI MIL No. 5.5—Value And Propriety Of Patents Acquired From Others (D.I. 369 at 9)**

Intel should be precluded from making any disparaging remarks or arguments implying that (1) it is improper to assert patents acquired from others; (2) it is improper to assert patents without practicing them; and (3) acquired patents are less valuable than other patents. Like other types of property, a patent is legally assignable; an assignment grants the assignee all rights of the

assignor. *See* 35 U.S.C. § 261. Moreover, there is no legal requirement that a patent owner must practice the claimed invention to assert the patent in litigation. Further, the manner by which a patent owner obtained a patent has no bearing on its value. Courts have prohibited derogatory references to a patent owner's business model to imply impropriety or diminished patent value, and such references should likewise be excluded in this action in accordance with this policy. *See, e.g.*, *Intellectual Ventures II LLC v. FedEx Corp.*, Case No. 2:16-cv-00980, Dkt. 505, Order at 6-7 (E.D. Tex. April 26, 2018); *Summit Data Sys. v. EMC Corp.*, No. 10-749-GMS, 2014 WL 4955689, at *4 (D. Del. Sept. 25, 2014) ("Non-practicing entities … are entitled to enforce their patent rights through litigation"); *Helicos Biosciences v. Illumina, Inc.*, 858 F. Supp. 2d 367, 373 (D. Del. 2012) (rejecting view that "patent enforcement companies[] should be treated as second-class citizens").

### VLSI MIL No. 5.6—VLSI's Experts' Prior Retentions And Prior Court Rulings Or Jury Verdicts Involving VLSI's Experts' Opinions In Other Litigations (D.I. 369 at 9)

Evidence is admissible only if it is relevant. Fed. R. Evid. 402 Advisory Committee Notes ("Evidence which is not relevant is not admissible."). Even if relevant, evidence should be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Reference to an expert's prior retention or concurrent retention on a completely separate litigation is both irrelevant and inadmissible under these standards.

Intel should not be permitted to introduce any evidence of any prior or current relationship between any expert witnesses and Irell & Manella LLP, Mann Tindel Thompson, Haley & Olson, P.C., or Intel's counsel. First, these retentions involve different cases, facts, parties, and issues and are therefore clearly irrelevant. Second, allowing Intel to adduce evidence from VLSI's experts about their consulting, affiliation or relationship with any counsel of record would only serve to

confuse the jury by drawing the jury's attention to extraneous matters unrelated to the facts of the case. *See* Fed. R. Evid. 403. *Cf., Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 705 F. Supp. 2d 1265, 1275 (D.N.M. 2010) (plaintiff agreed not to mention or elicit evidence that defendants' counsel had previously engaged the expert that would be testifying for plaintiff).

In addition, Intel should be precluded from introducing evidence or argument regarding prior judicial opinions pertaining to VLSI's expert witnesses. *See MV3 Partners*, slip op. at 2 (precluding Roku from raising "Prior Judicial Opinions Pertaining to MV3's Expert Witnesses"); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) ("Motion in Limine No. 10: Prior judicial opinions pertaining to Mr. Hakala's expert testimony or opinions. GRANTED"); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 324 (E.D.N.Y. 2001) (precluding the defendants under Fed. R. Evid. 403 from offering a prior judicial opinion criticizing the credibility of the plaintiffs expert because "[u]nlike the scientific community's process of peer review, there is no practical way for a[n expert] to defend against a judge's assessments of credibility").

**VLSI MIL No. 6.1—Intel's Alleged Unclean Hands Defense (D.I. 370 at 1)**

Intel has asserted the equitable defense of unclean hands. *See* D.I. 171 ¶¶ 138-152 (Sixth Defense); D.I. 172 ¶¶ 102-116 (Sixth Defense); D.I. 173 ¶¶ 164-178 (Sixth Defense). The parties agree that Intel's unclean hands defense, should it be tried at all,[4] would be tried to the Court, not

---

[4] Intel's "unclean hands" defense is meritless for the reasons set out in VLSI's motion for summary judgment. D.I. 275, at 2-14.

the jury, *see* D.I. 275 at 3 n.2, and courts routinely preclude litigants from presenting evidence or argument in support of equitable defenses such as unclean hands. Intel should thus be precluded from offering any evidence or argument concerning these allegations in front of the jury. *E.g.*, *Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1337 (Fed. Cir. 2012) ("Unclean hands is an equitable defense within the sound discretion of the district court"); *Allergan Sales, LLC v. UCB, Inc.,* No. 2:15-cv-01001-JRG-RSP, 2016 WL 8201783, at *4 (E.D. Tex. Nov. 2, 2016) ("equitable defenses [are] decided by the Court, not the jury.").

████████████████████████████████████████████████████████

████ *See, e.g.*, *eTool Development, Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-19-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) (bifurcating unclean hands trial and holding that "allowing the presentation of evidence bearing on non-jury issues during the jury trial would result in the jury's consideration of evidence not relevant to the jury's task. That, in turn, could result in confusion of the jury or, at minimum, some risk of prejudicing the jury's consideration of issues properly before it by exposing it to evidence bearing on other, unrelated issues"); *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO (AJWx), 2017 WL 2929379, at *3 (C.D. Cal. May 12, 2017) (granting motion to preclude defendant from arguing unclean hands defense to the jury); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, ECF No. 332, slip op. at 3 (precluding party from using evidence related to the duty of candor or inequitable conduct) (Albright, J.); *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, No. 3:09CV58, 2011 WL 13079493, at *1 (E.D. Va. May 16, 2011) (granting a motion in limine "on the defense of unclean hands").

---

████████████████████████████████████████ Such allegations are both without merit and highly prejudicial, and have no place in a jury trial.

For the foregoing reasons, even if the Court were to deny VLSI's motion for summary judgment, the Court should preclude Intel from offering any evidence or argument to the jury in support of any of the allegations in its unclean hands defense.

**VLSI MIL No. 6.3—Disparaging The PTO And Its Examiners (D.I. 370 at 3)**

Intel should be precluded from making disparaging remarks regarding the quality of the PTO and its examiners, including that examiners are overworked or that the PTO is prone to error. The PTO's examination process and resources are not relevant to the infringement allegations at issue in this matter, and permitting disparaging comments regarding the Patent Office and its examiners risks unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 401, 402, 403. Such allegations invite the jury to speculate inappropriately about the prosecution of the patents-in-suit instead of recognizing the legal presumptions that the PTO did its job properly and the patents were validly issued. 35 U.S.C. § 282; *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1284 (Fed. Cir. 2011).

For these reasons, motions in limine on this issue are regularly granted. *See e.g., MV3 Partners*, slip op. at 4 (granting motion precluding "Disparaging Comments Regarding the Patent Office and its Examiners") (Albright, J.); *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, Dkt. 166 at 3 (E.D. Tex. Nov. 14, 2018); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, at *1 (E.D. Tex. Mar. 1, 2016) ("[n]o party will offer criticism of the performance, reliability or credibility of the USPTO or the examiners that work at the USPTO, refer to the existence of any 'backlog' at the USPTO, refer to the issuance of 'bad patents,' or offer other similar evidence or remarks"); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) (granting motion to preclude defendants from "offering any argument, evidence, testimony, insinuation, or reference regarding the workload of the PTO (or its examiners), any attempt to

disparage the PTO (or its examiners)"); *Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*, No. 2:13-CV-213-JRG-RSP, ECF No. 248, at *2 (E.D. Tex. Jan. 30. 2015) (precluding testimony "suggesting that the PTO – or its examiners – are overburdened, incompetent, or overlook references, as well as any reference to 'bad' patents or any similar pejorative term"); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015) (precluding "[d]enigration of the Patent Office or its employees or denigrating the patent system"); *SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 2:09-cv-289, 2012 WL 13207358, at *2 (E.D. Tex. April 3, 2012) ("Defendants are precluded from introducing evidence relating to the reexamination proceedings or making arguments that disparage the Patent Office or its performance of its duties during the original prosecution."); *Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) ("LG may not disparage the PTO and its examiners, such as by arguing that examiners are overworked or that the PTO is prone to error").

**VLSI MIL No. 6.4—Prosecution Histories (D.I. 370 at 4)**

Intel should not be permitted to present argument or evidence regarding the prosecution histories of the patents-in-suit at trial. The only potential relevance of the details of the prosecution history to Intel's arguments is (1) to claim construction and (2) prosecution history estoppel. Both are questions exclusively reserved to the Court, and this Court has already construed the claims. *Markman v. Westview Instruments., Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc) ("[C]onstruction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court."); *AquaTex Indus. v. Techniche Sol.*, 419 F.3d 1374, 1379 (Fed. Cir. 2005) ("Application of prosecution history estoppel to limit the doctrine of equivalents presents a question of law").

Thus, any argument by Intel concerning the specifics of the prosecution histories – for

example, the amendments and prosecution arguments that were made or any narrowing of the claims during prosecution – is irrelevant, prejudicial and likely to cause juror confusion. *See* Fed. R. Evid. 401-403; *Mobile Telecommunications Techs., LLC v. Zte (USA) Inc.*, No. 2:13-CV-946-JRG, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016) ("The parties SHALL NOT introduce any references, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony suggesting that the prosecution history of U.S. Patent No. 5,754,946 limits or restricts the meaning or scope of any claim of U.S. Patent No. 5,754,946."); *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) (affirming the exclusion of evidence regarding prosecution history; confirming "that it is improper to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction'") (internal citations omitted).

**VLSI MIL No. 6.5—Withdrawn Or Narrowed Claims (D.I. 370 at 5)**

As the parties narrowed the case for trial, pursuant to this Court's orders, patent claims and prior art references were withdrawn or deferred, and the parties may withdraw or defer additional claims and references. Courts in the Fifth Circuit and elsewhere have precluded reference to withdrawn claims, finding that "permitting 'sideshow' litigation about dropped claims and instrumentalities would cause undue prejudice, jury confusion, and waste of time." *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) (instructing defendants against arguing that "ATI's act of dropping a claim or instrumentality is evidence of non-infringement as to that claim or instrumentality"); *Broadcom Corp. v. Emulex Corp.*, No. SACV 09-01058-JVS (ANx), 2011 WL 13130705, at *1 (C.D. Cal. Aug. 10, 2011) (evidence of withdrawn infringement claim "is irrelevant (Federal Rule of Evidence 402), and to the extent there is any probative value, presentation of such evidence would get into the reasons for withdrawing certain counts which would prove confusing and consume an

undue amount of time (Federal Rule of Evidence 403)"); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2015 WL 12911530, at *1 (E.D. Tex. Sept. 30, 2015) ("No party will refer to the fact that patents or claims have been dropped or dismissed prior to trial"); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. CIVASA-03-CA-0832RF, 2006 WL 6505348, at *2 (W.D. Tex. May 31, 2006) (precluding "[a]ny statement, reference to, or evidence concerning KCI's claims and causes of action that were ultimately dropped by KCI, including but not limited to claims concerning infringement of the Zamierowski patent").

Similarly, the Court should exclude any evidence or argument regarding claims narrowed prior to trial. Which claims VLSI chooses to pursue at trial and which VLSI chooses to narrow from the action are not relevant to the infringement allegations at issue. *See* Fed. R. Evid. 401, 402, 403. To suggest that this narrowing means that VLSI's patents are weak or that invalidating the asserted claims will not deny VLSI all of its patent rights is also irrelevant and would risk undue prejudice, confusing the issues, and misleading the jury. *See MV3 Partners*, slip op. at 4 (granting motion precluding reference to "Narrowed Claims (Infringement Claims that were Asserted by Later Dropped") (Albright, J.); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2012 WL 13170064, at *1 (N.D. Cal. July 13, 2012) ("Brocade's motion in limine no. 4 is GRANTED. Evidence of Brocade's narrowing of its claims is not sufficiently probative to substantially outweigh the danger of undue prejudice to Brocade."); *Radware, Ltd. v. F5 Networks, Inc.*, No. 13-CV-02024-RMW, 2016 WL 590121, at *16 (N.D. Cal. Feb. 13, 2016) ("RADWARE'S MOTION IN LIMINE NO. 16: TO EXCLUDE REFERENCE, EVIDENCE OR TESTIMONY REGARDING RADWARE'S NARROWING OF CLAIMS FOR TRIAL. GRANTED"), *order clarified*, 2016 WL 9001260 (N.D. Cal. Feb. 22, 2016).

**VLSI MIL No. 6.6—Non-Elected Prior Art (D.I. 370 at 7)**

The Court ordered Intel to narrow its elected prior art to a maximum of two combinations

per asserted patent claim. Ex. 13, Aug. 7, 2020 Hr'g Tr. 29:2-3. The Court should exclude any evidence or argument based on non-elected prior art.

In an attempt to circumvent the Court's Order, Intel experts Drs. Grunwald, Sorin, and Sylvester each propose to argue, based on material outside the prior art references that Intel elected, that certain "concepts" were known in the prior art. *See* ████████████████████████ ████████████████████████████████████ In making these arguments, these Intel experts repeatedly rely on non-elected prior art. *Compare id. with* Ex. 48, Intel's Second Identification of Prior Art Combinations (October 14, 2020). Moreover, when combined with the remainder of the experts' invalidity arguments against the same claims, these arguments rely on combinations of prior art that Intel did not elect.

Allowing this would thwart the entire purpose of the case-narrowing Order—an Order that Intel itself requested to force VLSI to defer the majority of its asserted claims against Intel. VLSI has complied with that order, and Intel should not be permitted to take the benefits of the Order while failing to comply with the reciprocal restrictions on its use of prior art. In addition to violating the Court's Order, Intel's effort to make arguments about non-elected prior art would be fundamentally unfair and prejudicial to VLSI, and would confuse the jury as to what prior art is being asserted and what arguments they are properly allowed to consider. *See* Fed. R. Evid. 401-403. Surely Intel would not want VLSI to show up at trial and assert patent claims that VLSI had not elected under the corresponding portions of the same Court Order.

Courts regularly exclude such matter. *See Core Wireless Licensing S.A.R.L.*, 2016 WL 4718963, at *2 (precluding LG from introducing "evidence or argument that non-elected prior art invalidates any claim" or introducing "any non-elected prior art as an exhibit"); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *2 (E.D. Tex.

Apr. 26, 2018) (excluding non-asserted prior art and requiring Defendants to obtain leave before using "prior art that is outside of the previously elected prior art invalidity case in order to show relevant background information at trial"); *Metaswitch Networks Ltd. v. Genband US LLC,* No. 2:14-cv-744*,* 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) (granting motion to "[e]xclude any argument, testimony, evidence, or reference to prior art or prior art combinations that were not included in invalidity contentions or elected"); *Nobelbiz, Inc. v. Global Connect, L.L.C.*, No. 6:12-CV-244, 2015 WL 11072170, at *3 (E.D. Tex. Sept. 2, 2015) ("Dr. Perry can talk about the state of the art, but must avoid citing references that were not elected as prior art in his invalidity analysis.").

## VLSI MIL No. 6.7—Allegations That Individual Claim Elements Were In The Prior Art (D.I. 370 at 8)

Intel should be precluded from introducing evidence or argument that individual claim elements were known in the prior art separate from an opinion that it would be obvious to combine these references together to yield the full invention of at least one challenged patent claim. Such an analysis is improper because as a matter of patent law, a combination of previously known elements can be patentable. *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole."); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) (piecemeal analysis is precisely the type of obviousness inquiry that must not be conducted). The question is not whether individual elements in isolation were known, but whether the combination in the claimed invention as a whole was obvious. *Kahn*, 441 F.3d at 986.

## VLSI MIL No. 6.8—Comparing Accused Products To Prior Art (D.I. 370 at 9)

Intel's expert reports and deposition testimony confirm that they intend to confuse and mislead the jury with legally irrelevant arguments that Intel does not infringe or should not be held

liable for infringement because its accused products somehow practice the prior art. But the attempted comparison of the accused products to the prior art is legally improper, and the Court should preclude such evidence and argument.

The law is well-established that an accused infringer may not argue it does not infringe or should not be liable because it purportedly practices the prior art. The Federal Circuit has held repeatedly: "It is well established, however, that 'practicing the prior art' is not a defense to infringement." *In re Omeprazole Patent Litig*., 536 F.3d 1361, 1377 (Fed. Cir. 2008) (rejecting defendant's argument that it did not infringe because "its manufacturing process merely practices the prior art"); *see also Tate Access Floors, Inc. v. Interface Architectural Res., Inc.,* 279 F.3d 1357, 1365-69 (Fed. Cir. 2002) (improper for Defendant to claim it practiced prior art or obvious variations of the prior art); *Baxter Healthcare Corp. v. Spectramed, Inc.,* 49 F.3d 1575, 1583 (Fed. Cir. 1995) (improper for Defendants to argue the accused devices use only combined teachings of prior art). Indeed, "the fact that the patentee happens to be practicing the prior art is irrelevant" to an infringement analysis. *Tate Access,* 279 F.3d at 1367.

In determining infringement, the jury compares the accused device and the claims of the asserted patent, not the prior art. As stated in *Tate Access*, "[t]hus, our decision in *Baxter* directly forecloses [Defendant]'s 'practicing the prior art' argument. . . . The discussion in *Baxter* cited above makes clear that literal infringement is determined by construing the claims and comparing them to the accused device, not by comparing the accused device to the prior art." *Tate Access,* 279 F.3d at 1366; *see also Baxter*, 49 F.3d at 1583 ("There is no requirement that the accused device be nonobvious in light of the prior art, or otherwise be itself patentable. Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device."). Accordingly, courts routinely grant motions in *limine* precluding such improper

- 35 -

comparisons. *See, e.g.*, *Packet Intelligence LLC v. Netscout Sys., Inc.*, No. 2:16-cv-230-JRG, ECF No. 228, at 3 (E.D. Tex. Sept. 29, 2017); *see also Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, ECF No. 290, slip op. at 3 (E.D. Tex. Dec. 15, 2017); *Parthenon Unified Memory Architecture LLC v. Apple, Inc*., No. 2:15-cv-621-JRG-RSP, ECF No. 246, at 3 (E.D. Tex. Sept. 21, 2016); *Rembrandt Wireless Techs.,* No. 2:13-CV-213-JRG-RSP, ECF No. 248, at *8.

Intel also may not argue this testimony is relevant to validity. The cases make clear that such an argument is impermissible and conflates non-infringement and invalidity, causing substantial jury confusion on these important, and distinct, issues. "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Tate Access,* 279 F.3d at 1367. Moreover, the Federal Circuit foreclosed "practicing the prior art" as an invalidity argument. *Zenith Electronics Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[A]nticipation cannot be proved by merely establishing that one 'practices the prior art.'").

Evidence or argument from Intel or its experts comparing the accused devices to the prior art is highly likely to confuse and mislead the jury and should be excluded under Rule 402, 403 and the applicable law.

Dated: March 22, 2021

By:      _/s/ Andy Tindel_____


Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach  (*pro hac vice*)
Iian D. Jablon  (*pro hac vice*)
Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Brian Weissenberg  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bweissenberg@irell.com
bmonnin@irell.com
jnafekh@irell.com

Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909

Craig D. Cherry (Texas Bar No. 24012419)
ccherry@swclaw.com
**STECKLER, WAYNE, COCHRAN, CHERRY, PLLC**
100 N. Ritchie Road, Suite 200
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile:  (254) 776-6823

*Attorneys for VLSI Technology LLC*

10923296

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via email, to all counsel of record, on March 22, 2021.

_/s/  Jordan Nafekh_
Jordan Nafekh