# EXHIBIT 1

**Page 1**

```
 1   IN THE UNITED STATES DISTRICT COURT
 2      FOR THE DISTRICT OF DELAWARE
 3
 4   VLSI TECHNOLOGY LLC,  )
                          )Civil Action No.
 5      Plaintiff,        )18-cv-966-CFC-CJB
                          )
 6   v.                   )
                          )
 7   INTEL CORPORATION,   )
                          )
 8      Defendant.        )
 9
10           Tuesday, July 6, 2021
             2:01 p.m. Eastern Time
11
12   ORAL ARGUMENT VIA REMOTE VIDEOCONFERENCE
13
14   BEFORE:  HON. JENNIFER L. HALL, Judge
15
16
17
18
19
20           LEXITAS REPORTING
         Registered Professional Reporters
21              1330 King Street
            Wilmington, Delaware 19801
22              (302) 655-0477
              www.lexitaslegal.com
23
24
```

**Page 2**

```
 1   APPEARANCES:
 2      BRIAN E. FARNAN, ESQ.
        FARNAN LLP
 3      919 N. Market Street - 12th Floor
        Wilmington, Delaware 19801
 4          -and-
        IIAN D. JABLON, ESQ.
 5      IRELL & MANELLA LLP
        1800 Avenue of the Stars - Suite 900
 6      Los Angeles, California 90067
        For the Plaintiff
 7
        JEREMY A. TIGAN, ESQ.
 8      MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
        1201 North Market Street
 9      Wilmington, Delaware 19899
            -and-
10      GREGORY H. LANTIER, ESQ.
        RACHEL BIER, ESQ.
11      WILMER CUTLER PICKERING HALE AND DORR
        LLP
12      1875 Pennsylvania Avenue, NW
        Washington, DC 20006
13      For the Defendant
14              - - -
```

**Page 3**

 1  THE COURT:  Good afternoon,
 2  everyone.  We are here today to hear a
 3  motion filed by Intel in VLSI
 4  Technology, LLC versus Intel
 5  Corporation.  That's Civil Action
 6  No. 18-966.  The motion is filed under
 7  Docket No. 689.
 8      Who do we have on the line
 9  today for VLSI starting with Delaware
10  counsel?
11      MR. FARNAN:  Good
12  afternoon, Your Honor.  Brian Farnan
13  on behalf of VLSI.  Here with me is
14  Iian Jablon, and also for the client
15  we have Mr. Stolarski.
16      THE COURT:  Good afternoon
17  to all of you.
18      Who do we have on the line
19  today from Intel?
20      MR. TIGAN:  Your Honor,
21  this is Jeremy Tigan with Morris
22  Nichols appearing on behalf of Intel.
23  I am joined by Greg Lantier
24  and Rachel Bier.  They're both with

**Page 4**

 1  Wilmer Hale.  And Mr. Lantier will
 2  argue for us today.
 3      And just so you know, we
 4  also have two client representatives
 5  on, Mashhood Rassam and Kimberly
 6  Schmitt.
 7      THE COURT:  Very good.
 8  Good afternoon to all of you.
 9      So I can tell you all that
10  I've read the papers.  I had a
11  recollection of where things stood the
12  last time we were all here, and it
13  looks like there's been some
14  developments.  But I'm interested to
15  hear an update about what might be
16  going on in the chancery court.
17      And, well, we've all been
18  on the Zoom before together, but just
19  a reminder there's no need to stand
20  when making your presentation.  You're
21  welcome to sit.
22      I have a little bit of time
23  today, and I do have some questions,
24  but if we could keep it to under 15

45

perspective.

But the most important thing to us is that we are able to pursue our substantive rights under this contract which give us a full defense to all of the infringement allegations in this case.

THE COURT: Thank you very much.

MR. JABLON: If I may briefly respond, just very briefly, Your Honor. I wanted to --

THE COURT: You can have a minute, but then I will give Mr. Lantier the last word. Go ahead.

MR. JABLON: Thank you, Your Honor. I just wanted to point out that when Intel raised this issue with VLSI we immediately told Intel we are not a party to this contract. We are not bound by it. We are not bound by its dispute resolution provisions.

And so at that moment in time Intel knew everything it needed

46

to know to go file its motion to amend its answer in this case. And that was last August, Your Honor.

And so the delay of many months past that including more than additional two months after Your Honor specifically told them last November that you didn't understand why they hadn't raised it in this case, it's not good enough under Rule 16, Your Honor. Thank you very much.

THE COURT: Thank you.

MR. LANTIER: Your Honor, so two points. That's not true. I would be happy to forward to Your Honor the email that I received from Mr. Jablon's partner Mr. Hattenbach, who specifically said to me when I asked him if -- I said to him I understand you're saying you're not bound by this agreement. Our understanding is that VLSI isn't going to object if we move forward without going through the dispute resolution

47

provisions.

And he wrote back and said VLSI is not waiving any of its rights under the dispute resolution provisions and we'll tell you if we're waiving rights. So that's just simply not reflective of reality.

And, Your Honor, I don't think that this sort of amorphous suggestion that the chancery court is a black hole into which cases go and never come out is accurate. The chancery court moves quickly. We have been trying to advance the case as quickly as we can.

And I don't -- I personally don't think there would be any delay in entry of judgment if we allowed the chancery court case to proceed and then allowed this case to proceed on a parallel track. They're going to be, by my count, very similar in terms of time to trial.

And I would expect the

48

chancery court case might wind up a little bit sooner. It's anybody's guess. I'm not -- I don't know when trials will be scheduled.

But I just think it's not correct to think that staying the defense here is going to lead to some in-depth stay. It may be a couple of months either way, but we're not talking about a massive additional delay here.

THE COURT: I understand your position.

So here's what I'm thinking about doing today. I need a few minutes to get my thoughts together about some of the arguments that were made today. I do think that I'll be in a position to get you an answer today on the pending motion.

So what I would like to do is exit out of the Zoom conference. It's 2:42 right now. If we could all get back on at 3:10, I think at that

49

1  point in time I could give you a
2  ruling on the pending motion.
3          So I don't know how you all
4  would like the proceed, but I
5  personally am going to leave the
6  conference and then dial back in using
7  the same link, if that works.  Is
8  there any problem with me doing it
9  that way technologically?
10         MR. LANTIER:  No, Your
11 Honor.
12         THE COURT:  All right.
13         MR. LANTIER:  Thank you.
14         THE COURT:  Very good.  All
15 right.  If everybody could be back at
16 3:05.  If we experience a delay here
17 we'll have the court deputy let
18 everybody know when we anticipate
19 being able to proceed.  Thanks.
20         (A brief recess was taken.)
21         THE COURT:  This is
22 Jennifer Hall.  I'm prepared to give
23 the parties my ruling.
24         This is my ruling on

50

1  Intel's motion for leave to file its
2  second amended answer and
3  counterclaims and to sever and stay
4  its defense of license.  That's Docket
5  No. 689.
6          For the reasons that follow
7  I will grant Intel leave to file its
8  seconded amended answer and
9  counterclaims, but its request to
10 sever and stay its license defense is
11 denied.
12         This case is three years
13 old and has been heavily litigated.
14 Since it was filed in June of 2018 the
15 docket has accumulated over 700 items.
16 This is the second time I have heard a
17 dispute between the parties regarding
18 Intel's contention that it has a
19 license to VLSI's patents.
20         I heard an earlier motion
21 in which Intel sought to stay this
22 case pending an action it planned to
23 file in chancery court enforcing the
24 terms of a settlement agreement it

51

1  entered into with third party Finjan.
2  That's Docket No. 643.
3          Intel believes that
4  settlement with Finjan also grants it
5  a license the VLSI's patents.  After
6  considering the stay factors, I
7  concluded that on balance a stay was
8  not appropriate, particularly since
9  Intel had not yet filed any chancery
10 court action.  And that's Docket
11 No. 669.
12         In my order I also pointed
13 out that Intel claims to have
14 triggered the formal dispute
15 resolution process under the
16 Finjan-Intel agreement.
17         The presuit dispute
18 resolution process has apparently
19 concluded, and on January 22, 2021
20 Intel filed an action in chancery
21 court against Fortress, Finjan, and
22 VLSI, seeking, among other things, a
23 declaration that it has a license to
24 VLSI's patents.

52

1          Intel filed a present
2  motion back in February of 2021.
3  Intel's motion seeks leave to amend
4  its answer to include a license
5  defense.  In the event that I grant
6  its motion to amend, Intel also seeks
7  to sever its defense of license and to
8  stay that defense.
9          The deadline for amending
10 the pleadings was September 4, 2019.
11 When a party seeks to amend a pleading
12 after the scheduling order's deadline
13 for pleading amendments has passed,
14 the Court must first apply Federal
15 Rule of Several Procedure 16(b).
16         Under Rule 16(b)(4) the
17 scheduling order may be modified only
18 for good cause and with the judge's
19 consent.  To show good cause the
20 movant must demonstrate that, despite
21 diligence, amendment could not have
22 been reasonably sought in a timely
23 manner.
24         Considering the record

53

before the Court, I find that Intel has shown good cause. Intel's theory is that it became licensed to the patents-in-suit when Fortress acquired Finjan. That acquisition did not happen until July 2020, after the deadline to amend the pleadings had expired.

I further find that Intel has been reasonably diligent in seeking to assert its license defense after July 2020. The record reflects that since that time Intel has pursued mediation pursuant to the agreement and has asserted a separate action against Finjan, Fortress, and VLSI to enforce the terms of that agreement.

VLSI argues that Intel waited too long after July 2020 to seek leave to amend, but the record does not reflect that Intel was idle during the approximately six months between the Fortress-Finjan acquisition and filing the present

54

motion.

Rather, the record reflects that Intel attempted to invoke the dispute resolution provisions of the agreement within a reasonable time after July 2020.

Intel also moved on a not unreasonable pace in seeking to stay this case while it sought relief under the dispute resolution procedure in the agreement and sought to enforce that agreement in the Court of Chancery.

While it may be true that Intel could have attempted to plead its defense in this case several weeks earlier than it did, it is also true that VLSI had notice of Intel's position that it had acquired a license under the settlement long before Intel filed this motion, at least as early at September 2020.

Under the unique circumstances, I find that Intel has

55

demonstrated good cause within the meaning of Rule 16(b).

Having found that good cause exists to allow amendment after the deadline, the Court must also ensure that amendment is appropriate under Federal Rule of Civil Procedure 15. Rule 15(a) provides that the Court should freely give leave to amend when justice so requires.

In assessing whether to grant leave, courts consider several factors including undue delay or bad faith by the parties seeking leave to amend, prejudice to the nonmoving party, futility of the proposed amendments, and judicial economy.

VLSI argues that Intel should not be grafted leave to amend under Rule 15 because Intel's license defense is futile and because VLSI would be prejudiced if Intel is allowed to amend.

Let's talk about futility

56

first. If a proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the Court may deny a leave to amend.

VLSI makes two arguments about futility. VLSI's first argument has multiple parts, but essentially it argues that Intel could not possibly have obtained a license to the asserted patents under the Finjan settlement.

At its core of its argument VLSI points to a number of facts that according to VLSI demonstrate that the agreement did not grant Intel a license.

However, at this stage and without the benefit of a full factual record, I'm not prepared to say as a matter of law that there was no way that Intel could have obtained a license to VLSI's patents pursuant to that agreement.

57

1     VLSI is free to reraise its
2  challenge to Intel's license defense
3  at the summary judgment stage.
4     Turning to VLSI's second
5  argument about futility, it argues
6  that Intel's license defense is futile
7  because Intel has conceded that this
8  Court lacks subject-matter
9  jurisdiction over the license defense.
10    I don't see a concession.
11 Intel has maintained that it wants to
12 litigate the license issue in the
13 Court of Chancery, but I don't read
14 that as a concession that this Court
15 lacks subject-matter jurisdiction over
16 Intel's license defense.
17    In sum, VLSI has not shown
18 that Intel's defense is frivolous or
19 otherwise legally insufficient on its
20 face.  I therefore find that it is not
21 futile at this stage.
22    VLSI also argues that it
23 would be prejudiced by the delay in
24 entry of final judgment in this case

58

1  that would result from allowing Intel
2  leave to amend and then severing and
3  staying the license defense.
4     But VLSI's argument
5  presupposes that the Court will sever
6  and stay Intel's license defense.
7  Whether a stay is appropriate is a
8  separate question from whether Intel
9  should be allowed to amend.
10    Of course it is possible
11 that permitting Intel to assert a
12 license defense will cause some delay
13 in getting to trial since fact
14 discovery may need to be reopened.
15    But I know that the topics
16 of discovery are discrete, and Intel
17 has represented today that there is
18 likely no need for any additional
19 expert discovery.
20    I also note that there is
21 currently no trial date set, and the
22 parties have consistently been moving
23 the expert discovery and summary
24 judgment motion deadlines, which have

59

1  now been extended by stipulation by
2  over a year.
3     The parties dispute whether
4  any additional discovery is needed,
5  but Intel, the party who has suggested
6  the need for additional discovery, has
7  represented that it might be completed
8  in approximately four months.
9     In my view there is no
10 reason why that discovery can't
11 proceed in the next four months with
12 summary judgment motions to be filed
13 after, or, if the parties can't agree
14 to further delay summary judgment
15 motions, a month and a half of
16 discovery can be had before the
17 summary judgment briefing process
18 begins, and ten more weeks can occur
19 while the summary judgment process is
20 ongoing on the other issue wans.
21    And should either side wish
22 to move for summary judgment on the
23 license issues, it seems to me that it
24 could work out a procedure whereby

60

1  they could submit short supplemental
2  summary judgment motions and let Judge
3  Connolly know what number they want
4  him to rank them in his standard
5  ranking process for summary judgment
6  motions.
7     In other words, with some
8  creative scheduling, there is a way to
9  get this done where the case only gets
10 delayed by ten weeks or less or not at
11 all, and I can't find that that is
12 unduly prejudicial given the parties'
13 previously agreed-upon extensions.
14    So in sum I find that VLSI
15 will not be unduly prejudiced, and I
16 therefore grant Intel's motion seeking
17 leave to file its amended answer.
18    The remaining question is
19 whether to grant Intel's request to
20 sever and stay the license defense.
21    The Court has discretion
22 under Federal Rule of Civil Procedure
23 42(b) to bifurcate any issue or
24 counterclaim for convenience, to avoid

61

1  prejudice, or to expedite and
2  economize.  The Court has discretion
3  to stay proceedings and otherwise
4  control its docket.
5         Courts in this district
6  typically rely on three factors in
7  determining whether a stay is
8  appropriate:  One, whether a stay will
9  simplify the issues for trial, two,
10 whether discovery is complete and a
11 trial date has been set, and, three,
12 whether a stay would unduly prejudice
13 or present a clear tactical
14 disadvantage to the nonmoving party.
15        Although the three-factor
16 test informs the Court's inquiry, that
17 test is not a prescriptive template.
18 The district court retains the
19 discretionary prerogative to balance
20 considerations beyond those captured
21 by the three-factor stay test.
22        Intel wants the Court to
23 stay its license defense pending
24 Intel's case against VLSI and others

62

1  in the Court of Chancery.  Intel has
2  provided no other basis for severing
3  and staying.
4         However, as we discussed
5  during the hearing today, there is a
6  pending motion to dismiss in the
7  chancery court case, and I understand
8  from what the parties have said today
9  that the chancery court has requested
10 supplemental briefing on whether it
11 has subject-matter jurisdiction.
12        What I don't want to have
13 happen is for us to be in a situation
14 where the chancery court grants the
15 motion to dismiss months from now and
16 then it's too late to get the license
17 issue back on track for trial in the
18 main case here.
19        So I'm going to deny
20 Intel's request to sever and stay
21 without prejudice to refile it after
22 the Court of Chancery rules on its
23 subject-matter jurisdiction.
24        Once we see what issues, if

63

1  any, the Court of Chancery thinks it
2  has jurisdiction to decide and against
3  who, we can make an informed decision
4  about whether it makes sense to
5  bifurcate the standing issues in this
6  court.
7         For the reasons I've
8  stated, Intel's motion is granted in
9  part, and by in part, Intel's request
10 for leave to file its second amended
11 complaint is granted.  Intel's request
12 to sever and stay its defense of
13 license is denied.
14        The parties are further
15 ordered to meet and confer within 14
16 days and provide a status report on
17 how they would like to proceed with
18 any remaining discovery that may be
19 needed as well as any further
20 deadlines in the case.
21        Any disputes about those
22 issues should be directed to whichever
23 judge has those disputes, which I
24 don't think is me.  I'll let you all

64

1  figure it out.
2         Any questions from VLSI?
3         MR. JABLON:  No.  Thank
4  you, Your Honor.
5         THE COURT:  Thank you.
6         Any questions from Intel?
7         MR. LANTIER:  No, Your
8  Honor.  Thank you.
9         THE COURT:  All right.  I
10 hope everybody's having a great
11 summer.  It's good to see you.  I hope
12 you and your families are safe and
13 well.  Take care.  We'll be adjourned.
14        (Proceedings concluded at
15 3:27 p.m. Eastern Time.)

65

```
1                REPORTER'S CERTIFICATE
2
3       I, SUSAN ARNOLD YODER, Registered
4    Professional Reporter and Notary Public,
5    do hereby certify that the foregoing
6    record, pages 1 through 63 inclusive, is
7    a true and accurate transcript of my
8    stenographic notes taken on July 6,
9    2021, in the above-captioned matter.
10         IN WITNESS WHEREOF, I have hereunto
11   set my hand and seal this 6th day of
12   July, 2021, at Wilmington.
13
14
15
16        [signature: Susan A. Yoder]
17
          SUSAN ARNOLD YODER, RPR
19
20
21
22
23
24
```