# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| VLSI TECHNOLOGY LLC,<br>*Plaintiff* | § § § § | |
| -vs- | § § § | A-19-CV-00977-ADA |
| INTEL CORPORATION,<br>*Defendant* | § § § § | |

## AMENDED NOTICE OF TRIAL PROCEDURES

In anticipation of the upcoming jury trial, the Court notifies the parties of the following trial procedures. This amended notice reflects the correct date of trial.

### I. GENERAL TRIAL PROCEDURES

#### A. Jury Selection

Jury Selection will begin at 9:00AM, April 25, 2022 in Courtroom #1 in the United States District Court, 501 West Fifth Street, Austin, TX 78701. Judge Derek T. Gilliland will conduct voir dire and hold a pre-voir dire conference as indicated in a separate order.

Seven jurors will be selected for this trial. Each party will have four peremptory strikes. The Court will provide the parties an opportunity to do a general and individual *voir dire* at the Court's discretion. The Court will provide the parties with a diagram of the room that identifies the jurors and their seat assignments.

#### B. Trial

Trial will begin at 1:00PM, April 25, 2022, in Courtroom #1 in the United States District Court, 501 West Fifth Street, Austin, TX 78701. Trial will generally occur between 9:00AM and 5:00PM. Unless otherwise directed, the Court intends to meet at 8:30AM each morning to

address objections. Parties are to meet and confer each evening, on a schedule chosen by the parties, to narrow disputes regarding the next day's proceedings. The parties are instructed to send an update to the law clerk by 7:00AM the next morning indicating any issues that need to be addressed before bringing in the jury.

The parties shall jointly provide notebooks to the jurors on the first day of trial before the trial begins. The notebooks shall be provided to a Court staff, who will deliver the notebooks to the jurors.

Each party will have 14 hours of trial time. Each party's first 30 minutes of opening arguments and first 30 minutes of closing arguments will not be counted towards the party's allocated trial time. A party may not reserve trial time for closing—30 minutes is the limit. The Court assesses arguments made outside the jury's presence against the above trial time limits.

There will be no bench conferences in the presence of the jury during trial. If necessary, the Court may take a short recess from the trial to conduct any bench conferences and resolve any issues in the absence of the jury.

The parties shall use electronic exhibits for any exhibit displayed and/or given to the jury, unless providing or displaying an exhibit electronically is impractical or restricted under the protective order. For the sake of clarity, any witness, counsel, staff, and the Court may each have his or her own set of physical exhibits. However, physical exhibits will not be passed to the jury absent approval by the Court.

### C. Courtrooms

No food or drink, aside from bottled water, is allowed in the courtroom. Cellphones must be turned off or on silent. Absolutely no recording of the proceedings is allowed.

### D. Audio Access for the Public

Although seating will remain available to the public in the courtroom, a webinar feed will be made available to the public. The public is permitted to listen to the trial proceedings by telephone. Recording of the proceedings in any way is <u>not</u> permitted.

**Audio Only:**
Or One tap mobile :
    US: +16692545252,,1613864760#,,,,*497980#  or
+16468287666,,1613864760#,,,,*497980#
Or Telephone:
    Dial(for higher quality, dial a number based on your current location):
        US: +1 669 254 5252  or +1 646 828 7666  or +1 551 285 1373  or +1 669 216 1590
Webinar ID: 161 386 4760
Passcode: 497980

### E. Video Access for Party-Affiliated Individuals

A live video feed of the trial proceedings will be provided to party-affiliated individuals to accommodate any party-affiliated individuals who choose to observe the trials remotely and any witnesses who choose to testify remotely. This live feed may be accessed by the following party-affiliated individuals outside of the Courthouse:

a) The parties' outside counsel, staff, and consultants;

b) The parties' in-house counsel disclosed under the Protective Order;

c) Witnesses on either party's witness list to the extent permitted under the Protective Order and Pre-trial Order. A fact witness (other than a designated corporate representative) may not observe the testimony of other witnesses until after that witness has completed his/her testimony and has been excused by the Court. Expert witnesses and corporate representatives may observe the testimony of other witnesses before they testify—although corporate representatives may be precluded from observing certain sealed testimony because of confidentiality reasons.

If any witness of either party chooses to testify remotely during the trial, the party shall work with the Court's IT staff to make any arrangement such that the witness can testify remotely using the Court's Zoom platform.

### F.  Remote Witness Procedures

Parties hosting remote witnesses during trial are instructed to bring an extra laptop for presenting Zoom on the Court's evidence system via HDMI. Counsel must also provide, at least one week before trial, the emails of all remote witnesses **and** any counsel inside the courtroom that will be participating by sharing their screen to display evidence via the Zoom screen sharing function. Parties conducting cross-examinations of remote witnesses must also provide their email addresses if they intend to do any Zoom screen sharing during the cross-examination. It is recommended that each party provide at least one email address of counsel inside the courtroom that will be logged into the Zoom webinar during the witness examination for any potential screen sharing activities.

### G.  Remote Participation Decorum

Remote trial participants and observers should silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications), and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings. Remote participants and observers who will not be testifying or presenting matters during the proceedings shall mute their microphones and deactivate their cameras. Participants and observers using multiple devices in a single workspace to access the trial should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

The Court requires all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial. Anyone appearing virtually shall dress in the same manner as they would if they physically appeared in the courtroom. If party members, members of the press, or members of the public become disruptive, the Court may further restrict who is able to view the trial. Remote trial participants and observers should conduct themselves in the same way they would if they were physically present in the courtroom.

## II.  COVID -19 SAFETY PROTOCOL

In order to provide a safe environment for all parties and other trial participants, the Court has approved the following COVID-19 safety protocols, which the Court employs to maximize safety and social distancing during trial.

### A.  Pre-Entry Health Assessments

All individuals who enter the Courthouse shall be expected to adhere to CDC guidelines for COVID-19.

#### 1.  COVID-19 Safety Questionnaire

Self-assessment health signage is already posted conspicuously around the Courthouse. Such signs direct any person who fails the self-assessment not to enter the building. In addition, any individual who answers "yes" to any of the following questions shall inform the Court's personnel before entering the Courthouse:

    a) In the last three weeks, have you been diagnosed with COVID-19?

    b) Are you currently experiencing new or worsening signs of any of the following symptoms not otherwise attributable to a condition other than COVID-19 (such as pregnancy, dehydration, rigorous exercise, etc.): difficulty breathing or shortness of breath; loss of the sense of taste or smell; gastrointestinal discomfort

including vomiting or diarrhea; fever; cough; fatigue; headache; or muscle or body aches; or runny nose?

**IT IS SO ORDERED**.

SIGNED this 14th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE