# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | Case No. 1:19-cv-00977-ADA |

### DEFENDANT INTEL CORPORATION'S NOTICE OF SUBSEQUENT DEVELOPMENTS IN CONNECTION WITH INTEL'S RULE 59 MOTION FOR A NEW TRIAL (DKT. 713)

Defendant Intel Corporation submits this notice of subsequent developments relating to its pending Rule 59 Motion for a New Trial (Dkt. 713; *see* Dkt. 729).

The attached precedential opinion in *VLSI Technology LLC v. Intel Corp.*, No. 22-1906, ECF No. 72 (Fed. Cir. Dec. 4, 2023) ("*VLSI I*") confirms that a new trial on damages is required in this case. As part of his damages analysis in both *VLSI I* and this case, VLSI's damages expert Dr. Sullivan performed a so-called cost-and-contribution analysis to allegedly split profits between Intel and VLSI. To do so, Dr. Sullivan subtracted Intel's spending from allegedly infringing revenues and then allocated the resulting alleged profit to VLSI. *See, e.g.*, Dkt. 701 [11/9/22 Trial Tr. (Sullivan)] at 753:1-758:3. In *VLSI I*, the Federal Circuit stated that "VLSI ha[d] not adequately elucidated how the last-step cost-and-contribution analysis … reasonably establishes the choice Intel and VLSI would have made in the hypothetical negotiation about the sharing of the incremental benefits of implementation of the patent technology." *VLSI I*, Fed. Cir. Op. at 28.

Dr. Sullivan's opinion and testimony regarding the allocation of profits between Intel and VLSI in this case suffer from the same flaws as his opinion and testimony in *VLSI I*. As Intel explained in its new trial motion in this case, Dr. Sullivan's profit-sharing opinion was contrary to law and to the facts of this case, including because "Dr. Sullivan identified no evidence that anyone had ever used his profit split … to negotiate a license similar to one for the asserted patent" and "[h]is profit-split analysis was therefore 'arbitrary, unreliable, and irrelevant.'" Dkt. 713 at 8-9 (quoting *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011)); Dkt. 729 at 4-5 (explaining that Dr. Sullivan "identified no evidence that his profit split was tied to the facts of this case or hypothetical negotiation").[1] As in *VLSI I*, in this case Dr. Sullivan also failed to

---

[1] Intel also explained that Dr. Sullivan impermissibly sought disgorgement by allocating 100% of profits to VLSI. Dkt. 713 at 8-9. Regardless of the exact profit-split ratio, however, Dr. Sullivan's profit-sharing opinion was contrary to law and neither tied to nor supported by the facts of this case.

1

identify any comparable license agreement or real-world example in which his profit split was used. Likewise, he did not cite any statement or document from any party to the hypothetical negotiation indicating that they ever agreed to anything like his profit split. Instead, in both this case and *VLSI I*, Dr. Sullivan's only purported justification for his profit split was Intel's "financial data." *Compare* Dkt. 701 [11/9/22 Trial Tr. (Sullivan)] at 756:5-757:21, *with VLSI Tech. v. Intel Corp.*, No. 6:21-cv-57, Dkt. 567 [2/24/21 Trial Tr. (Sullivan)] at 661:11-662:15 (W.D. Tex.). Indeed, in attempting to defend Dr. Sullivan's profit split at the Federal Circuit, VLSI set forth the same arguments that it advanced in this case. *Compare* Dkt. 726 at 9 ("Dr. Sullivan did not use a 'rule of thumb.' Quite the opposite: He calculated Intel's allocation based on its own accused-product-specific 'financial data.' Intel's argument that Dr. Sullivan was *also* required to show where another party had used that specific split to negotiate a license is legally incorrect, and goes at most to weight." (citation omitted) (emphasis in original)), *with* Non-Confidential Response Brief of Appellee VLSI Technology LLC, *VLSI Tech. v. Intel Corp.*. No. 22-1960, ECF No. 21 at 61 (Fed. Cir. Nov. 14, 2021) ("Sullivan did not use an impermissible 'rule of thumb.' He calculated Intel's allocation based on ***Intel's own*** accused-product-specific 'financial data. … Intel's argument that Sullivan was *also* required to show where another party had used that specific split 'to negotiate a license' has no basis in law. It goes to weight, not admissibility.'" (citation omitted) (emphases in original)).

The Federal Circuit's opinion in *VLSI I* applies equally here and confirms that, at minimum, a new trial on damages is required because "VLSI has not adequately elucidated how [Dr. Sullivan's] last-step cost-and-contribution analysis … reasonably establishes the choice Intel and VLSI would have made in the hypothetical negotiation about the sharing of the incremental benefits of implementation of the patent technology." *VLSI I*, Fed. Cir. Op. at 28; *see VirnetX,*

*Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1334 (Fed. Cir. 2014) (vacating damages award because patent owner's expert assumed a profit split "insufficiently tied to the facts of the case"); *Uniloc*, 632 F.3d at 1311 (rejecting assumption that parties would have agreed to a 75/25 split because it "had no relation to the facts of the case, and as such, was arbitrary, unreliable, and irrelevant"); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2021 WL 4207442, at *2 (D. Del. Sept. 16, 2021) (excluding theory where profit split is "not particular to the facts of this case").

In light of this new development, Intel respectfully requests that the Court set Intel's new trial motion for hearing so that the Court can hear argument regarding Dr. Sullivan's improper profit split in particular.[2]

---

[2] Before the *VLSI I* decision was issued by the Federal Circuit on December 4, 2023, this Court notified the parties via email on November 30, 2023 that it "will rule on the papers for … Intel's Rule 59 Motion for a New Trial (ECF 713)."

Dated: December 7, 2023

OF COUNSEL:

William F. Lee (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Gregory H. Lantier (*Pro Hac Vice*)
Amanda L. Major (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
2100 Pennsylvania Avenue NW
Washington DC 20037
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com
Email: amanda.major@wilmerhale.com

Respectfully submitted,

*/s/ Kelly Ransom*
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: kelly.ransom@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Tel: (254) 710-7670
Email: james.wren@baylor.edu

Harry Lee Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Email: gil@gillamsmithlaw.com

*Attorneys for Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on December 7, 2023.

*/s/ Kelly Ransom*
Kelly Ransom