IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | **Case No.:** 1:19-977-ADA<br><br>6:19-cv-256-ADA |

**PLAINTIFF VLSI TECHNOLOGY LLC'S**
**MOTION FOR ENTRY OF SCHEDULING ORDER ON INTEL'S LICENSE DEFENSE**

**I.     CASE STATUS**

This Court held a trial in this case in November 2022. The parties then filed post-trial motions, which remain pending. The Court held a post-trial hearing on December 11, 2023, at which time it asked the parties how it should proceed to adjudicate Defendant Intel Corporation's ("Intel's") license defense in light of the Federal Circuit's December 4, 2023 decision remanding that issue. Intel explained at that hearing that although the mandate had not yet issued in *VLSI I*, "in the meantime, ***in this case*** [*VLSI 3*], ***we're happy to proceed*** by amending our answer, adding the license defense, and then litigating that." Hr'g Tr. at 13:2-12. Intel also claimed that it had "no reason to want to delay" this Court's adjudication of its license defense. *Id.* at 11:23-25. The Court agreed, expressing its desire to "get a trial date set relatively quickly" after the parties complete any remaining tasks. *Id.* at 7:15-16. For the reasons detailed below, VLSI Technology LLC ("VLSI") respectfully requests that the Court enter a scheduling order setting trial on Intel's license defense for April 22, 2024, with appropriate pretrial deadlines as set forth below.

**II.     VLSI'S POSITION**

No further discovery is needed on Intel's license defense. Intel has already taken extensive discovery on its license defense in multiple parallel federal patent actions, all of which discovery the parties are free to use in this action. Intel has deemed the extensive discovery already taken on this subject to be sufficient for Intel to file motions for summary judgment on the license defense first in the District of Delaware and then in the Northern District of California. Indeed, in California, Intel has represented to that court that the license defense is fully ready for a trial in March 2024. However, VLSI has no infringement claims pending in that action, and thus that court has no jurisdiction to entertain Intel's license defense. Meanwhile, this is the only Court with live infringement claims between the parties, and is both the first Court in which Intel asserted its defense, and the first Court to consider and rule on the merits of that defense. *See VLSI Tech.*

*LLC v. Intel Corp.*, 2022 WL 1261322, at *3 (W.D. Tex. Apr. 21, 2022), *rev'd and remanded*, 87 F.4th 1332 (Fed. Cir. 2023) ("The case law and the Finjan Settlement make clear that VLSI is not bound by the Finjan License with Intel.").

VLSI respectfully submits that Intel's discovery position before this Court is a transparent attempt to delay these proceedings while Intel simultaneously tries to leapfrog this Court and seek a preclusive ruling on its license defense from the Northern District of California, even though, as a matter of law, that court no longer has any jurisdiction over its defense. Accordingly, VLSI respectfully requests that the Court enter its proposed schedule as set forth below.

### A. Whether Additional Discovery Is Needed For Intel's License Defense

The lengthy history of discovery related to Intel's license defense belies its demand for additional discovery here. As a preliminary matter, all relevant parties and third parties have already agreed to cross-use in the Western District of Texas of all existing discovery materials related to Intel's license defense, provided that no new, duplicative discovery is taken. Such materials are extensive. Intel has taken over a dozen depositions related to its defense—including for example of VLSI's CEO and Board members, Fortress's Managing Directors and in-house counsel, Finjan's CEO and CFO, multiple Rule 30(b)(6) witnesses, and multiple NXP executives—while also receiving sweeping access to corporate documents from the same. Furthermore, after recently requesting and receiving yet further discovery from non-party Fortress in the Northern District of California, ostensibly to supplement its license discovery from Delaware, Intel opted not to ask *a single question* related to its license defense in any of the resulting depositions. And, only further emphasizing the sufficiency of that existing discovery, when VLSI served Intel a 30(b)(6) topic on Intel's license defense in the Northern District of California, Intel merely designated its District of Delaware 30(b)(6) testimony, declining to offer a new witness. *See* Ex. 1 (Intel's Responses to VLSI's 30(b)(6) Topics) at 232-234. Nor did Intel

ever contend that it needed to reopen or "update" discovery in California before filing its motion for summary judgment on this issue only five months ago.

In contrast to its position here that more discovery is somehow needed, Intel has simultaneously argued in California that existing discovery is not only adequate but renders the defense ripe for *immediate* resolution.  Indeed, as counsel for Intel reiterated multiple times just three weeks ago at a motions hearing before Judge Freeman: "We are ready to go . . . on the license issues . . . . We are prepared to proceed to trial in March on that question for a final decision." Ex. 2 (Jan. 4, 2024 Hr'g Tr.) at 8:9-14.  Intel's counsel repeated this again: "We are primed to finally resolve this issue at the trial in March," *id.* at 9:18-19, and again: "The license defense is primed for trial in March," *id.* at 10:21, and again: "we are ready to bring this to resolution at the trial as scheduled in March," *id.* at 12:4-5, concluding: "we think this is primed for trial, primed for resolution, [and] to stay it now would only be injecting delay," *id.* at 12:16-17.

Intel argues that its license defense is so ready for final decision that the Northern District of California can—indeed, *should*—hold a trial in March solely on the issue, despite no live infringement claims remaining in that case.  Over the past three weeks, the parties briefed the Northern District of California regarding that court's lack of jurisdiction to hold such a trial on Intel's "affirmative defense to nothing." Ex. 2 at 25:7 (Freeman, J.).  In an eight-page order, published January 24, 2024, Judge Freeman summarily rejected Intel's position, acknowledging that "Intel's affirmative defenses were mooted" and that "the Court . . . no longer has jurisdiction over the affirmative defense," until "the Federal Circuit sends either patent [held not-infringed at summary judgment] back to this Court." Ex. 3 (Jan. 24, 2024 Order) at 3, 8.  In the aftermath of Judge Freeman's Order, rather than agree to proceed on its license defense in this Court, Intel doubled-down on its attempts at forum shopping.  First, Intel declined to provide its position on

this proposed motion, as agreed, by end of day on Wednesday, January 24. Then, Intel insisted on postponing the parties' scheduled meet and confer from Thursday, January 25 to Friday, January 26 (after refusing to meet and confer in the previous weeks). Finally, in a desperate bid at depriving this Court of the opportunity to rule on its license defense, Intel today filed a motion seeking leave to amend its answer in the Northern District of California to supplement its moot affirmative defense with a redundant, equally-moot counterclaim seeking a declaration that it is licensed to VLSI's patents. Intel's effort to amend—far beyond the permitted time under Judge Freeman's scheduling order and without any good cause—in hopes of conjuring up some jurisdiction for the Northern District of California to decide an issue properly before this Court, while simultaneously striving to delay this Court's speedy resolution of the same license defense, represents the epitome of forum shopping.

This Court has the most extensive history with Intel's license defense. Intel first attempted to introduce its license defense before this Court in September 2020. This Court was the first to hear and consider (and reject) many of Intel's legal arguments regarding its license defense— positions that Intel has consistently shopped to other Courts, seeking different results. First, in 2021, Intel filed a claim in the Delaware Court of Chancery, which, after extensive briefing on the merits, was denied for lack of subject matter jurisdiction. *Intel Corp v. Fortress Investment Group, LLC*, 2021 WL 4470091, at *8 (Del. Ch. Sept. 30, 2021) ("I believe equity will also refuse to aid one who slumbered on its legal rights by expanding its jealously guarded subject matter jurisdiction to compensate for that failure.").

Over a year after Intel first sought to introduce its license defense in the Western District of Texas, it conducted expansive discovery in the District of Delaware, before eventually agreeing to settle the case in 2022 before that Court ruled on the parties' cross-motions for summary

judgment. *See VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC-CJB, Dkt. 998 at 1 (D. Del.) ("[T]he Parties hereby jointly stipulate as follows: . . . That all defenses to the Parties' claims and counterclaims are dismissed without prejudice[.]"). Then, in December 2021, with VLSI's consent, Intel amended its Answer in the Northern District of California to include its license defense. Over the following two years, Intel wasted its exhaustive opportunity for additional discovery in California, as described above.

Indeed, despite Intel's attempts to forum shop its license defense before other courts, the Federal Circuit explicitly left to ***this Court*** and its discretion decisions regarding "the appropriate processes for deciding the merits of the license defense, *e.g.*, whether a motion to dismiss may suffice, ***whether discovery is warranted***, or ***whether summary judgment may be justified***." *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332, 1352 (Fed. Cir. 2023) (emphasis added). In light of its arguments before the Northern District of California, Intel's hollow demands for discovery are little more than pretext for delay in an attempt to circumvent this Court's previous findings. Indeed, Intel fears this Court's reasoned assessment of the situation, which would prove dispositive of the defense—and which Intel has not successfully adduced any facts to refute even after three years of discovery. *See VLSI*, 2022 WL 1261322, at *3 ("VLSI was not a party to the Finjan License and it is not an affiliate of Finjan."). Accordingly, this Court, in which ***Intel*** first chose to assert its license defense, can and should deny Intel's demands for additional discovery and prevent Intel's blatant attempt at manufacturing a way for the Northern District of California to leapfrog this Court's adjudication of Intel's defense.

**B.      Schedule For Adjudicating Intel's License Defense**

As explained in Section I.A, Intel's license defense is ready for adjudication, and should be promptly adjudicated by this Court, the Court in which Intel first raised it. Accordingly, VLSI proposes the following schedule for resolving Intel's defense in the present case:

| Date | Deadline |
| --- | --- |
| February 5, 2024 | Deadline for Intel to amend its answer to formally plead its license defense |
| February 9, 2024 | Dispositive motion deadline |
| February 23, 2024 | Deadline for oppositions to dispositive motions<br>Serve Pretrial Disclosures (exhibits lists, witness lists, deposition designations) |
| March 4, 2024 | Deadline for replies to dispositive motions |
| March 8, 2024 | Serve objections to pretrial disclosures/rebuttal disclosures |
| March 15, 2024 | Serve objections to rebuttal disclosures; file motions *in limine* |
| March 22, 2024 | File Joint Pretrial Order and Pretrial Submissions (exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine* |
| March 29, 2024 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to file replies to motions *in limine*. |
| April 5, 2024 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*<br><br>Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates |
| April 9, 2024 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine* |
| April 12, 2024 (or as soon as practicable) | Final Pretrial Conference (in person) |

| Date | Deadline |
|---|---|
| April 22, 2024 (or as soon as practicable) | Trial[1,2] |

At the December 11, 2023 hearing, Intel was clear that "the Federal Circuit still has jurisdiction over that case [*VLSI I*]," but "in the meantime, ***in this case***, ***we're happy to proceed*** by amending our answer, adding the license defense, and then litigating that." Hr'g Tr. at 13:2-12. Intel also claimed that it had "no reason to want to delay" this Court's adjudication of its license defense. *Id.* at 11:23-25. Yet in email correspondence since then, Intel has taken a different position, arguing that the pending mandate in *VLSI I* "prevents coordinated license proceedings in the first case and third case." Ex. 4 (Jan. 11, 2024 Email from Dennhardt to Gabriel). Intel's email goes on to claim that it does not want to "discuss a reasonable schedule for proposal to the Court" until "the mandate issues and the first and third cases are ripe for moving forward on the license issues on a coordinated basis." *Id.*

There is no basis for this unnecessary delay. The license defense can be adjudicated in this case, which is ready to proceed now. Intel's new position that this case should await the appellate mandate in a separate case lacks any rational basis and is inconsistent with positions it took earlier this month in the California case, where Intel insisted: "we think this is primed for trial, primed for resolution, [and] to stay it now would only be injecting delay." Ex. 2 (Jan. 4, 2024 Hr'g Tr.)

---

[1] Intel has represented to VLSI that it has a supposed conflict with this date because its lead trial counsel has an evidentiary hearing over two weeks later. But according to Intel, any trial on its license defense can be completed in one to two days. *See VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-5671-BLF-NC, Dkt. 798 at 9 n.1 (N.D. Cal.) ("[T]he license issue can be tried in the Court's discretion in a short one-to-two-day trial."). As a result, there is no conflict.

[2] As discussed at the December 11, 2023 hearing, VLSI agrees with the Court that if for some reason Intel's license defense cannot be resolved at summary judgment, a bench trial would be appropriate. Although Intel initially agreed as well, it is now "considering its position regarding a bench or jury trial." Ex. 4 (Jan. 11, 2024 Email from Dennhardt to Gabriel).

at 12:16-17. Intel itself also explained why the license defense need not wait for other patent-specific issues to be appealed: "the license issues are independent of those patent merits issues." *Id.* at 11:16-17. Accordingly, VLSI respectfully requests that the Court enter the above schedule, which is consistent with this Court's Order Governing Proceedings for Patent Cases – Appendix A with respect to the relative timing of the dispositive motion, pre-trial, and trial dates.

### III. STATUS OF PARTIES' DISCUSSIONS

As the Court instructed at the December 11, 2023 Post-Trial Conference, VLSI repeatedly contacted Intel throughout December and January to schedule a meet and confer regarding how to move forward "quickly" to adjudicate Intel's license defense, and "what Intel thinks they need to do in terms of discovery, if there is any." Dec. 11, 2023 Hr'g Tr. at 7:2-16. Intel repeatedly declined VLSI's requests to meet and confer, and repeatedly refused to provide any rationale for its contradictory position that it needs and is entitled to additional discovery in the Western District of Texas while simultaneously petitioning the Northern District of California to proceed immediately to trial on its license defense.

Once it became clear (despite Intel's refusal to meet and confer) that the parties were at an impasse, on Sunday, January 21, 2024, VLSI provided Intel a draft of this motion, styled as a ***joint*** motion for entry of scheduling order, and proposed that the parties meet and confer the following day. Intel declined and demanded both that it receive an additional two days to provide VLSI its position and that the parties delay any meet and confer until Thursday, January 25. VLSI agreed. Late Wednesday, citing an order from the Northern District of California ruling that that court lacked jurisdiction over Intel's license defense, Intel informed VLSI that it would not meet its own proposed deadline to provide its position, nor would it be available at its proposed meet and confer time. Intel unilaterally moved the meet and confer time to Friday. VLSI requested that Intel provide its new position by 2pm CT Thursday so that it would have time to consider it and, if

- 8 -

necessary, respond, while still filing this motion on Friday. Intel did not provide its position until 9:42pm CT on Thursday evening. VLSI nevertheless provided edits to its position, offering additional context in response to Intel's position but no changes to its requested relief, in less than 24 hours, and asked Intel to respond promptly to allow the parties to file today as planned. Intel waited over two hours and then announced that it would not cooperate with a joint filing today, and would not provide its revised position until Monday. Accordingly, given Intel's continued efforts to delay proceedings in this case while encouraging the Northern District of California to ignore its lack of jurisdiction and leapfrog this Court, VLSI hereby submits this motion unilaterally.

Dated: January 26, 2024

By:

      */s/ Andy Tindel*
J. Mark Mann (Texas Bar No. 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas Bar No. 24042033)
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 W. Main Street
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003

Andy Tindel (Texas Bar No. 20054500)
atindel@andytindel.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

Morgan Chu (*pro hac vice*)
Benjamin W. Hattenbach (*pro hac vice*)
Iian D. Jablon (*pro hac vice*)

Alan J. Heinrich  (*pro hac vice*)
Ian Robert Washburn  (*pro hac vice*)
Amy E. Proctor  (*pro hac vice*)
Elizabeth C. Tuan  (*pro hac vice*)
Dominik Slusarczyk  (*pro hac vice*)
Charlotte J. Wen  (*pro hac vice*)
Benjamin Monnin  (*pro hac vice*)
Jordan Nafekh  (*pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California   90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
bhattenbach@irell.com
ijablon@irell.com
aheinrich@irell.com
iwashburn@irell.com
aproctor@irell.com
etuan@irell.com
dslusarczyk@irell.com
cwen@irell.com
bmonnin@irell.com
jnafekh@irell.com

Babak Redjaian  (*pro hac vice*)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California   92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
bredjaian@irell.com

*Attorneys for VLSI Technology LLC*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via ECF, to all counsel of record, on January 27, 2024.

*/s/ Andy Tindel*
Andy Tindel
