# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |
|---|---|
| VLSI TECHNOLOGY LLC, | |
| Plaintiff, | Case No. 1:19-cv-977-ADA |
| v. | **PUBLIC VERSION** |
| INTEL CORPORATION, | ████████████ |
| Defendant | |

## DEFENDANT INTEL CORPORATION'S OPPOSED MOTION TO STRIKE PLAINTIFF VLSI TECHNOLOGY LLC'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING INTEL'S LICENSE DEFENSE

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ............................................................................................................... 2

    A.  Federal Rule Of Civil Procedure 52 Is Inapplicable Here Because The Jury Returned A Verdict That Is Binding For The Issue Of Common Control— The Sole Factual Dispute For Intel's License Defense ........................................... 2

    B.  There Are No Special Verdict Issues For The Court To Resolve Under Federal Rule Of Civil Procedure 49 ....................................................................... 5

    C.  VLSI's Proposed Findings Of Fact And Conclusions Of Law Contravene The Parties' Stipulation And Prior Practice ............................................................ 5

III.  CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcatel USA, Inc. v. DGI Technologies, Inc.*,
    166 F.3d 772 (5th Cir. 1999) .........................................................................3, 4

*Dresser-Rand Co. v. Virtual Automation Inc.*,
    361 F.3d 831 (5th Cir. 2004) ............................................................................3

*In re Lockwood*,
    50 F.3d 966 (Fed. Cir.)......................................................................................4

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996).........................................................................................3

*Schlotzsky's, Ltd. v. Sterling Purchasing & National Distribution Co.*,
    520 F.3d 393 (5th Cir. 2008) ............................................................................3

*In re Technology Licensing Corp.*,
    423 F.3d 1286 (Fed. Cir. 2005).........................................................................4

*Thompson v. Parkes*,
    963 F.2d 885 (6th Cir. 1992) ............................................................................4

*Windsurfing International, Inc. v. Ostermann*,
    534 F. Supp. 581 (S.D.N.Y. 1982)....................................................................4

**Rules and Statutes**

Federal Rule of Civil Procedure 49 ......................................................................1, 2, 5

Federal Rule of Civil Procedure 52 ...................................................................1, 2, 3, 4

**Other Authorities**

Wright & Miller, *Federal Practice and Procedure* (3d ed.)..........................................4

**Exhibits**

The exhibits cited in this motion as "Ex. __" are attached to the Declaration of Steven J. Horn filed as an attachment to this motion.

## I.    INTRODUCTION

Without leave of this Court or any proper legal basis, VLSI is attempting to circumvent the parties' agreed-to post-trial stipulation (Dkt. 961), and treat the jury's verdict as merely an advisory verdict, by submitting an unauthorized 36-page "proposed findings of fact and conclusions of law." Dkt. 967.  By repeatedly citing the proposed findings of fact as shorthand in its Rule 50(b) motion (Dkt. 965), VLSI has also expanded its briefing beyond the parties' negotiated 30-page limit.  The Court should reject VLSI's improper attempt to disregard the jury's verdict and strike VLSI's proposed findings of fact and conclusions of law (Dkt. 967), as well as the more than 40 citations to the unauthorized filing in VLSI's Rule 50(b) motion (Dkt. 965).

VLSI has no legal basis for its proposed findings of fact and conclusions of law.  VLSI cited Federal Rules of Civil Procedure 49 and 52, Dkt. 967 at 1, 23-24 (CL1-5); Dkt. 965 at 2, but neither rule is applicable here.  Rule 52 applies only in nonjury trial or advisory jury contexts. This Court previously held that Intel was entitled to a jury trial on its license defense.  *See* Ex. 1 [9/24/24 Email from Court]; Dkt. 845 [Intel Submission re Right to Jury Trial]; Dkt. 905 [Summary Judgment Order] 2-3.  Here, the sole factual dispute—common control—was tried to a jury that rendered a verdict in Intel's favor that is amply supported by the record.  Dkt. 959 [Verdict].  The jury's verdict was not advisory, and the Court should reject VLSI's attempt to waste the Court's, the parties', and the jurors' time and resources by treating that verdict as if it were merely advisory.  Similarly, VLSI's filing does not fit within Rule 49(a)(3).  The jury has resolved the sole factual dispute underlying Intel's license defense, and there remain only legal issues for the Court to resolve, which the parties are separately briefing to the Court in their Rule 50(b) submissions.  *See* Dkt. 905 at 2 ("Whether Intel is licensed to the asserted patent under the Finjan License has underlying factual issues (*i.e.*, whether Finjan and VLSI are under common control of Fortress) but is ultimately a question of law for the judge that is to be determined by the

court, either on a pretrial motion for summary judgment or on a motion for judgment as a matter of law at the close of evidence and after the jury verdict."); Dkt. 964 [Intel's JMOL].

Intel would be unfairly prejudiced should this Court consider VLSI's unauthorized filing, which seeks to disregard the jury's verdict, and impermissibly enlarge the record and evade the parties' agreement on post-trial filings and page limits. Indeed, VLSI's filing essentially asks the Court to nullify Intel's Seventh Amendment right to a jury trial by treating the jury's verdict as advisory. In the alternative, to the extent that the Court considers VLSI's filing, Intel respectfully requests that the Court consider the attached Response to VLSI's Proposed Findings of Fact and Conclusions of Law.

## II.     ARGUMENT

VLSI provides no justification for filing its proposed findings of fact and conclusions of law in this case—where the jury returned a verdict following a trial on common control, which is the only factual dispute relevant to the license defense. Although VLSI contends that the filing was submitted "[p]ursuant to Rules 49 and 52(a)(1)," Dkt. 967 at 1, it fails to provide any justification for why those rules permit such a filing. Nor could it, as neither rule allows for such a filing here. To start, Rule 52 applies to non-jury trials and to advisory verdicts and thus does not apply here where the jury's verdict on the only factual dispute was not advisory. And Rule 49(a)(3), the provision of Rule 49 VLSI cites, *see* Dkt. 967 at 24 (CL5), is applicable only when there are remaining factual disputes not submitted to the jury, which as VLSI admits, did not occur here. VLSI's attempt to shoehorn its improper filing into these rules should be rejected.

### A.     Federal Rule Of Civil Procedure 52 Is Inapplicable Here Because The Jury Returned A Verdict That Is Binding For The Issue Of Common Control—The Sole Factual Dispute For Intel's License Defense.

Rule 52 does not apply here because a district court is required to make findings of fact and conclusions of law only "[i]n an action tried on the facts without a jury or with an advisory

jury." Fed. R. Civ. P. 52(a)(1); *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) ("Although Rule 52(a) does require a district court to make such findings and state its conclusions, these requirements are only imposed when a trial is heard without a jury or when a court is issuing an interlocutory order."); *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat. Distribution Co.*, 520 F.3d 393, 402–403 (5th Cir. 2008) (same). Neither circumstance is present here. Indeed, a jury returned a verdict in Intel's favor on the issue of common control, and that jury was not advisory. The jury deliberated and decided that "Intel prove[d] by a preponderance of the evidence that, at any point after November 20, 2012, Fortress Investment Group controlled both VLSI Technology LLC and Finjan LLC (formerly known as Finjan, Inc)[.]" Dkt. 959 at 1.

There are several reasons why the jury was not—and could not have been—an advisory jury. As the Fifth Circuit has explained, "a suitable question for an advisory jury" is that for which "the right to trial by jury does not extend," such as equitable defenses. *Alcatel USA, Inc. v. DGI Techs., Inc.,* 166 F.3d 772, 795 (5th Cir. 1999). But that basis for an advisory verdict does not apply where, as here, there is a Seventh Amendment right to a jury trial. The Court already requested briefing on whether there should be a jury trial, and after Intel argued that it had a Seventh Amendment right to a jury trial on the factual issues raised by its license defense, the Court agreed to hold a jury trial. *See* Ex. 1 [9/24/24 Email from Court]; Dkt. 845 [Intel Submission re Right to Jury Trial]; Dkt. 905 [Summary Judgment Order] 2-3. As Intel previously explained, Intel had a right to a jury trial on its license defense, which is a direct defense to VLSI's infringement claim. *See* Dkt. 845 [Intel Submission re Right to Jury Trial] at 1-2; *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376-377 (1996); *In re Tech. Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005); *In re Lockwood*, 50 F.3d 966, 976 (Fed. Cir.), *vacated as moot*, 515 U.S.

1182 (1995); *Windsurfing Int'l, Inc. v. Ostermann*, 534 F. Supp. 581, 584-585 (S.D.N.Y. 1982).[1] And the issue before the jury—common control—was the only factual dispute that this Court identified.  *See* Dkt. 905 at 2 ("[T]he Court is of the opinion that the better course would be to proceed to trial on the issue of common control.").

Moreover, because the Court has never ruled or even suggested that the jury's verdict was advisory, it cannot now be treated as advisory—particularly given that this Court would have been required to provide the parties "advance notice if it intend[ed] to regard the verdict as advisory." *Alcatel*, 166 F.3d at 795; *id.* at 795 n. 102 ("[T]he court's initiative in ordering a trial to an advisory jury must occur, and parties must be made aware of it, before case is submitted." (quoting *Thompson v. Parkes*, 963 F.2d 885, 888 (6th Cir. 1992))).  This Court made no such determination regarding an advisory jury or advisory verdict.

Finally, if the verdict *was* advisory, then VLSI's Rule 50(b) motion would itself would be improper: "it is axiomatic that Rule 50(b) applies 'only in cases tried to a jury that has the power to return a binding verdict'; it does not apply to 'cases tried without a jury *or to those tried to the court with an advisory jury*.'"  *4 Pillar Dynasty LLC v. New York & Co.*, Inc., 933 F.3d 202, 209 (2d Cir. 2019) (emphasis original) (quoting Wright & Miller, 9B Fed. Prac. & Proc. § 2523 (3d ed. 2018)).  Therefore, as VLSI's own analytically inconsistent positions demonstrate, Rule 52 is inapplicable here and cannot provide a basis for VLSI's improper filing.  VLSI should not be permitted to benefit from its mischaracterization of the jury's role as merely advisory, let alone selectively take that position to VLSI's benefit.

---

[1] VLSI's response to this Court's request for briefing on whether there was a right to a jury trial argued only that Intel's license defense was "futile" based on issues of law that VLSI later raised on summary judgment.  Dkt. 846 at 1.  VLSI did not dispute in that filing that there was a Seventh Amendment right to a jury trial on any underlying factual findings.

**B.** **There Are No Special Verdict Issues For The Court To Resolve Under Federal Rule Of Civil Procedure 49.**

Rule 49(a)(3), which contemplates judicial findings in narrow circumstances where factual issues are not submitted to a jury, likewise provides no support for VLSI's filing of proposed findings of fact and conclusions of law. Rule 49(a)(3) is inapplicable in this case because the sole factual dispute—common control—was presented to the jury. Only legal issues remain for the Court to resolve. *See* Dkt. 905 [Summary Judgment Order] 2-3 (holding that the Court would resolve the ultimate "question of law" underlying Intel's license defense "at the close of evidence and after the jury verdict" on common control). VLSI has repeatedly admitted as much, including in its Rule 50(b) motion. *See* Dkt. 965 at 1 (arguing that Intel's license defense fails due to "questions of *law*, and legal requirements not presented to the jury" (emphasis in original)); Dkt. 901 [4/2/25 Hr'g Tr.] 5:1-21. To the extent that VLSI now suggests that, contrary to this Court's determination, *see* Dkt. 905 [Summary Judgment Order] 2-3, there are other factual disputes raised by Intel's license defense aside from common control, VLSI has waived this argument.

**C.** **VLSI's Proposed Findings Of Fact And Conclusions Of Law Contravene The Parties' Stipulation And Prior Practice.**

In addition to lacking any legal basis, VLSI's filing also contravenes the parties' negotiated stipulation in this case. The parties agreed to a 30-page limit for the parties' opening Rule 50(b) motions and a 20-page limit for VLSI's Rule 59(a) motion. *See* Dkt. 961. At no point did VLSI suggest that it would file anything beyond the agreed-to Rule 50(b) and Rule 59(a) motions. Indeed, the parties expressly agreed on a procedure for all forthcoming post-trial briefs, with the one remaining issue—whether additional Rule 50(b) or Rule 59(a) motions could be filed later—memorialized in footnotes containing the parties' positions. *See id*. at 2 nn.1-2.

VLSI's additional 36-page filing is also inconsistent with the parties' past practice following three prior trials before this Court. After the parties' previous trials before this Court,

5

the parties' post-trial briefing stipulations addressed the filing of proposed findings of fact and conclusions of law—which properly concerned Intel's *equitable* defenses. *See* Dkt. 709 ("February 3, 2023: … ii. Intel to file its opening briefing, and proposed findings of fact and conclusions of law, on its Bench Trial Defense."); *VLSI Tech. LLC v. Intel Corp*., No. 6:21-cv-057, Dkt. 587 ("April 9, 2021: i. Intel to file its opening briefing and proposed findings of fact and conclusions of law, on Intel's Bench Trial Claims and Defenses[.]"); *VLSI Tech. LLC v. Intel Corp*., No. 6:21-cv-299, Dkt. 596 ("June 4, 2021: i. Intel to file its opening briefing, and proposed findings of facts and conclusions of law, on Intel's Unclean Hands Defense[.]").  By contrast, the post-trial stipulation after the recent trial on common control contained no such provisions.  *See* Dkt. 961.  And for good reason—submitting proposed findings of fact and conclusions of law would be nonsensical where the only factual issue was resolved at the recent jury trial, and would duplicate or improperly expand upon the parties' Rule 50(b) briefing of the legal issues.

If the Court does not strike VLSI's improper filing and the associated citations to that filing in VLSI's Rule 50(b) motion, Intel will be unfairly prejudiced.  VLSI's additional filing essentially asks the Court to nullify Intel's Seventh Amendment right to a jury trial by treating the jury's verdict as advisory.  Moreover, by submitting its additional filing without any proper legal basis, VLSI sought not only to enlarge the record and give itself more pages to make its arguments but also to circumvent the parties' 30-page limit for Rule 50(b) motions with more than 40 truncated "FF" citations that saved space by cross-referencing its improper filing.  *See* Dkt. 965 at 3-4, 8-9, 13-14, 16-27, 29 (VLSI's JMOL citing findings of fact and conclusions of law more than 40 times); Dkt. 967 at 1 (VLSI asserting in its proposed findings of fact and conclusions of law that VLSI's "proposed findings of fact and conclusions of law" were submitted "in support of its Rule 50(b) [m]otion").  Merely allowing Intel to file a response will not cure this prejudice because while

VLSI exceeded its 30-page limit for its Rule 50(b) motion by citing the improper findings of fact and conclusions of law, Intel's response to VLSI's motion will adhere to the agreed-upon 30-page limit.

## III.    CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court strike VLSI's proposed findings of fact and conclusions of law, as well as all citations to the filing included within VLSI's Rule 50(b) motion.  In the alternative, if VLSI's filing is not struck, Intel respectfully requests that the Court consider the attached Response to VLSI's Proposed Findings of Fact and Conclusions of Law.

Dated: July 18, 2025

Mary V. Sooter (*Pro Hac Vice*)
WILMER CUTLER PICKERING
  HALE & DORR LLP
1225 17th Street
Suite 2600
Denver, Colorado 80202
Tel: (720) 274-3135
Email: mindy.sooter@wilmerhale.com

Thomas G. Saunders (*Pro Hac Vice*)
Joshua L. Stern (*Pro Hac Vice*)
Steven J. Horn (*Pro Hac Vice*)
WILMER CUTLER PICKERING
  HALE & DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Email: thomas.saunders@wilmerhale.com
Email: joshua.stern@wilmerhale.com
Email: steven.horn@wilmerhale.com

Respectfully submitted,

/s/ *Joseph J. Mueller*

William F. Lee (*Pro Hac Vice*)
Joseph J. Mueller (*Pro Hac Vice*)
Louis W. Tompros (*Pro Hac Vice*)
Kate Saxton (*Pro Hac Vice*)
WILMER CUTLER PICKERING
  HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: william.lee@wilmerhale.com
Email: joseph.mueller@wilmerhale.com
Email: louis.tompros@wilmerhale.com
Email: kate.saxton@wilmerhale.com

Harry Lee Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Email: gil@gillamsmithlaw.com

*Attorneys for Intel Corporation*

## **CERTIFICATE OF CONFERENCE**

Defendant Intel Corporation's counsel conferred with opposing counsel regarding the foregoing Motion, and understands that Plaintiff is opposed to the Motion.  Accordingly, this Motion and the relief requested herein are opposed.

/s/ *Joseph J. Mueller*

Joseph J. Mueller (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: joseph.mueller@wilmerhale.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel are being served with a copy of the foregoing document via electronic mail on July 18, 2025.

/s/ *Joseph J. Mueller*

Joseph J. Mueller (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: joseph.mueller@wilmerhale.com